RICHARD P. SYBERT (SBN: 080731)
rsybert@grsm.com
HOLLY L.K. HEFFNER (SBN: 245384)
hheffner@grsm.com
YAN REN (SBN: 323200)
yren@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7474
Facsimile: (619) 696-7124

Attorneys for Defendants
DAVID MIKKELSON and BRAD WESTBROOK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive, <br><br> Defendants, <br><br> and <br><br> SNOPES MEDIA GROUP, INC., <br><br> Nominal Defendant. | CASE NO. 3:20-cv-01925-W-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKKELSON AND WESTBROOK MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> (Concurrently filed with Notice of Motion, Request for Judicial Notice) <br><br> Hearing Date: January 25, 2021 [NO ORAL ARGUMENT per Civil Local Rule 7.1(d)(1)] <br><br> District Judge:Thomas J. Whelan Magistrate Judge: Karen S. Crawford <br><br> Complaint filed: September 25, 2020 FAC filed: December 2, 2020 |

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................7

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................8

   A.  State Court Proceeding ........................................................8

   B.  Facts Alleged in the Instant Action.....................................10

III.  THE DERIVATIVE CLAIMS FAIL AS A MATTER OF LAW ...............11

   A.  Richmond's Derivative Claims Are Barred by Res Judicata. ...........11

      1.  The derivative claims/issues were adjudicated in the anti-SLAPP Dismissal. ....................................12

      2.  The anti-SLAPP Dismissal Resulted in a Final Judgment on the Merits ...............................13

      3.  Richmond was a party to the State Court Action and Westbrook was in privity with the parties................14

   B.  Richmond's Derivative Claims Also Fail for Lack of Standing. .......15

      1.  Richmond Fails to Plead Demand Futility. .............15

      2.  Richmond is overtly hostile to SMG – he cannot represent it. ...............................17

   C.  Richmond's Derivative Claims Fail Under 12(b)(6) ........................18

      1.  Richmond fails to plead fraud. ................................19

      2.  Richmond fails to plead negligent misrepresentation .............21

      3.  Richmond fails to plead unjust enrichment............................22

      4.  Richmond fails to plead aiding and abetting fraud..................23

IV.  THE REMAINING DIRECT CLAIM FAILS AS A MATTER OF LAW..24

V.  ALTERNATIVELY, DEFENDANTS REQUEST JURISDICTIONAL DISCOVERY ...............................25

VI.  CONCLUSION ...............................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Partington,*
No. LACV2006793VAPJEMX, 2020 WL 6255382 (C.D. Cal. Oct. 9, 2020) ...13

*Am. Master Lease LLC v. Idanta Partners, Ltd.,*
225 Cal. App. 4th 1451 (Cal. Ct. App. 2015) .....................................................23

*Ashcroft v. Iqbal,*
556 U.S. 662, 681 (2009) ...................................................................................18

*Bader v. Anderson,*
(2009) 179 Cal.App.4th 775 ...............................................................................16

*Bell Atlantic Corp. v. Twombly,*
(2007) 550 US 544 ........................................................................................17, 18

*Biren v. Equality Emerg. Med. Group, Inc.,*
(2002) 102 Cal.App.4th 125 ...............................................................................25

*Boeken v. Philip Morris USA, Inc.,*
(2010) 48 Cal. 4th 788 .......................................................................................11

*Bradshaw v. SLM Corp.,*
652 Fed. Appx. 593 (9th Cir. 2016) ...................................................................23

*Butcher's Union Local No. 498 v. SDC Investment, Inc.,*
788 F.2d 535 (9th Cir. 1986).............................................................................27

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996)...............................................................................18

*Carlin v. DairyAmerica, Inc.,*
978 F. Supp. 2d 1103 (C.D. Cal. Oct. 11, 2013)..........................................21, 22

*Casey v. U.S. Bank Nat'l Ass'n.,*
127 Cal. App. 4th 1138 (Cal. Ct. App. 2005) ....................................................23

*Cohen v. S & S Construction Co.,*
(1983) 151 Cal.App.3d 941................................................................................19

*Collins v. D.R. Horton, Inc.,*
505 F.3d 874 (9th Cir. 2007)..............................................................................13

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925

*Eichman v. Fotomat Corp.*,
(1983) 147 Cal.App.3d 1170.................................................................12

*Finley v. Superior Court*,
(2000) 80 Cal.App.4th 1152 .............................................................25

*Francois & Co., LLC v. Jamon Kirt Nadeau*,
2019 U.S. Dist. LEXIS 42754 (C.D. Cal. Jan. 8, 2019) ......................21

*Going v. Dinwiddie*,
86 Cal. 633, 637 (1890)........................................................................21

*Gramm v. Lincoln*,
257 F.2d 250 (9th Cir. 1958).................................................................11

*Heckman v. Ahmanson*,
(1985) 168 Cal.App.3d 119..............................................................17, 18

*In re Mortgage Fund '08 LLC*,
527 B.R. 351 (N.D. Cal. 2015) ...........................................................23

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001)................................................................26

*Koster v. (American) Lumbermens Mut. Casualty Co.*,
330 U.S. 518 (1947) ............................................................................24

*Lectrodryer v. SeoulBank*,
77 Cal.App.4th 723 (2000).................................................................22

*Lew v. Moss*,
797 F.2d 747 (9th Cir.1986)................................................................26

*Manning v. South Carolina Dep't of Highway & Public Transp.*,
(4th Cir. 1990) 914 F.2d 44..................................................................14

*Marshall v. Webster*,
54 Cal. App. 5th 275 (2020) .................................................................13

*Melbostad v. Fisher*,
165 Cal. App. 4th 987 (2008) ..............................................................14

*Mieuli v. Debartolo*,
2001 U.D. Dist. Lexis 22519 (N.D. Cal. 2001) ............................24, 25

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-4-

*Nelson v. Anderson,*
(1999) 72 Cal.App.4th 111 .................................................................................15

*Oklevueha Native Am. Church of Haw., Inc. v. Holder,*
676 F.3d 829 (9th Cir. 2012)..............................................................................18

*Otworth v. Southern Pac. Transportation Co.,*
166 Cal.App.3d 452 (1985).................................................................................22

