HRUTKAY LAW PC
MATTHEW HRUTKAY, Bar No. 297485
matt.hrutkay@hrutkaylaw.com
600 W. Broadway, Suite 700
San Diego, CA. 92101
Tel: (858) 868-0018

TENCER SHERMAN LLP`
PHILIP C. TENCER, ESQ., Bar No. 173818
Phil@TencerSherman.com
12520 High Bluff Drive, Suite 230
San Diego, CA 92130
T: 858.408.6900
F:858.754.1260

*Attorneys for Plaintiff*
*CHRISTOPHER RICHMOND*

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive<br><br>Defendants,<br><br>and<br><br>SNOPES MEDIA GROUP, INC.<br><br>Nominal Defendant. | Case No:   3:20-cv-01925-W-KSC<br><br>**PLAINTIFF'S OMNIBUS OBJECTIONS TO DEFENDANT'S MIKKELSON'S AND WESTBROOK'S REQUEST FOR JUDICAL NOTICE AND NOMINAL DEFENDANT SNOPES' MEDIA GROUP, INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Date:       January 25, 2021**<br>**Dept:       3C**<br>**Judge:     Hon. Thomas J. Whelan** |

Plaintiff Christopher Richmond ("Plaintiff") respectfully submits this Objection to Defendants David Mikkelson and Brad Westbrook ("Defendants") Request for Judicial Notice in support of their to Motions to Dismiss the Verified First Amended Complaint Brought by Nominal Defendant Snopes Media Group, Inc.

and Defendants David Mikkelson and Brad Westbrook ("MTD Opposition" or "MTD Opp.").

Plaintiff hereby objects to Defendants' Request for Judicial Notice (Doc # 91).

# I.   **LEGAL STANDARD**

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 1653427, at *2 (S.D. Cal. May 2, 2017). Rule 201 of the Federal Rules of Evidence ("FRE") provides a limited exception to this general standard, and allows the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." FRE 201(b).

Although undisputed matters of public record fall within this limited exception, "[Rule 201 does] not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint." *Brightwell*, 2017 WL 1653427, at *2. Here, Defendants' motions are founded on a mountain of pleadings from the State Action, including arguments made in legal briefs and motions and the disputed contents of numerous other documents, as detailed below. They are plainly "urg[ing] the Court to decide the[ ] motion[s] on extrinsic facts recited in judicially noticed parallel state court documents rather than on the facts alleged in the FAC." *Brightwell*, 2017 WL 1653427, at *3. Their requests for judicial notice are simply inconsistent with the well-established rule that "a court may not consider extrinsic evidence so as to contradict the factual allegations in a pleading for the purpose of decision a 12(b)(6) motion. This is no exception." *Id*.

Defendants' request for judicial notice of 71 exhibits, adding up to a total of more than 3,000 pages, "threatens to turn a motion to dismiss into a motion for summary judgment." *Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, No. SACV-10-0401 AG (MLGx), 2011 WL 13130010, at *2-3 (C.D. Cal. Sept. 6, 2011).) Although a motion to dismiss tests

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

the sufficiency of the complaint, "voluminously judicially noticed documents" causes the four corners of the complaint to get "lost" in the Court's analysis. *Id.* (noting that the exhibits submitted by the parties were "approximately half an inch high" and "two inches high," respectively). Defendants here ask the Court "to consider heaps of extrinsic documents presented without the protections of a summary judgment, which raises concerns about fairness and due process." *Id.*

Further, where, as here, Defendants have appended documents that are not referenced in their Motions, "it is unclear why they should be judicially noticed." *Sundby v. Marquee Funding Grp.*, No. 3:19-cv-0390-GPC-AHG, 2020 WL 434487, at *2 (S.D. Cal. Jan. 28, 2020). All such exhibits included in Defendants' respective RJNs, but not cited in their respective Motions, should be disregarded entirely.

Defendants also cite to numerous State Action orders, but the applicability of those orders are limited on a motion to dismiss. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("*Wyatt*"), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). "Generally, a court may take judicial notice of the existence of a court file in another court, however, it cannot take judicial notice of factual findings made by that court." *Aurora Corp. of Am. V. Michelin Prosperity Co., Ltd.*, N. CV-13-03516 RSWL (JCx), 2015 WL 5768340, at * 3 (C.D. Cal. Sept. 25, 2015) (court cannot relying on findings of other court to establish findings regarding present action); *see also Lundstrom v. Young*, 419 F. Supp. 3d 1241, 1253 (S.D. Cal. 2019) (Curiel, J.); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing motion to dismiss based on disputed contents of public records from previous proceedings).

 "Even where, under the doctrine of *stare decisis*, a court is generally compelled to abide by conclusions of law made in prior proceedings of higher courts, a court *cannot* take judicial notice of another court's determination of the truth of disputed

HEUIKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

facts." *U.S. v. S. California Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) ("*S. California Edison*").

Defendants also cite to numerous argumentative briefs and other disputed filings from the State action, essentially allowing them to violate briefing page limits by attempting to incorporate those briefs by reference. *Calence, LLC v. Dimension Data Holdings, PLC*, 222 Fed. Appx. 563, 566 (9th Cir. 2007) (no abuse of discretion where trial court refused to consider prior briefing party attempted to incorporate by reference).

"While a court may take judicial notice of a judicial administrative proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice of the *existence* of those matters of public record (the existence of a motion or of representations having been made therein) but not of the *veracity* of the arguments and disputed facts contained therein. *S. California Edison Co.*, 300 F. Supp. 2d at 974 (E.D. Cal. 2004) (emphasis in original). The Court should deny Defendants' RJNs to the extent they include any documents not cited or referred to in their respective Motions, as well as all requests as to disputed documents, the extent they seek to establish the facts of the matters asserted therein. Defendants' efforts to overwhelm the Court and Plaintiff with these excessive volumes of extrinsic materials should be rejected for what they are, a desperate attempt to support their factual disputes with disputed facts and issues from the State Action.