*Pareto v. Fdic,*
139 f.3d 696 (9th Cir. 1998) ...............................................................................25

*Parklane Hosiery Co., Inc. v. Shore,*
439 U.S. 322 (1979) ............................................................................................14

*People v. Barragan,*
(2004) 32 Cal.4th 236 .........................................................................................11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines,*
(D.C. Cir. 2008) 534 F.3d 779 ...........................................................................16

*R. Power Biofuels LLC v. Agri Beef Co.,*
No. 1:14-CV-00390-BLW, 2015 WL 128103 (D. Idaho Jan. 8, 2015)..............26

*Rales v. Blasband,*
(Del.1993) 634 A.2d 927 ....................................................................................16

*Reinhard & Kreinberg v. Dow Chem. Co.,*
No. CIV.A. 3003-CC, 2008 WL 868108 (Del. Ch. Mar. 28, 2008) ...................20

*South Tahoe Gas Co. v. Hofmann Land Improvement Co.,*
(1972) 25 Cal.App.3d 750...................................................................................19

*State of Idaho Potato Com'n v. G & T Terminal Packaging, Inc.,*
425 F.3d 708 (9th Cir.2005)................................................................................14

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007)...............................................................................18

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
(1991) 2 Cal.App.4th 153....................................................................................19

*Tosco Corp. v. Communities for a Better Env't,*
236 F.3d 495 (9th Cir. 2001), abrogated by *Hertz Corp. v. Friend,*
559 U.S. 77 (2010) ........................................................................................25, 26

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-5-

*Tripati v. Henman*,
857 F.2d 1366 (9th Cir.1988) ............................................................................... 13

*Vardanyan v. Moroyan*,
2014 U.S. Dist. LEXIS 104236, at *5-6 (N.D. Cal. July 29, 2014) .................... 24

*Weible v. United States*,
244 F.2d 158 (9th Cir.1957) .................................................................................. 26

*Wickersham v. Crittenden*,
(1985) 106 Cal. 329 ................................................................................................ 16

**Statutes**

28 United States Code
Section 1332 ................................................................................................... 25, 26

Code of Civil Procedure
Section 425.16 ............................................................................................................ 9

Corporations Code
Section 309 ............................................................................................................. 25

Corporations Code
Section 709 ............................................................................................................. 20

Corporations Code
Section 800 ............................................................................................................. 15

**Rules**

Federal Rules of Civil Procedure
Rule 12 ............................................................................................................. 11, 18

Federal Rules of Civil Procedure
Rule 23.1 ............................................................................................................... 15

Federal Rules of Civil Procedure
Rule 9 ..................................................................................................... 18, 19, 21

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925

## I.    INTRODUCTION

Plaintiff Christopher Richmond's First Amended Complaint is an improper effort by him and his cohorts to evade an unfavorable, final judgment of the San Diego Superior Court.  The FAC should be dismissed because it is barred under the doctrine of *res judicata* by Richmond's state court case, in which he raised – and lost – identical challenges to Defendant Snopes Media Group, Inc.'s ("SMG") authorization of legal fees advancements, pursuant to the Corporations Code, for its officers and directors, including Defendant David Mikkelson ("Mikkelson").

Richmond's efforts to re-litigate his claims also fail for the independent reason that he lacks standing to bring a derivative lawsuit on SMG's behalf because he is, as the State Court repeatedly found, overtly hostile to SMG and, perhaps as a result, has yet *again* failed to make the requisite pre-litigation demand on SMG before filing suit.

Separately, Richmond's derivative causes of action each fails to state a claim upon which relief can be granted under Rule 12(b)(6).  His fraud and negligent misrepresentation causes of action fail to allege a concealment or misrepresentation of material facts, knowledge of falsity when made, intent to defraud, causation *and* damages, i.e. <u>none</u> of the elements are met, much less plead with the particularity required under Rule 9(b).  Richmond's aiding and abetting fraud cause of action fails for the same reasons *and* for the lack of facts supporting an inference that Defendants knew and provided substantial assistance in bringing about an injury *that has not occurred*, as alleged and in fact.  Lastly, Richmond's unjust enrichment claim fails to articulate a benefit incurred at SMG's expense, improperly relying instead on conjectured facts that, again, are not alleged.

Finally, as for Richmond's direct (non-derivative) cause of action, it too fails because the alleged harm (the alleged filing of incorrect tax returns), is equally applicable to all shareholders and, thus, cannot be brought as a direct

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-7-

1   claim; and it is barred by the business judgment rule.

2       Alternatively, if the Court is not inclined to grant dismissal, Defendants

3   request leave to conduct jurisdictional discovery relative to Richmond's

4   unsupported allegation (and attempt to manufacture federal jurisdiction) that he is

5   a citizen of Puerto Rico, as public records suggest instead that Richmond is and

6   has been domiciled in San Diego, such that complete diversity is lacking and the

7   case is properly dismissed on jurisdictional grounds.

8   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

9       **A. <u>State Court Proceeding</u>**

10      As Richmond admits in the FAC, he and his associates filed a lawsuit in the

11  San Diego Superior Court challenging SMG's legal fees advancements to its

12  directors and officers that is currently pending.  (FAC ¶ 29).  In the state court

13  proceeding *Proper Media LLC et al v. Bardav Inc et al* (Case No. 37-2017-

14  00016311) (the "State Court Action"), Proper Media LLC ("Proper Media"),

15  Richmond, and Drew Schoentrup ("Schoentrup") (the "State Court Plaintiffs")

16  have litigated extensively against Defendants SMG[1] and Mikkelson, together with

17  the other State Court Defendants Vincent Green ("Green"), Ryan Milller

18  ("Miller") and Tyler Dunn ("Dunn").  And we mean *extensively*: The State Court

19  Action has created 1,390 ROA entries with the San Diego Superior Court.  (RFJN,

20  Ex. 1 (ROA).)

21      By way of background, on May 4, 2017, the State Court Plaintiffs filed the

22  original complaint in the State Court Action. (RFJN, Ex. 1, ROA.)  After the San

23  Diego Superior Court streamlined State Court Plaintiffs' overreaching complaint

24  via demurrers filed on behalf of SMG and Mikkelson (RFJN, Ex. 1, ROA 101,

25  250, 264) – and even entered Judgment against Proper Media's entire complaint

26  as against Mikkelson (*id.* ROA 264, 265) – the State Court Plaintiffs filed a fourth

27  version of their complaint (the Third Amended Complaint "TAC").