## II.   THE COURT SHOULD DENY DEFENDANTS' REQUEST THAT IT TAKE JUDICIAL NOTICE OF EXHIBITS 1 THROUGH 36

Plaintiff's specific objections to the specific exhibits for which the Defendants seek judicial notice are set forth in detail below.

### A.   Snopes Request for Judicial Notice[1]

---

[1] Snopes' RJN appends 35 documents, totaling 726 pages. (Declaration of Matthew Hrutkay in Support of Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss ("Hrutkay Decl."), ¶ _.

- 4 -

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

**Exhibit 1:** Initial Complaint in brought by Proper Media, LLC, Richmond, and Drew Schoentrup ("State Action plaintiffs") in *Proper Media, LLC v. Snopes Media Group, Inc., et al*, Case No. 37-2017-00016311-CU-BC-CTL, filed in the Superior Court of the State of California for the County of San Diego on May 4, 2017 (the "State Action").

Snopes cites to this exhibit for the following propositions. Defendants' objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 1 | Objection |
| --- | --- |
| In 2017, Richmond initiated litigation against Snopes and its shareholders in San Diego Superior Court in which he tried to disenfranchise Snopes' shareholders and oust Mikkelson as its CEO. (Snopes' Motion at 3:1-3.) | Judicial notice of Exhibit 1 is appropriate only to the extent the exhibit shows Richmond's filings in the State Action. This exhibit may not be judicially noticed to provide evidence that Plaintiff in the State Action tried to "disenfranchise Snopes shareholders" or "oust [Defendant Mikkelson as its CEO." *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 2:** Order entered in the State Action on September 7, 2019 ("Preliminary Injunction Order").

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Snopes' Exhibit 2 | Objection |
|---|---|
| "Snopes promptly cross-complained against Richmond and obtained a preliminary injunction that resulted in Snopes regaining control of its website and its advertising revenue which Richmond and his company had diverted." (Snopes' Motion at 3:4-6.) | This exhibit is subject to judicial notice for the limited purpose of establishing that Snopes filed a cross-complaint in the State Action and obtained a preliminary injunction. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to support Snopes' argumentative characterization of the outcome of the preliminary injunction, including that anyone other than Snopes had control over its website, or that Richmond and Proper Media "diverted" Snopes' advertising revenue. |
| "[T]he California Superior Court [in the State Action NOT IN THE MOTION] already acknowledged Richmond's hostility towards Snopes on numerous occasions, including when it issued a preliminary injunction to enjoin Richmond's unlawful conduct and when it issued an OSC re: contempt when faced with prima facie evidence of Proper Media's intentional disregard for the Court's earlier injunction." (Snopes' Motion at 22:19-23.) | Plaintiff disputes Snopes' characterization of this exhibit. In any event, factual findings by the court in the State Action are not properly subject to judicial notice. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| "Following the termination, Richmond and Proper Media unlawfully held | This exhibit is not subject to judicial notice to support Snopes' argumentative |

- 6 -

| Citations to Snopes' Exhibit 2 | Objection |
|---|---|
| Snopes' website hostage, refusing to relinquish control of the website or its email accounts." (Snopes' Motion at 2:19-21) | mischaracterization of the issues addressed in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). Similarly, the Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| "Richmond and his co-conspirators improperly withheld all advertising revenue from Snopes, effectively cutting off Snopes' primary source of income and inflicting severe financial distress on the company." (Snopes' Motion at 2:22-24) | This exhibit is not subject to judicial notice to support Snopes' argumentative mischaracterization of the issues addressed in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). Similarly, the Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 3:** Snopes' Amended and Restated Articles of Incorporation, filed on March 5, 2018 with the Secretary of State for the State of California.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 3 | Objection |
|---|---|
| Snopes' Articles of Incorporation provide that "The liability of the directors of this corporation for monetary damages shall be eliminated to the fullest extent permissible under California law, subject to the limits set forth in Section 204(a)(10) of the California Corporations Code." (Snopes' Motion at 10:13-16.) | Plaintiffs dispute whether the Amended Articles of Incorporation appended by Snopes in this exhibit were properly amended so as to be validly in effect. Accordingly, they dispute the scope of indemnification available to Snopes' directors. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 4:** Defendant Mikkelson's Cross-Complaint against Plaintiff Richmond, Drew Schoentrup, Proper Media, LLC, Publife, LLC, [and Tyler Dunn], filed in the State Action on October 31, 2017.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 4 | Objection |
|---|---|
| "Weighing Richmond's personal interests as compared to the interests of the derivative action itself, the seventh factor once again weighs against Richmond, particularly given Richmond's numerous claims against Mikkelson and Snopes' as well as the substantial claims asserted against | Judicial notice of this exhibit is not necessary to determine that the State Action has been pending since May 4, 2017. Defendant's characterization of Plaintiff's claims in the State Action is not a fact subject to judicial notice pursuant to FRE 201. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice |

Hrutkay Law PC
600 W. Broadway, Suite 700
San Diego, CA 92101

| Citation to Snopes' Exhibit 4 | Objection |
|---|---|
| Richmond in the State Action." (Snopes' Motion at 25:4-7) | "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no comparison between the scale of damages sought in this litigation as compared with the State Action. |

**Exhibit 5:** Snopes' Interpleader Complaint filed by Snopes on January 25, 2018, and consolidated into the State Action.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 5 | Objection |
|---|---|
| "Richmond is involved in a personal dispute with defendant directors in a consolidated interpleader action, where an appeal between Richmond and Mikkelson is currently pending." (Snopes' Motion at 23:17-19.) | This exhibit is subject to judicial notice solely for the fact that it makes the arguments asserted therein, not to prove the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 6:** State Action plaintiffs' *Ex Parte* Application for a temporary restraining order and order to show cause re: preliminary injunction, filed on January 9, 2019 in the State Action.