28

Gordon Rees Scully Mansukhani, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101

---

[1] Formerly known and having appeared as Bardav Inc. in the State Court Action.

MEMORANDUM OF POINTS AND AUTHORITIES         Case No.3:20-cv-01925

1   As the TAC in the State Court Action indicates, Richmond, Schoentrup,

2   Green, Miller, and Dunn were members of Proper Media.  (RFJN, Ex. 2 (TAC, ¶

3   5).)  Proper Media is a California internet media company that provided

4   management services to SMG under a General Services Agreement.  (*Id.* at ¶ 7.)

5   In 2016, Proper Media acquired 50% of SMG shares (the "Shares"). (*Id.* at ¶ 6.)

6   In the TAC, the State Court Plaintiffs allege that Mikkelson conspired with

7   Green and Miller to take control of SMG.  (RFJN, Ex. 2 (TAC, ¶¶ 70-93).)

8   Plaintiffs allege that Mikkelson improperly directed SMG to advance legal fees in

9   connection with the State Court Action to SMG's own officers and directors

10  whom Plaintiffs are suing, including Defendant Mikkelson in the present

11  proceeding.  (*Id.* at ¶¶ 119-134.)  Based on these allegations, the TAC asserted

12  various claims including the derivative claims of breach of fiduciary duty.

13  In response, SMG and Mikkelson each filed a Special Motion to Strike the

14  TAC under the California's anti-Strategic Lawsuit Against Public Participation

15  statute and other grounds (the "anti-SLAPP motion") and Demurrers to the TAC.

16  (RFJN, Ex. 4-10.)  The State Court granted both SMG's and Mikkelson's anti-

17  SLAPP motions in their entirety and struck all allegations as to litigation funding

18  and the claims based thereon.  (RFJN, Ex. 11-12.)  The State Court found that the

19  board's authorization of the legal fees to Mikkelson and other SMG officers was

20  conduct "in furtherance of the exercise of the constitutional right of petition or the

21  constitutional right of free speech in connection with a public issue or an issue of

22  public interest" under Code Civ. Proc., §425.16(e).  (*Id.*)  The State Court also

23  sustained both SMG's and Mikkelson's Demurrers and dismissed several claims

24  including the breach of fiduciary duty brought derivatively by Richmond on the

25  ground that Richmond is not qualified to represent SMG. (RFJN, Ex. 13-20.)

26  The State Court Plaintiffs appealed the granting of Mikkelson's anti-SLAPP

27  Motion.  (RFJN, Ex. 21-23.)  On December 2, 2019, the parties stipulated that

28  matters affected by the anti-SLAPP rulings are automatically stayed by the appeal,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-9-

1    except a demurrer filed by Dunn.  (RFJN, Ex. 27.)

2         **B. <u>Facts Alleged in the Instant Action</u>**

3         With the State Court Action pending (and stayed), Richmond filed the

4    instant action on September 25, 2020.  As with the State Court Action, Richmond

5    again pleads the same facts:  Richmond is a board member and shareholder of

6    SMG.  (FAC ¶ 9.)  Before Richmond became a shareholder of SMG, he was a

7    member of Proper Media together with four other members, Schoentrup, Dunn,

8    Green, and Miller. (*Id.* ¶ 19.)  In July, 2016, Proper Media purchased 50% Shares

9    of SMG, a California corporation to whom Proper Media provided digital

10   advertising and website hosting services under a General Service Agreement.

11   (FAC ¶¶ 1, 14, 20.)  Defendant Mikkelson is SMG's Founder, President, Chief

12   Executive Officer, Chair of the Board, and largest shareholder.  (*Id.* ¶ 10.)

13   Defendant Brad Westbook ("Westbook") is SMG's Chief Financial Officer,

14   corporate Secretary, and a director on SMG's Board.  (*Id.* ¶ 11.)

15        Similar to the State Court Action, the instant action alleges that Defendant

16   Mikkelson conspired with Green and Miller to obtain control over SMG.  (FAC ¶¶

17   21, 22.)  The alleged purpose of the alleged conspiracy was to push out Richmond

18   and two other Proper Media members, Schoentrup and Dunn, and marginalize

19   their influence over SMG.  (*Id.* ¶ 24.)

20        As in the State Court Action, the FAC alleges that Defendants utilized their

21   control over SMG and improperly directed SMG to advance legal fees in

22   connection with the State Court Action to its own employees sued in the State

23   Court Action.  Specifically, the FAC alleges that Mikkelson, Green, and Miller

24   made false and misleading statements to SMG's board of directors to request legal

25   fee advances for the State Court Action, and that Mikkelson and Westbrook

26   improperly approved the legal fee advances.  (FAC ¶¶ 30-41.)  Richmond further

27   alleges that Mikkelson and Westbrook improperly took tax deduction for this legal

28   fee advances. (*Id.* ¶¶ 42-49.)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-10-

1    Based on these factual allegations about legal fee advancement, Richmond

2  brings derivate claims against Defendant Mikkelson for fraud, negligent

3  misrepresentation, unjust enrichment, and against Mikkelson and Westbrook for

4  aiding and abetting fraud; and a direct claim against both Defendants for breach of

5  fiduciaries duty.

## III.    THE DERIVATIVE CLAIMS FAIL AS A MATTER OF LAW

7    Richmond's First through Fourth Causes of Action, asserted derivatively on

8  behalf of SMG, each fails for three <u>independent</u> reasons: (1) claim and/or issue

9  preclusion; (2) lack of standing; and, (3) failure to state a claim under 12(b)(6).

### A.  **Richmond's Derivative Claims Are Barred by Res Judicata.**

11    Federal courts apply the *res judicata* law of the state in which they sit.  *See*

12  *Gramm v. Lincoln*, 257 F.2d 250, 255 n.6 (9th Cir. 1958).  Under California law:

> '[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy.' The doctrine 'has a double aspect.' 'In its primary aspect,' commonly known as claim preclusion, it 'operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. 'In its secondary aspect,' commonly known as collateral estoppel, '[t]he prior judgment … "operates" ' in 'a second suit … based on a different cause of action … "as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'

18  *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal. 4th 788, 797 (citations omitted).