Snopes makes no citation to Exhibit 6 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 7:** Brief in support of State Action plaintiffs *Ex Parte* Application for a temporary restraining order and order to show cause re: preliminary injunction, filed in the State Action on January 9, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 7 | Objection |
|---|---|
| "In seeking a temporary restraining order against Snopes, Mikkelson, Green, and Miller, Richmond argued that he was likely to prevail on his derivative UCL claim by showing the legal fee advancements were unlawful because "[Mikkelson, Green, and Miller were] not being sued in their respective capacities as 'agents' of Snopes." (Snopes' Motion at 17:28-18:4.) | This exhibit is subject to judicial notice solely for the fact that it makes the arguments asserted therein, not to prove the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Richmond further argued he was likely to prevail on his UCL claim because Mikkelson, Green, and Miller were "not entitled to advancement of fees associated with pursuing their affirmative counterclaims." (Snopes' Motion at 18:4-7.) | This exhibit is subject to judicial notice solely for the fact that it makes the arguments asserted therein, not to prove the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 8:** State Action plaintiffs' Third Amended Complaint ("TAC"), filed in the State Action on April 4, 2019.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 8 | Objection |
|---|---|
| "For the next three-and-a-half years, Richmond continued litigating against Snopes and its shareholders in the State Action to further his own interests, including by trying to force Snopes to continue contracting with Proper Media for Richmond's own financial benefit." (Snopes' Motion at 3:8-11.) | Judicial notice of this exhibit is not necessary to determine that the State Action has been pending since May 4, 2017. Defendant's characterization of Plaintiff's claims in the State Action is not a fact subject to judicial notice pursuant to FRE 201. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Richmond amended his complaint in the State Action three times and in the process asserted a number of derivative shareholder claims ostensible on Snopes' behalf, including claims challenging Snopes' lawful advancement of legal fees and costs to its agents: Mikkelson, Vincent Green (Green), and Ryan Miller (Miller)." (Snopes' Motion at 3:12-16.) | It is undisputed that Plaintiff and others filed a Third Amended Complaint in the State Action, or the causes of action alleged therein. This exhibit is not judicially noticeable to support Snopes' characterization of the legal fee advancements as "lawful." *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Weighing Richmond's personal interests as compared to the interest of the derivative action itself, the seventh | Judicial notice of this exhibit is not necessary to determine that the State Action has been pending since May 4, |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Snopes' Exhibit 8 | Objection |
|---|---|
| factor once again weighs against Richmond, particularly given Richmond's numerous claims against Mikkelson and Snopes' as well as the substantial claims asserted against Richmond in the State Action." (Snopes' Motion at 25:4-7) | 2017. Defendant's characterization of Plaintiff's claims in the State Action is not a fact subject to judicial notice pursuant to FRE 201. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no comparison between the scale of damages sought in this litigation as compared with the State Action. |

**Exhibit 9:** State Action plaintiffs' Motion for preliminary injunction, filed in the State Acton on April 18, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 9 | Objection |
|---|---|
| "Richmond moved for a mandatory injunction to order Mikkelson, Green, and Miller to "disgorge, restore, and repay to [] Snopes any and all funds or monies that Snopes has previously advanced, reimbursed, transferred, or otherwise paid to them, or to their agents, to pay for their respective legal expenses incurred in connection with either defending themselves or pursuing any of their affirmative counterclaims in this litigation." (Snopes' Motion at 3:17-22.) | This exhibit is subject to judicial notice for the limited purpose of identifying the preliminary injunction sought by Richmond in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

Hretkay Law PC
600 W. Broadway, Suite 700
San Diego, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Snopes' Exhibit 9 | Objection |
|---|---|
| Richmond "further sought a prohibitory injunction to enjoin Snopes from advancing any additional funds for Mikkelson, Green, or Miller's legal expenses." (Snopes Motion at 3:22-24.) | This exhibit is subject to judicial notice for the limited purpose of identifying the preliminary injunction sought by Richmond in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Richmond argued that Snopes' advancement of any legal expenses incurred by Mikkelson, Green, and Miller were altogether unlawful because the defendants were "not being sued in their capacities as 'agents' of Snopes." (Snopes' Motion at 3:24-27.) | This exhibit is subject to judicial notice for the limited purpose of identifying the preliminary injunction sought by Richmond in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 10:** Brief in support of State Action plaintiffs' Motion for preliminary injunction, filed in the State Acton on April 18, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 10 | Objection |
|---|---|
| "Richmond amended his complaint in the State Action three times and in the process asserted a number of derivative | It is undisputed that Plaintiff and others filed a Third Amended Complaint in the State Action, or the causes of action |

| Citations to Snopes' Exhibit 10 | Objection |
|---|---|
| shareholder claims ostensibly on Snopes' behalf, including claims challenging Snopes' lawful advancement of legal fees and costs to its agents: Mikkelson, Vincent Green (Green), and Ryan Miller (Miller)." (Snopes' Motion at 3:12-16.) | alleged therein. This exhibit is not judicially noticeable to support Snopes' characterization of the legal fee advancements as "lawful." *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Not only did Richmond litigate these issues, he even sought prohibitory and mandatory "injunctive relief as shareholders on behalf of Snopes", claiming that he was likely to succeed on the derivative UCL claim—which was subsequently stricken by the anti-SLAPP order." (Snopes' Motion at 16:5-8.) | This exhibit is subject to judicial notice for the limited purpose of identifying the preliminary injunction sought by Richmond in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| After the court in the State Action denied Richmond's request for a TRO, Richmond filed another motion requesting a preliminary injunction against Snopes and Mikkelson based on his derivative UCL claim and re-raised and re-argued both issues in support of his request. (Snopes' Motion at 18:7-11.) | This exhibit is subject to judicial notice for the limited purpose of identifying the preliminary injunction sought by Richmond in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