19    Whether the defense is asserted as claim preclusion or collateral estoppel,

20  "'[t]he prerequisite elements [] are the same: (1) a claim or issue raised in the

21  present action is identical to a claim or issue litigated in a prior proceeding; (2) the

22  prior proceeding resulted in a final judgment on the merits; and (3) the party

23  against whom the doctrine is being asserted was a party or in privity with a party

24  to the prior proceeding. [Citations.]'"  *Id.* at 797, citing *People v. Barragan* (2004)

25  32 Cal.4th 236, 252-253.

26    Each element is met here, because each derivative cause of action or issue

27  set forth in the FAC was raised and adjudicated in the State Court Action, to

28  which Richmond was both a party and in privity with the parties, resulting in the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-11-

State Court's August 2019 Dismissal.

> ### 1. *The derivative claims/issues were adjudicated in the anti-SLAPP Dismissal.*

When analyzing claim preclusion, California law focuses on the "primary right" at stake: "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174. Here, Richmond's derivative causes of action allege that Mikkelson and/or Westbrook wrongly caused SMG to advance Mikkelson's, Green's, and Miller's legal expenses via false or misleading statements resulting in less funds available to SMG. (FAC ¶¶ 59-86.) This is *precisely* the issue the State Court addressed on Mikkelson's and SMG's Anti-SLAPP motions.

In his State Court TAC, Richmond alleged that Mikkelson knowingly caused SMG to improperly advance attorneys' fees for himself (Mikkelson), Green, and Miller, to which they were not entitled because, Richmond wrongly claims, each was sued in his individual capacity, and not as an agent of SMG, resulting in ""siphoning away [SMG's] already dwindling profits, placing it in imminent danger of insolvency." (RFJN, Ex. 2 (TAC ¶¶ 316-319; 322, 340-349).) Richmond then moved for a preliminary injunction to enjoin SMG from advancing further legal fees to Mikkelson, Green, and Miller, and requiring them to disgorge fees already advanced, which the State Court <u>denied</u>. (RFJN, Ex. 31.)

Mikkelson and, separately, SMG, then moved for an order dismissing *inter alia* the fee advancement causes of action and striking all related allegations from the TAC. (RFJN, Ex. 4-10.) These motions and the matter it addressed, identical to that here, were comprehensively and fully briefed. (*Id.*) The response to Mikkelson's motion included a Memorandum in Opposition by Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925

Richmond and Schoentrup, Richmond's 127-page declaration (inclusive of exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts.  (*Id.*)  The response to SMG's motion included Proper Media's Memorandum in Opposition, Richmond's and Schoentrup's separate Memoranda in Opposition, and multiple declarations.  (*Id.*)  Mikkelson and SMG then filed reply briefs, and the Court heard oral argument.  (*Id..*)

On August 28, 2019 and August 22, 2019, respectively, the State Court entered orders granting Mikkelson and SMG's anti-SLAPP motions thereby dismissing the advancement causes of action and striking all related causes of allegations.  (RFJN, Ex. 11-12.).

### 2.    *The anti-SLAPP Dismissal Resulted in a Final Judgment on the Merits*

The State Court anti-SLAPP Dismissal Orders are final and on the merits, notwithstanding the subsequent appeal which is pending. *See Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 193 (2005) ("granting a motion to strike under section 425.16 [the anti-SLAPP statute] results in the dismissal of a cause of action on the merits"); *Allen v. Partington*, No. LACV2006793VAPJEMX, 2020 WL 6255382, at *4–5 (C.D.Cal. Oct. 9, 2020) (order on the anti-SLAPP motion "was a final decision on the merits despite Plaintiff's appeal of that order remaining pending before the California Court of Appeals."); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("We have held that a final judgment retains its collateral estoppel effect, if any, while pending appeal"); *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir.1988) (a pending appeal does not affect a judgment's finality for preclusion purposes).  And the State Court's Orders provided factual and legal basis with detailed reasoning, further indicating they are final decisions on the merits.  (RFJN, Ex. 11-12); *see Marshall v. Webster,* 54 Cal. App. 5th 275, 280 (2020) (finding the ruling "clearly constituted the trial court's final decision on the merits of defendant[ ]s['] motion" when the

-13-

1   order set "forth in detail the factual and legal basis for the court's decision to grant
2   the anti-SLAPP motion and invited a motion for attorney fees"); *Melbostad v.*
3   *Fisher*, 165 Cal. App. 4th 987, 994 (2008).

   *3.  Richmond was a party to the State Court Action and
      Westbrook was in privity with the parties.*

6    The party against whom preclusion is sought, Richmond, is the same as the
7   party to the State Court Action.  That is, Richmond is also a plaintiff in the State
8   Court Action, who now asserts allegations and claims, including derivative
9   claims, regarding SMG's authorization of legal fee advancement to Mikkelson,
10  Green, and Miller, *for a second time*.

11    Moreover, defendant Westbrook was in privity with the parties to the State
12  Court Action and specifically the anti-SLAPP Dismissal.  The concept of privity,
13  as used in the context of *res judicata* or *collateral estoppel*, does not embrace
14  relationships between persons or entities, but rather it deals with a person's
15  relationship to the subject matter of the litigation. [Citation.]"  *Manning v. South*
16  *Carolina Dep't of Highway & Public Transp.* (4th Cir. 1990) 914 F.2d 44, 48.
17  The subject matter of the litigation here is the same as that at the center of the
18  State Court Action regarding the propriety of fee advancements.  As to this issue,
19  Mikkelson and Westbrook had the same interest as Board Members and
20  executives of SMG who approved the advancements.