**Exhibit 11:** Snopes' opposition to State Action plaintiffs' *Ex parte* application for an order requiring Snopes to re-designate Slack messages, filed in the State Action on April 25, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 11 | Objection |
|---|---|
| "Richmond and his companies are competitors of Snopes, creating yet another economic interest that is antagonistic to Snopes and its shareholders. As Snopes asserts in the State Action, Richmond and Proper Media are "competitor[s] to Snopes in the online advertising revenue market", which has already forced Snopes to take "precautionary measures to ensure Plaintiffs are unable to inflict further harm by usurping corporate opportunities or disrupting Snopes business partnerships, among other things." (Snopes' Motion at 23:20-26.) | This exhibit, an argumentative brief filed by Snopes in the State Action cannot be judicially noticed for the facts asserted therein. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). There is no undisputed evidence in the record establishing that Proper Media is a competitor of Snopes. |

**Exhibit 12:** Snopes' Demurrer to the TAC, filed in the State Action on May 5, 2019.

Snopes makes no citation to Exhibit 12 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 13:** Brief in support of Snopes' Demurrer to the TAC, filed in the State Action on May 5, 2019.

Snopes makes no citation to Exhibit 13 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

**Exhibit 14:** Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on May 5, 2019.

Snopes makes no citation to Exhibit 14 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 15:** Brief in support of Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on May 5, 2019.

Snopes makes no citation to Exhibit 15 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 16:** Amended Order entered in the State Action on May 22, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 16 | Objection |
|---|---|
| "The Court denied Richmond's request for injunctive relief in its entirety." (Snopes' Motion at 3:27-28.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| "After extensive briefing, the state court again denied Richmond's request." (Snopes' Motion at 18:11-12.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State |

| Citations to Snopes' Exhibit 16 | Objection |
|---|---|
|  | Action. *See Brightwell*, 2017 WL 1653427, at \*3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 17:** Snopes' Anti-SLAPP Motion to Strike the TAC, filed in the State Action on June 5, 2019.

Snopes makes no citation to Exhibit 17 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 18:** Brief in support of Snopes' Anti-SLAPP Motion to Strike the TAC, filed in the State Action on June 5, 2019.

Snopes makes no citation to Exhibit 18 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 19:** Defendant Mikkelson's Anti-SLAPP Motion to Strike the TAC, filed in the State Action on June 5, 2019.

Snopes makes no citation to Exhibit 19 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 20:** Brief in support of Defendant Mikkelson's Anti-SLAPP Motion to Strike the TAC, filed in the State Action on June 5, 2019.

Snopes makes no citation to Exhibit 20 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

**Exhibit 21:** Proper Media's Brief in opposition to Snopes' Anti-SLAPP Motion to Strike the TAC, filed in the State Action on July 29, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 21 | Objection |
|---|---|
| "Richmond and his companies are competitors of Snopes, creating yet another economic interest that is antagonistic to Snopes and its shareholders. As Snopes asserts in the State Action, Richmond and Proper Media are "competitor[s] to Snopes in the online advertising revenue market", which has already forced Snopes to take "precautionary measures to ensure Plaintiffs are unable to inflict further harm by usurping corporate opportunities or disrupting Snopes business partnerships, among other things." (Snopes' Motion at 23:20-26.) | This exhibit, an argumentative brief filed in the State Action cannot be judicially noticed for the facts asserted therein. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").) |

**Exhibit 22:** Reply Brief in support of Snopes' Anti-SLAPP Motion to Strike the TAC, filed in the State Action on August 2, 2019.

Snopes makes no citation to Exhibit 22 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 23:** Richmond and Schoentrup's Brief in opposition to Snopes' Anti-SLAPP Motion to Strike the TAC, filed in the State Action on August 2, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

PLALINTIFF'S OMNIBUS OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICAL NOTICE
CASE NO. 3:20-CV-01925-W-KSC

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citation to Snopes' Exhibit 23 | Objection |
|---|---|
| "Even in opposing Snopes' anti-SLAPP Motion, Richmond cited the abovementioned allegations from his complaint and argued that Mikkelson harmed Snopes by "using Snopes' to fund his, Green, and Miller's participation in the [State Action], including their pursuit of affirmative counterclaims." (Snopes' Motion at 16:8-12.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

**Exhibit 24:** Reply Brief in support of Snopes' Demurrer to the TAC, filed in the State Action on August 24, 2019.

Snopes makes no citation to Exhibit 24 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 25:** State Action plaintiffs' Brief in opposition to Defendant Mikkelson's Anti-SLAPP Motion to Strike, filed in the State Action on August 13, 2019.

Snopes makes no citation to Exhibit 25 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 26:** Reply Brief in support of Defendant Mikkelson's Anti-SLAPP Motion to Strike, filed in the State Action on August 19, 2019.

Snopes makes no citation to Exhibit 26 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 27:** State Action plaintiffs' Brief in opposition to Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on August 19, 2019.

Snopes makes no citation to Exhibit 27 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

**Exhibit 28:** Order entered in the State Action on August 22, 2019, granting Defendant Snopes' Anti-SLAPP Motion to Strike ("Snopes Anti-SLAPP Order").