21    Additionally, Westbrook may preclude Richmond from relitigating the
22  advancement issue under the doctrine of defensive nonmutual collateral
23  estoppel.  *State of Idaho Potato Com'n v. G & T Terminal Packaging, Inc.*, 425
24  F.3d 708, 713 n.3 (9th Cir.2005).  "Defensive use of collateral estoppel precludes
25  a plaintiff from relitigating identical issues by merely 'switching adversaries.'
26  Thus, defensive collateral estoppel gives a plaintiff a strong incentive to join all
27  potential defendants in the first action if possible."  *Parklane Hosiery Co., Inc. v.*
28  *Shore,* 439 U.S. 322, 329 (1979) (citation omitted).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-14-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

For these reasons, Richmond's derivative claims (the First through Fourth Causes of Action) must be dismissed under the doctrine of *res judicata*.

## B. Richmond's Derivative Claims Also Fail for Lack of Standing.

Richmond is not a proper derivative plaintiff for at least two reasons: (1) he admittedly did make demand on the SMG board and fails to plead demand futility; and, (2) he is not a "fair and adequate" representative of SMG.

### 1. Richmond Fails to Plead Demand Futility.

To establish standing, Richmond must comply with Cal. Corp. Code § 800(b) requiring that he <u>both</u>, 1) make a pre-litigation demand on the corporation prior to initiating the lawsuit, and 2) "allege[] in the complaint <u>with particularity</u>[2] [his] efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort, *and* allege[] further that plaintiff has either <u>informed the corporation or the board in writing of the ultimate facts of each cause of action against each defendant</u> or <u>delivered to the corporation or the board a true copy of the complaint</u> which plaintiff proposes to file."  Corp. Code § 800(b)(2) (emphasis added).  "'No action may be instituted or maintained' unless there has been compliance with the statute." *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 127.  "Failure to comply… deprives a litigant of standing." *Id*.  Richmond admits he did not make demand (FAC ¶ 57); and he fails to establish, much less with particularity, demand futility.

Richmond alleges, in a weak effort to plead futility: "[O]ne [] Director is bringing claims of fraud and breach of fiduciary duty against the other two [] Directors of [SMG such that] no Director could be expected to make an unbiased

---

[2] Fed. R. Civ. P. 23.1 imposes a strict requirement on derivative actions: The complaint must "state with particularity any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members and the reasons for not obtaining the action or not making the effort." The law is clear that if the derivative plaintiff is seeking to rely on futility in the absence of a board demand, <u>he must plead facts supporting futility with specificity</u>. Richmond's skeletal allegations do not meet this standard, nor do they even meet the notice pleading standard.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925

assessment of the claims alleged….” (FAC ¶ 57.)  But that is not enough under the law.

For a plaintiff alleging demand futility, “the bar is high, the standards are stringent, and the situations where demand will be excused are <u>rare</u>.” *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines* (D.C. Cir. 2008) 534 F.3d 779, 782-83 (emphasis added).  A demand on the board is excused as futile <u>only</u> if a majority of the directors are either interested or not independent (i.e., under the alleged wrongdoer’s control). *Wickersham v. Crittenden* (1985) 106 Cal. 329, 331.  “A director is considered interested where he or she will receive a personal financial benefit from a transaction that is not equally shared by the stockholders” or “where a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders.” *Rales v. Blasband* (Del.1993) 634 A.2d 927, 936; *see also Bader v. Anderson* (2009) 179 Cal.App.4th 775, 792.  A “lack of independence” is “demonstrated by specific facts ‘showing that the director is ‘beholden’ to an interested director or officer, ‘or so under their influence that their discretion would be sterilized.’[.]’” *Bader*, 179 Cal.App.4th at 792.

The SMG Board has three members: Richmond, Westbrook, and Mikkelson.  Thus, to establish futility, Richmond must allege with particularity that demand upon himself and/or Westbrook would be futile.  As the plaintiff in this action, Richmond’s demand upon himself obviously would not be futile; and the FAC alleges no *facts* suggesting Westbrook received a personal financial benefit from the conduct forming the basis of the derivative claims, or that he is in any way beholden to Mikkelson, Green, or Miller.  General allegations that a director was involved in, or approved of the alleged wrongdoing, or would face threat of personal liability for approving the transaction, are insufficient but, at most, that is all the FAC offers.  *Bader,* 179 Cal.App.4th at 790.

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-16-

The derivative causes of action allege that Westbrook did no more than review and approve the legal fee invoices submitted to him as CFO *after* the fee advancements were approved by the Board. (FAC ¶¶ 83-85.) From that review, Richmond concludes – on information and belief – that "Westbrook knew or was reckless in not knowing that the Advances exceeded the scope of the Undertakings" because – on information and belief – the invoices "clearly indicate that the Advances paid … were personal in nature and provided no meaningful benefit to [SMG]." (*Id*.) However, this "information and belief" allegation is properly disregarded, because it is not substantiated with *facts*. *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 557).

Because Richmond and Westbrook constitute a majority of disinterested directors, Richmond cannot plead futility as a matter of law and his derivative claims must be dismissed for this independent reason.

### 2. *Richmond is overtly hostile to SMG – he cannot represent it.*

A derivative plaintiff assumes a fiduciary duty to the other shareholders, and must serve their interests. *See Heckman v. Ahmanson* (1985) 168 Cal.App.3d 119, 128-29. Richmond, however, is not qualified to act as a fiduciary for SMG's shareholders. He has engaged in unlawful actions designed to inflict financial harm on SMG, as recognized by the State Court multiple times. For example, in ruling on SMG's demurrer to Richmond's derivative claims, the State Court held: "[T]he Court finds that Schoentrup and Richmond have hostile interests that disqualify them as adequate representatives of [SMG]… judicially noticeable information before the Court demonstrates that Schoentrup and Richmond have conflicting interests with [SMG]… Schoentrup and Richmond are not qualified to represent [SMG]." (RFJN, Ex. 16 (August 2019 Order, p. 2).)

More specifically, the State Court repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on SMG though the Court's issuance of a Preliminary Injunction, which enjoined Proper Media and its

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   agents, including Richmond, from further withholding SMG's own revenues and

2   SMG's own property, among other things.  (*See* RFJN, Ex. 30 (7/12/17

3   TRO/OSC)); *see also*, Ex. 31 (8/22/17 Order granting SMG's PI motion (and

4   denying Plaintiffs' PI motion)); Ex. 32 (9/7/17 Order granting SMG's PI motion);

5   Ex. 33 (6/5/18 Order Granting SMG's OSC re Contempt).)

6       Moreover, Richmond maintains claims in the State Court Action against

7   Mikkelson, which are stayed pending appeal of the anti-SLAPP orders.  (RFJN,

8   Ex. 27 (Stay Order).)  He cannot simultaneously act as Mikkelson's fiduciary.

9   *Heckman*, 168 Cal.App.3d at 128-29.