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 28 | Objection |
|---|---|
| The court found in granting Snopes' Anti-SLAPP Motion "that Snopes' litigation funding constituted a protected activity under the anti-SLAPP statute, and determined that the Board's authorizations of the fee advancements were 'other conduct in furtherance of the exercise of a constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.'" (Snopes' Motion at 4:6-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| "The Court granted Snopes' and Mikkelson's motions to strike all of Richmond's derivative advancement claims from the State Action with prejudice." (Snopes' Motion at 4:12-14.). | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact |

| Citations to Snopes' Exhibit 28 | Objection |
|---|---|
| | from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 29:** Reply Brief in support of Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on August 26, 2019.

Snopes makes no citation to Exhibit 29 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 30:** Order entered in the State action on August 28, 2019, granting Defendant Mikkelson's Anti-SLAPP Motion to Strike ("Mikkelson Anti-SLAPP Order").

Snopes makes no citation to Exhibit 30 of its RJN. Accordingly, it should be disregarded in consideration of Snopes' Motion.

**Exhibit 31:** Notice of Ruling on Snopes' Demurrer to the TAC, filed in the State Action by Snopes on August 30, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 31 | Objection |
|---|---|
| "After striking Richmond's derivative claims challenging Snopes' advancements for legal expenses, the state court determined that Richmond was overtly hostile to the Snopes, had conflicting interests with the company, and was therefore not qualified to represent Snopes as a derivative plaintiff." (Snopes' Motion at 4:16-19.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citation to Snopes' Exhibit 31 | Objection |
|---|---|
| | taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." Wyatt, 315 F.3d at 1114 (9th Cir. 2003). |

**Exhibit 32:** Snopes' Third Amended and Supplemental Cross-Complaint, filed in the State Action on October 10, 2019.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 32 | Objection |
|---|---|
| "Snopes, in turn, asserts multiple claims against Richmond and Proper Media for engaging in a series of unlawful actions designed to inflict financial harm on Snopes." (Snopes' Motion at 22:17-18.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of Snopes' pleadings in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| "Weighing Richmond's personal interests as compared to the interests of the derivative action itself, the seventh factor once again weighs against Richmond, particularly given Richmond's numerous claims against | Judicial notice of this exhibit is not necessary to determine that the State Action has been pending since May 4, 2017. Defendant's characterization of Plaintiff's claims in the State Action is not a fact subject to judicial notice |

- 22 -

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

| Citations to Snopes' Exhibit 32 | Objection |
|---|---|
| Mikkelson and Snopes' as well as the substantial claims asserted against Richmond in the State Action." (Snopes' Motion at 25:4-7) | pursuant to FRE 201. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no comparison between the scale of damages sought in this litigation as compared with the State Action. |
| "Following the termination, Richmond and Proper Media unlawfully held Snopes' website hostage, refusing to relinquish control of the website or its email accounts. "(Snopes' Motion at 2:19-21). | This exhibit is not subject to judicial notice to support Snopes' argumentative mischaracterization of the issues addressed in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| "Richmond and his co-conspirators improperly withheld all advertising revenue from Snopes, effectively cutting off Snopes' primary source of income and inflicting severe financial distress on the company." (Snopes' Motion at 2:22-24). | This exhibit is not subject to judicial notice to support Snopes' argumentative mischaracterization of the issues addressed in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

**Exhibit 33:** Order entered by the California Court of Appeal, Fourth Appellate District, Division One, Case No. D076375 (the "State Action Appeal") on January 22, 2020.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 33 | Objection |
|---|---|
| "Richmond waived his right to appeal these orders, which are now final, non-appealable judgments." (Snopes' Motion at 4:14-15.) | This exhibit is only subject to judicial notice to provide evidence that the appeal of the Snopes Anti-SLAPP Order was dismissed voluntarily by Plaintiff. This exhibit provides no support for the argument that the Mikkelson Anti-SLAPP Order is a final judgment, since this exhibit speaks only to the appeal of the Snopes Anti-SLAPP Order. |

**Exhibit 34:** Remittur filed in the State Action Appeal on January 22, 2020.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Snopes' Exhibit 34 | Objection |
|---|---|
| "Richmond waived his right to appeal these orders, which are now final, non-appealable judgments." (Snopes' Motion at 4:14-15.) | This exhibit is only subject to judicial notice to provide evidence that the appeal of the Snopes Anti-SLAPP Order was dismissed voluntarily by Plaintiff. This exhibit provides no support for the argument that the Mikkelson Anti-SLAPP Order is a final judgment, since this exhibit speaks only to the appeal of the Snopes Anti-SLAPP Order. |

**Exhibit 35:** Appellants' Opening brief in the State Action Appeal.

Snopes cites to this exhibit for the following propositions. Plaintiff's objections to Snopes Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Snopes' Exhibit 35 | Objection |
|---|---|
| "Richmond waived his right to appeal these orders, which are now final, non-appealable judgments." (Snopes' Motion at 4:14-15.) | This exhibit is only subject to judicial notice to provide evidence that the appeal of the Snopes Anti-SLAPP Order was dismissed voluntarily by Plaintiff. This exhibit provides no support for the argument that the Mikkelson Anti-SLAPP Order is a final judgment, since this exhibit speaks only to the appeal of the Snopes Anti-SLAPP Order. |
| "Richmond extensively alleged that Mikkelson improperly caused and thereafter continued to cause Snopes to advance legal fees to himself, Green, and Miller for "personal legal expenses" including their affirmative claims in the State Action." (Snopes' Motion at 15:27-16:2.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). Further, the State Action TAC provides more accurate information concerning the allegations made therein. |
| "Richmond is also involved in a personal dispute with the defendant directors in a consolidated interpleader action, where an appeal between Richmond and Mikkelson is currently | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Snopes' Exhibit 35 | Objection |
|---|---|
| pending." (Snopes' Motion at 23:17-19.) | disputed facts, or facts that would contradict those alleged in the complaint"). Specifically, this exhibit provides no support for the characterization of the claims and defenses in the Interpleader Action as being a "personal dispute." |