10      **C. <u>Richmond's Derivative Claims Fail Under Fed. R. Civ. Proc. 12(b)(6)</u>**

11      A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail

12  to state a claim upon which relief can be granted.  A court must accept all factual

13  allegations pleaded in the complaint as true, *Cahill v. Liberty Mut. Ins. Co.*, 80

14  F.3d 336, 337-38 (9th Cir. 1996), but it need not accept unreasonable inferences

15  or legal conclusions cast in the form of factual allegations.  *See Ashcroft v. Iqbal*,

16  556 U.S. 662, 681 (2009) ("bare assertions . . . amount[ing] to nothing more than

17  a 'formulaic recitation of the elements'" are not entitled to an assumption of truth)

18  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).

19  "[C]onclusory allegations and unwarranted inferences are insufficient to defeat a

20  motion to dismiss."  *Oklevueha Native Am. Church of Haw., Inc. v. Holder,* 676

21  F.3d 829, 834 (9th Cir. 2012).

22      Additionally, fraud-based claims are subject to a higher standard and must

23  be pleaded with particularity.  Fed. R. Civ. P. 9(b).  Such claims "must be specific

24  enough to give defendants notice of the particular misconduct which is alleged to

25  constitute the fraud charged so that they can defend against the charge and not just

26  deny that they have done anything wrong."  *Swartz v. KPMG LLP,* 476 F.3d 756,

27  764 (9th Cir. 2007) (citation omitted).

28  *///*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    Applying these standards to the FAC, Richmond's allegations are
2    insufficient.

3         *1.    Richmond fails to plead fraud.*
4    A fraud claim requires the pleading of:  1) a concealment or
5    misrepresentation of material fact; 2) knowledge of falsity when made; 3) intent to
6    defraud the plaintiff; 4) the plaintiff's justifiable reliance; and 5) resultant damage.
7    *South Tahoe Gas Co. v. Hofmann Land Improvement Co.* (1972) 25 Cal.App.3d
8    750, 765.  A party must state with particularity the circumstances constituting the
9    fraud or mistake.  Fed. R. Civ. Proc. 9(b).  The FAC does not meet these
10   requirements.

11        First, Richmond does not identify a specific representation of *fact* made by
12   Mikkelson that is legally actionable.  To be actionable, a misrepresentation must
13   be as to past or existing facts, not opinions or predictions of future events.  *See*
14   *e.g.*, *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 158;
15   *Cohen v. S & S Construction Co.* (1983) 151 Cal.App.3d 941, 946.  Richmond
16   alleges that "Mikkelson's statement in the Undertakings that the Advances would
17   be used for legal fees relating to claims as an 'agent' of [SMG] was materially
18   false and misleading, because the claims brought against him were filed solely in
19   his capacity as an individual and not as an employee, officer, and/or agent of
20   [SMG]."  (FAC ¶ 65.)

21        Whether Mikkelson was sued in the State Court Action as an "agent" of
22   SMG is a *legal* question and Mikkelson is not a lawyer nor a legal expert.  It is
23   one thing to be wrong on the law (on advice of counsel, no less), as Richmond
24   *incorrectly* alleges here, and quite another to intentionally mislead, which is not
25   factually alleged with the requisite particularity.  And, to-date, the State Court has
26   considered the advancement issue at least *twice* and sided with Mikkelson <u>both</u>
27   times.  (RFJN, Ex. 12.)  There is no reason, alleged or in fact, for Mikkelson or
28   this Court to infer Mikkelson was not sued as an agent of SMG, such that

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-19-

Richmond fails to allege 1) a concealment or misrepresentation of material fact; 2) knowledge of falsity when made; and 3) intent to defraud the plaintiff.

Similarly, Richmond alleges that Mikkelson's statement in the Undertakings limiting the scope of the advances to "fees and costs incurred in *defending* against" claims was false and misleading because it did not disclose that he intended to use the Advances to prosecute affirmative cross-claims in his individual capacity.  (FAC ¶ 66 (emphasis in original).)  Again, there are no *facts* from which it could be reasonably inferred that (i) Mikkelson intended to bring affirmative cross-claims at the time he executed the Undertaking; (ii) did in fact prosecute affirmative cross-claims in his individual capacity; or that (iii) "defending against" excludes the assertion of compulsory cross-claims.[3]  To the contrary, the record shows that Mikkelson asserted a cross-complaint in his capacity as a <u>shareholder</u> for relief under Corporations Code § 709 to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued, false assertion (against overwhelming contradictory evidence) that Proper Media was an SMG shareholder.  (RFJN, Ex. 2, 34-36.)  Even more, the Court entered <u>judgment</u> in Mikkelson's favor on his § 709 action for which he is unquestionably entitled to indemnity from SMG under the Corporations Code.[4]  (RFJN, Ex. 36.)

Moreover, in the interpleader component of State Court Action, Mikkelson claimed no personal interest in the shares at issue, but instead, sought only to

---

[3] Indeed, courts broadly interpret the meaning of "defense" in the context of advancements to include affirmative defenses and counterclaims. *See e.g.*, *Reinhard & Kreinberg v. Dow Chem. Co*., No. CIV.A. 3003-CC, 2008 WL 868108, at *3 (Del. Ch. Mar. 28, 2008).  But even if this Court were to determine that Mikkelson's cross-claims were not compulsory (they were), Richmond's fraud claim still fails because he has not alleged, factually or otherwise, that Mikkelson knew his claims to be permissive (they were not).