**B.    Individual Defendants' Request for Judicial Notice[2]**

**Exhibit 1:** Register of Actions in the State Action.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals Exhibit 1 | Objection |
|---|---|
| 1309 ROA entries are evidence that Plaintiff have extensively against Snopes, Defendant Mikkelson, Green, and Miller. (ECF Nol. 11-1 ("Individuals' Motion") at 8:10-20.) | This exhibit is subject to judicial notice for the limited purpose of establishing that there are 1309 entries in the State Action ROA. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice to support the |

---

[2] Individual Defendants' RJN appends 36 documents, totaling 2356 pages. (Declaration of Matthew Hrutkay in Support of Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss ("Hrutkay Decl."), ¶ _. Notably, few of the citations in the Individual Defendants' Motion cite to any particular page or section of the documents. (*See, e.g.*, Individuals' Motion at ____.) "Defendant's failure to cite page numbers when referencing voluminous exhibits is not well-taken and demonstrates a blatant disregard for th[e] Court's time and resources." *Hardgraves v. Hartley*, No. 1:11-cv-01024-AWI-BAM (PC), 2015 WL 367009, at *2, n.1 (E.D. Cal. Jan. 27, 2015).)

- 26 -

| Citations to Individuals Exhibit 1 | Objection |
| --- | --- |
| | Individual Defendants' characterization of the litigation, particularly that one party to the State Action is responsible for the numerous filings therein. |
| State Court Plaintiffs filed the original complaint in the State Court Action on May 4, 2017. (Individuals' Motion at 8:21-22.) | There is no dispute that the State Action plaintiffs filed the initial complaint in the State Action on May 4, 2017. |
| San Diego Superior Court streamlined Plaintiffs' overreaching complaint via demurrers filed by Snopes and Defendant Mikkelson. (Individuals' Motion at 8:22-24.) | This exhibit is subject to judicial notice for the limited purpose of establishing that there are 1309 entries in the State Action ROA. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purposes of supporting the Individual Defendants' characterization of the complaint as "overreaching". |
| Court in State Action entered judgment against Proper Media (Individuals' Motion at 8:25-26.) | There is no dispute that the court in the State Action dismissed all of Proper Media's claims against Defendant Mikkelson in the State Action. |

**Exhibit 2:** State Action plaintiffs' TAC, filed in the State Action on April 4, 2019.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 2 | Objection |
| --- | --- |
| The TAC alleges that Mikkelson conspired with Green and Miller to take control of Snopes. (Individuals' Motion at 9:6-7.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| In the TAC, Richmond alleged that Mikkelson knowingly caused Snopes to improperly advance attorneys' fees for himself, Green, and Miller, and that they were not entitled to these advancements because each was sued in his individual capacity, resulting in "siphoning away Snopes' already dwindling profits, placing it in imminent danger of insolvency. (Individuals' Motion at 12:15-20.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 2 | Objection |
|---|---|
| overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." |

**Exhibit 3:** Judgment dismissing claims brought by Proper Media against Defendant Mikkelson in the State Action, filed in the State Action on on February 5, 2018.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 3 | Objection |
|---|---|
| Mikkelson won judgment dismissing claims brought by Proper Media against him. (Individuals' Motion at 20, n.4.) | There is no dispute that the court in the State Action dismissed all of Proper Media's claims against Defendant Mikkelson in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 4:** Snopes' Anti-SLAPP Motion to Strike the TAC (including Brief), filed in the State Action on June 5, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 4 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16. | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. |
| Defendant Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support |

Hrutkay Law PC
600 W. Broadway, Suite 700
San Diego, CA 92101

| Citations to Individuals' Exhibit 4 | Objection |
|---|---|
| | for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included an opposition brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

PLAINTIFF'S OMNIBUS OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICAL NOTICE
CASE NO. 3:20-CV-01925-W-KSC

| Citations to Individuals' Exhibit 4 | Objection |
|---|---|
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 5:** Defendant Mikkelson's Anti-SLAPP Motion to Strike the TAC (including Brief), filed in the State Action on June 5, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 5 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 5 | Objection |
|---|---|
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 5 | Objection |
|---|---|
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 5 | Objection |
|---|---|
| | contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 6:** Proper Media's Brief in opposition to Snopes' Anti-SLAPP Motion to Strike, filed in the State Action on July 29, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 6 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 6 | Objection |
|---|---|
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper | This exhibit is subject to judicial notice only for the contents thereof, and not to |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 6 | Objection |
|---|---|
| Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 7:** Richmond and Schoentrup's Brief in opposition to Snopes; Anti-SLAPP Motion to Strike, filed in the State Action on July 29, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 7 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 7 | Objection |
|---|---|
| Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | motions against the State Action plaintiffs' TAC. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that |

| Citations to Individuals' Exhibit 7 | Objection |
|---|---|
| | they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").)This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the |

HEUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

1

2

3

4

5

6

7

| Citations to Individuals' Exhibit 7 | Objection |
|---|---|
| | introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

8

9

**Exhibit 8:** Reply Brief in support of Snopes' Anti-SLAPP Motion, filed in the State Action on August 2, 2019.

10

11

12

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

| Citations to Individuals' Exhibit 8 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action |

28

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 8 | Objection |
|---|---|
| | constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

Hrutkay Law PC
600 W. Broadway, Suite 700
San Diego, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 8 | Objection |
|---|---|
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 9:** State Action plaintiffs' Brief in opposition to Defendant Mikkelson's Anti-SLAPP Motion to Strike, filed in the State Action on August 13, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