[4] Mikkelson also won judgment on each and all of Proper Media's causes of action against him, including abuse of control, corporate waste, breach of fiduciary duty, and removal of director.  (RFJN, Ex. 3).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   enforce the judgment of the Los Angeles Superior Court – something that is

2   within the *public* interest of upholding legal policy and enforcing judgments – and

3   at the same time sought to assist SMG in settling the ownership of its

4   shares.  (RFJN, Ex. 34-36.)  And here again, Mikkelson won <u>judgment</u>.  (*Id.*)

5   Richmond's allegations of reasonable reliance are also vague, at best, with

6   no factual specificity.  (FAC ¶¶ 61-63.)  And Richmond fails to allege facts to

7   support the critical elements of causation and damages.  As the State Court

8   correctly held in granting Mikkelson's anti-SLAPP Motion, because Mikkelson,

9   Green, and Miller each executed an Undertaking, consistent with Corporations

10  Code, Richmond fails to allege damages.  (RFJN, Ex. 12 (Order p. 3-4).)

11  Richmond's factually devoid and vague conclusions that Mikkelson, Green, and

12  Miller are unable to repay Undertakings and that the Advancements made

13  "unavailable funds that would have otherwise been available for operational

14  purposes," et cetera, do not suffice.  "[A] 'complaint, to be sufficient, must

15  contain a statement of facts which, <u>without</u> the aid of other <u>conjectured facts not

16  stated</u> shows a complete cause of action'."  *Id.* at 122 (emphasis added), citing

17  *Going v. Dinwiddie*, 86 Cal. 633, 637 (1890).

18  Based on any one of these several pleading defects, Richmond's First Cause

19  of Action is properly dismissed.

20              2.    *Richmond fails to plead negligent misrepresentation*

21  A claim for negligent misrepresentation is a fraud-based theory to which

22  Rule 9(b) also applies.  *Francois & Co., LLC v. Jamon Kirt Nadeau*, 2019 U.S.

23  Dist. LEXIS 42754, *13 (C.D. Cal. Jan. 8, 2019).  A fraud claim requires the

24  pleading of:  1) a false representation as to a past or existing material fact; (2)

25  made without reasonable ground for believing it to be true; (3) and intent to

26  deceive; (4) justifiably reliance; and (5) resulting damages. *Carlin v.

27  DairyAmerica, Inc.*, 978 F. Supp. 2d 1103, 1111 (C.D. Cal. Oct. 11, 2013).  This

28  cause of action likewise fails to meet this heightened pleading standard, or even

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-21-

basic pleading standards.

Richmond offers no viable factual allegations to show that Mikkelson made a representation "without reasonable ground for believing it to be true" or with "inten[t] to deceive" (*Carlin*, 978 F. Supp. 2d at 1111).  As discussed in the preceding section, whether Mikkelson was sued as an agent of SMG is a legal question; the FAC contains no facts suggesting Mikkelson prosecuted cross-claims in his individual capacity; and the FAC makes clear that SMG suffered no resulting damages from Advancements, as required to survive this motion.

For all or any of these reasons, Richmond's Second Cause of Action is properly dismissed.

### 3.     Richmond fails to plead unjust enrichment.

To state a claim for unjust enrichment, Richmond must plead the "receipt of a benefit and unjust retention of the benefit <u>at the expense of another</u>." *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000) (emphasis added).  "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing <u>or its equivalent</u> to the aggrieved party so as not to be unjustly enriched."  *Otworth v. Southern Pac. Transportation Co*., 166 Cal.App.3d 452, 460 (1985) (emphasis added).

Richmond does not articulate a benefit that SMG provided to Mikkelson <u>at SMG's expense</u>; rather, Richmond alleges that, in exchange for the advancements, Mikkelson (and Green and Miller each) executed an undertaking as security "should it ultimately be determined that Mikkelson, Green, and Miller are not entitled to indemnification."  (FAC ¶¶ 34, 36.)  Again, Richmond's conclusion that Mikkelson, Green, and Miller "are without sufficient assets available and had no reasonable expectation of obtaining such assets to repay the aggregate amount of the attorneys' fees and costs incurred" (FAC ¶ 36) is without factual support and is properly disregarded on this motion.  Due to this fact-devoid pleading, Richmond's Third Cause of Action is properly dismissed.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

#### 4.    *Richmond fails to plead aiding and abetting fraud*

By this claim, Richmond seeks to hold Mikkelson and Westbrook liable for Green and Miller's fee advancements based on the same flawed, conclusory allegations that the Undertakings wrongly described Green and Miller as sued as "agents" of SMG and that the fees would be used in defense of those claims; and that neither Green nor Miller can repay the Undertaking.  (FAC ¶¶ 76-77.)  This claim fails for the same reason Richmond cannot state a claim for fraud and negligent misrepresentation, discussed *supra*: Richmond fails to allege an actionable statement or omission, intent, causation and damages.

Even more, to state a claim for aiding and abetting, Richmond must allege facts "that make it plausible that defendants either '(a) [knew] the other's conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to the other to so act or (b) [gave] substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitute[d] a breach of duty to the third person.'"  *Bradshaw v. SLM Corp.*, 652 Fed. Appx. 593, 594 (9th Cir. 2016) (quoting *Casey v. U.S. Bank Nat'l Ass'n.*, 127 Cal. App. 4th 1138, 1144 (Cal. Ct. App. 2005)).  "General allegations that [a defendant] knew that [another defendant] engaged 'in a criminal and wrongful enterprise' are 'too generic to satisfy the requirements of actual knowledge of a specific primary violation' under California law, nor do conclusory allegations of 'actual knowledge' suffice."  *Bradshaw*, 652 Fed. Appx. at 594 (quoting *Casey*, 26 Cal. Rptr. 3d at 412).  "Substantial assistance requires a significant and active, as well as a knowing participation in the wrong" and "a plaintiff must [also] allege that the defendant's conduct was a substantial factor in bringing about the injury allegedly suffered by the plaintiff."  *In re Mortgage Fund '08 LLC*, 527 B.R. 351, 365 (N.D. Cal. 2015); *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1476 (Cal. Ct. App. 2015).