- 42 -

| Citations to Individuals' Exhibit 9 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 9 | Objection |
|---|---|
| | addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See* |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 9 | Objection |
|---|---|
| respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | *Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 10:** Reply Brief and other materials in support of Defendant Mikkelson's Anti-SLAPP Motion to Strike, filed in the State Action on August 19, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 10 | Objection |
|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not |

- 45 -

| Citations to Individuals' Exhibit 10 | Objection |
|---|---|
| | judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 10 | Objection |
|---|---|
| | inferences that may be drawn from these facts. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. |

**Exhibit 11:** Snopes Anti-SLAPP Order, entered in the State Action on August 22, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 11 | Objection |
|---|---|
| The court in the State Action granted Snopes and Defendant Mikkelson's Anti-SLAPP Motions and struck all allegations concerning litigation funding and causes of action based on those claims. (Individuals' Motion at 9:16-18.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| The court in the State Action found that the board's *authorization* of the Mikkelson, Green, and Miller legal fee advances was "in furtherance of the exercise of free speech in connection with a public issue or an issue of public interest under CCP § 425.16(e). (Individuals' Motion at 18-22.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citation to Individuals' Exhibit 11 | Objection |
|---|---|
| On August 28, 2019 and August 22, 2019, respectively, the court in the State Action entered orders granting Defendant Mikkelson's and Snopes' Anti-SLAPP Motions, dismissing advancement causes of action and striking all related allegations. (Individuals' Motion at 13:7-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| The Snopes and Mikkelson Anti-SLAPP Orders provided factual and legal basis with detailed reasoning, further indicating that they are final decisions on the merits. (Individuals' Motion at 13:24-26.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 12:** Mikkelson Anti-SLAPP Order, entered in the State Action on August 28, 2019.

1

2

3

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 12 | Objection |
|---|---|
| The court in the State Action granted Snopes and Defendant Mikkelson's Anti-SLAPP Motions and struck all allegations concerning litigation funding and causes of action based on those claims. (Individuals' Motion at 9:16-18.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| The court in the State Action found that the board's *authorization* of the Mikkelson, Green, and Miller legal fee advances was "in furtherance of the exercise of free speech in connection with a public issue or an issue of public interest under CCP § 425.16(e). (Individuals' Motion at 18-22.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

| Citations to Individuals' Exhibit 12 | Objection |
|---|---|
| On August 28, 2019 and August 22, 2019, respectively, the court in the State Action entered orders granting Defendant Mikkelson's and Snopes' Anti-SLAPP Motions, dismissing advancement causes of action and striking all related allegations. (Individuals' Motion at 13:7-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| The Snopes and Mikkelson Anti-SLAPP Orders provided factual and legal basis with detailed reasoning, further indicating that they are final decisions on the merits. (Individuals' Motion at 13:24-26.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| To-date, the State Court has considered the advancement issue at least twice and sided with Defendant Mikkelson both | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 12 | Objection |
|---|---|
| times. (Individuals' Motion at 19:25-27.) | Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| The court in the State Action held in granting Defendant Mikkelson's Anti-SLAPP Motion that Richmond failed to allege damages because Mikkelson, Green, and Miller each executed undertakings. (Individuals' Motion at 21:7-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 13:** Snopes' Demurrer (including Brief) to the TAC , filed in the State Action on May 5, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

| Citation to Individuals' Exhibit 13 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 14:** State Action plaintiffs' Brief in opposition to Snopes' Demurrer to the TAC, filed in the State Action on August 5, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 14 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 15:** Reply Brief in support of Snopes' Demurrer to the TAC, filed in the State Action on August 9, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 15 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 16:** Notice of Ruling on Snopes' Demurrer to the TAC, filed by Snopes in the State Action on August 30, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 16 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 16 | Objection |
|---|---|
| | from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |
| In ruling on Snopes' demurrer to Richmond's derivative claims, the State Court held: "that Schoentrup have hostile interests that disqualify them as adequate representatives of Snopes . . . judicially noticeable information before the court demonstrates that Schoentrup and Richmond have conflicting interests with Snopes . . . Schoentrup and Richmond are not qualified to represent Snopes." (Individuals' Motion at 17:18-25.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. |

**Exhibit 17:** Defendant Mikkelson's Demurrer to the TAC (including Brief), filed in the State Action on May 7, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 17 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citation to Individuals' Exhibit 17 | Objection |
|---|---|
| | the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 18:** State Action plaintiffs' Brief in opposition to Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on August 19, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 18 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 19:** Reply Brief in support of Defendant Mikkelson's Demurrer to the TAC, filed in the State Action on August 26, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 19 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or |

Hrutkay Law PC
600 W. Broadway, Suite 700
San Diego, CA 92101

| Citation to Individuals' Exhibit 19 | Objection |
|---|---|
| qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 20:** Notice of Ruling on Defendant Mikkelson's Demurrer to the TAC, filed by Defendant Mikkelson in the State Action on September 16, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 20 | Objection |
|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. |

**Exhibit 21:** Richmond and Schoentrup Notice of Appeal of the Snopes Anti-SLAPP Order, filed in the State Action on October 22, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

| Citation to Individuals' Exhibit 21 | Objection |
|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. |

**Exhibit 22:** Richmond and Schoentrup Notice of Appeal of the Mikkelson Anti-SLAPP Order, filed in the State Action on October 28, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 22 | Objection |
|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. |

**Exhibit 23:** Richmond and Schoentrup's Request for Dismissal of Appeal of the Snopes' Anti-SLAPP Order, filed in the State Action Appeal on January 21, 2020.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 23 | Objection |
|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. |

**Exhibit 24:** Appellant's Opening Brief, filed in the State Action Appeal on February 25, 2020.

The Individual Defendants make no citation to Exhibit 24 of their RJN. Accordingly, it should be disregarded in consideration of the Individuals' Motion.