///

Here, Richmond's allegations are conclusory and merely restate the elements on information and belief:  "On information and belief… the legal fee invoices submitted… clearly indicate that the Advances paid pursuant to the Undertakings were personal in nature and provided no meaningful benefit to [SMG]" (FAC ¶ 83); "Westbrook knew or was reckless in not knowing that the Advances exceeded the scope of the Undertakings… [b]y approving of payment… Westbrook provided substantial assistance and/or encouragement to Green, Miller, and Mikkelson in defrauding [SMG]."  The forgoing allegations are completely devoid of factual support sufficient to state a claim.  Richmond's Fourth Cause of Action is properly dismissed.

## IV.   THE REMAINING DIRECT CLAIM FAILS AS A MATTER OF LAW

Richmond cannot bring suit against Mikkelson and Westbrook on an individual basis because his alleged claim rests solely on his status as a shareholder who is similarly situated to all shareholders, including Mikkelson, Green, and Miller.  This is his fatal to his Fifth Cause of Action.

An individual, i.e. non-derivative, action by a shareholder can only be maintained if it is for an injury <u>directly</u> to the shareholder.  *Vardanyan v. Moroyan*, 2014 U.S. Dist. LEXIS 104236, at *5-6 (N.D. Cal. July 29, 2014).  In contrast, when a shareholder brings a claim on behalf of a corporation, it is for injuries to the corporation and the claim belongs to the corporation, not the shareholder.  *Id.*; *see also Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 522-23 (1947).

In *Mieuli v. Debartolo*, 2001 U.D. Dist. Lexis 22519 (N.D. Cal. 2001), the court analyzed the distinction between derivative claims and direct, individual claims for breach of fiduciary duty and held that shareholder claims must be brought derivatively and not individually <u>unless there is a separate and distinct injury that is unique to an individual plaintiff</u>.  *Id.*, at *14-15 (citing *Pareto v. Fdic*, 139 f.3d 696,

699 (9th Cir. 1998)).  "[T]he pivotal question is whether the injury is incidental to or an indirect result of a direct injury to the corporation or to the whole body of its stock or property."  *Id.* At 14 (quoting *Pareto*, 139 F.3d at 699).

Here, Richmond does not allege a separate and distinct injury that he has suffered apart from any other shareholder.  The alleged harm, incorrect corporate tax returns, would injure (if the allegations are true, and they are not), all shareholders equally, including Mikkelson, Green, and Miller.  (*See* FAC ¶¶ 89, 90 ("making such false statements to government regulators subjected Richmond to potential criminal, regulatory, and/or civil liability, among other damages").)

Lastly, Plaintiff's claim ignores the business judgment rule, which establishes a presumption in favor of the propriety of Mikkelson and Westbrook's corporate decisions.  Corp. Code § 309.  Under the business judgment rule, a director is <u>not liable</u> for a purported error in business judgment that is made in good faith and in what the director believes is in the best interests of the corporation, where no conflict of interest exists.  *Finley v. Superior Court* (2000) 80 Cal.App.4th 1152, 1157; *Biren v. Equality Emerg. Med. Group, Inc.* (2002) 102 Cal.App.4th 125, 136-138.  Richmond's self-interested, vague, and conclusory allegations do not overcome this presumption.

## V.   ALTERNATIVELY, DEFENDANTS REQUEST JURISDICTIONAL DISCOVERY

Richmond alleges diversity jurisdiction claiming he is a resident of Puerto Rico, whereas Defendant Mikkelson is a Washington citizen, Westbrook is a Connecticut citizen, and SMG is a California corporation.  (FAC, ¶¶ 9,10,11,14)

28 U.S.C. section 1332 requires complete diversity for a finding of subject matter jurisdiction based on diversity: no defendant can have the same citizenship as any plaintiff.  *Tosco Corp.*, 236 F.3d at 499, *see also* 28 U.S.C. § 1332(a).  "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

U.S.C. § 1332(c). "Thus, corporations are citizens of both the state where they are incorporated and the state where they have their principal place of business." *Tosco*, 236 F.3d at 499. Additionally, "a corporation is considered an indispensable party in a derivative action, and its citizenship does matter for diversity purposes." *R. Power Biofuels LLC v. Agri Beef Co.*, No. 1:14-CV-00390-BLW, 2015 WL 128103, at *3 (D. Idaho Jan. 8, 2015).

Richmond pleads he is a Puerto Rico resident and then summarily concludes he is a Puerto Rico citizen. (ECF No. 1, ¶¶ 9, 17.) However, the "diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency," and residence alone is insufficient to establish a party's citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir.1957)). "The natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986)).

Based on information and belief, Richmond established his company Proper Media in San Diego. At the time Richmond and Proper Media purchased SMG Shares in 2016, Richmond lived and owned real properties in San Diego. In the past few years, Richmond, together with Schoentrup, created a company in San Juan, PubLife, LLC ("PubLife"). Based on publicly available information discovered to-date, Richmond does not own properties in Puerto Rico and has no registered vehicle in Puerto Rico.

For these reasons, Defendants request leave to conduct jurisdictional discovery to determine whether Richmond resides in Puerto Rico with the intention to remain. Based on information and belief, the jurisdictional discovery will likely reveal that PubLife does not have any real business; rather, it is a mere

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-26-

conduit for funneling the proceeds of Proper Media's California-based business to Puerto Rico – in the format of "consulting fees" – so that Schoentrup and Richmond can avoid paying most state and federal taxes on those proceeds. Discovery may also reveal that Plaintiff lives in San Diego and, at most, visits Puerto Rico and maintains all his business operations and connections in San Diego.  In other words, Defendants believe that the jurisdictional discovery may reveal that Richmond and SMG are in fact California citizens warranting dismissal for lack of jurisdiction.

The Ninth Circuit instructs that jurisdictional discovery "should ordinarily be granted where [as here] a more satisfactory showing of the facts is necessary."  *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quotation marks and citations omitted).

**VI.    CONCLUSION**

For the forgoing reasons, Defendants respectfully request an order dismissing the FAC in its entirety.  In the alternative, Defendants request leave to conduct jurisdictional discovery.

Respectfully submitted,

Dated:  December 16, 2020

GORDON REES SCULLY MANSUKHANI

By:   */s/ Holly L.K. Heffner*
Richard P. Sybert
Holly L.K. Heffner
Yan Ren
Attorneys for Defendants
DAVID MIKKELSON and
BRAD WESTBROOK

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-27-