**Exhibit 25:** Defendant Mikkelson's Respondent's Brief, filed in the State Action Appeal on June 10, 2020.

The Individual Defendants make no citation to Exhibit 24 of their RJN. Accordingly, it should be disregarded in consideration of the Individuals' Motion.

**Exhibit 26:** Appellant's Reply Brief, filed in the State Action Appeal on June 30, 2020.

The Individual Defendants make no citation to Exhibit 24 of their RJN. Accordingly, it should be disregarded in consideration of the Individuals' Motion.

**Exhibit 27:** Stipulation to Stay State Action pending outcome of State Action Appeal, filed in the State Action on December 2, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 27 | Objection |
|---|---|
| The parties to the State Action stipulated that matters affected by the Anti-SLAPP rulings are automatically stayed by the appeal, except a demurrer filed by Dunn. (Individuals' Motion at 9:26-10:1.) | There is no dispute that *all* matters in the State Action are currently stayed pending the outcome of the Anti-SLAPP Appeal. |
| Richmond maintains claims in the State Action, which are stayed pending appeal of the Mikkelson Anti-SLAPP Order. (Individuals' Motion at 18:6-9.) | There is no dispute that *all* matters in the State Action are currently stayed pending the outcome of the Anti-SLAPP Appeal. |

**Exhibit 28:** Defendant Mikkelson's Cross-Complaint against the State Action plaintiffs, filed in the State Action on October 31, 2017.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

The Individual Defendants make no citation to Exhibit 24 of their RJN. Accordingly, it should be disregarded in consideration of the Individuals' Motion.

**Exhibit 29:** Judgment granting Defendant Mikkelson claim for equitable relief under Corporations Code § 709, filed in the State Action on April 16, 2018.

The Individual Defendants make no citation to Exhibit 24 of their RJN. Accordingly, it should be disregarded in consideration of the Individuals' Motion.

**Exhibit 30:** Order entered in the State Action on July 12, 2017.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citation to Individuals' Exhibit 30 | Objection |
|---|---|
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. (*See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").) The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." (*Wyatt*, 315 F.3d at 1114.) This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. |

**Exhibit 31:** Order entered in the State Action on August 22, 2017, granting Snopes' motion for preliminary injunction.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 31 | Objection |
|---|---|
| In the State Action, Richmond moved for a preliminary injunction to enjoin Snopes from advancing further legal fees to Mikkelson, Green, and Miller, and requiring them to disgorge fees already advanced, which the court in the State Action denied. (Individuals' Motion at 12:21-23.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). |
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. |

**Exhibit 32:** Order entered in the State Action on September 7, 2017.

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 32 | Objection |
|---|---|
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. |

**Exhibit 33:** Order entered in the State Action on June 5, 2018.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 33 | Objection |
|---|---|
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 33 | Objection |
|---|---|
| enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. |

**Exhibit 34:** Snopes' Interpleader Complaint, filed on January 25, 2018, and consolidated with the State Action.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 34 | Objection |
|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 34 | Objection |
|---|---|
| | State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." |
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the issues at stake in the Interpleader Action. |
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. (Individuals' Motion at 21:4.) | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader cross-claim. However, such judgment is currently pending appeal. |

**Exhibit 35:** Defendant Mikkelson's Interpleader Cross-Complaint, filed in the State Action on May 18, 2018

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 35 | Objection |
|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." |
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the issues at stake in the Interpleader Action. |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101

| Citations to Individuals' Exhibit 35 | Objection |
|---|---|
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. (Individuals' Motion at 21:4.) | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader cross-claim. However, such judgment is currently pending appeal. |

**Exhibit 36:** Judgment granting Defendant Mikkelson's Interpleader Cross-Complaint, filed in the State Action on May 29, 2019.

Defendant Mikkelson cites to this exhibit for the following propositions. Plaintiff's objections to Defendant Mikkelson's Request for Judicial Notice appear alongside each proposition as applicable.

| Citations to Individuals' Exhibit 36 | Objection |
|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." |

| Citations to Individuals' Exhibit 36 | Objection |
|---|---|
| The court in the State Action entered judgment in favor of Defendant Mikkelson on his § 709 cross-claim against Richmond, Schoentrup, and Proper Media for which he is unquestionably entitled to indemnity from Snopes under the Corporations Code. (Individuals' Motion at 20:18-20.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' argument that Defendant is "unquestionable entitled to indemnity from Snopes under the Corporations Code." |
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the issues at stake in the Interpleader Action. |
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. (Individuals' Motion at 21:4.) | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader |

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA 92101

| Citations to Individuals' Exhibit 36 | Objection |
|---|---|
| | cross-claim. However, such judgment is currently pending appeal. |

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiff Christopher Richmond respectfully requests that the Court disregard all disputed facts and arguments premised on exhibits to the Snopes RJN and the Individuals' RJN that are either inappropriate for judicial notice entirely, or for the limited purpose of establishing the fact of their existence.

Dated:  January 11, 2021                    HRUTKAY LAW PC


                                                              By:   _s/ Matthew Hrutkay_
                                                              Matthew Hrutkay

                                                              600 W. Broadway, Suite 700
                                                              San Diego, CA  92101
                                                              matt.hrutkay@hrutkaylaw.com

                                                              and

                                                              TENCER SHERMAN LLP

                                                              Philip C. Tencer, Esq., Bar No. 173818
                                                              12520 High Bluff Drive, Suite 230
                                                              San Diego, CA  92130
                                                              phil@tencersherman.com

                                                              *Attorneys for Plaintiff CHRISTOPHER RICHMOND*

HRUTKAY LAW PC
600 W. BROADWAY, SUITE 700
SAN DIEGO, CA  92101