1  RICHARD P. SYBERT (SBN: 080731)
2  rsybert@grsm.com
   HOLLY L.K. HEFFNER (SBN: 245384)
3  hheffner@grsm.com
   YAN REN (SBN: 323200)
4  yren@grsm.com
5  GORDON REES SCULLY MANSUKHANI
   101 W. Broadway Suite 2000
6  San Diego, CA 92101
7  Telephone: (619) 230-7474
   Facsimile: (619) 696-7124
8
9  Attorneys for Defendants
10 DAVID MIKKELSON and BRAD WESTBROOK

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13
   CHRISTOPHER RICHMOND, an            CASE NO. 3:20-cv-01925-W-KSC
14 individual,
                                       **DEFENDANTS MIKKELSON**
15                                     **AND WESTBROOK'S REPLY IN**
                    Plaintiff,         **SUPPORT OF ITS MOTION TO**
16                                     **DISMISS FIRST AMENDED**
17        vs.                          **COMPLAINT**

18 DAVID MIKKELSON, an individual;     (Concurrently filed with Response to
19 BRAD WESTBROOK, an individual;      Objections to Request for Judicial
   and DOE DEFENDANTS 1-10,            Notice)
20 inclusive,
21                                     Hearing Date: January 25, 2021
                    Defendants,        [NO ORAL ARGUMENT per
22 and                                 Civil Local Rule 7.1(d)(1)]
23 SNOPES MEDIA GROUP, INC.,
24                                     District Judge: Thomas J. Whelan
   Nominal Defendant.                  Magistrate Judge: Karen S. Crawford
25
26                                     Complaint filed: September 25, 2020
27                                     FAC filed: December 2, 2020

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-1-

1

**TABLE OF CONTENTS**

I.     MIKKELSON AND WESTBROOK DID NOT DEFRAUD
       THEMSELVES.................................................................................5

II.    SMG WAS NEVER UNAWARE OF THE NATURE OF THE
       CLAIMS. ........................................................................................5

III.   THE ADVANCEMENTS ARE PROPER UNDER THE
       CORPORATIONS CODE AND CANNOT SUPPORT ANY CAUSE
       OF ACTION. ...................................................................................6

IV.    RICHMOND CANNOT STATE A DIRECT CLAIM FOR
       ALLEGED INJURIES SUSTAINED BY ALL SHAREHOLDERS...........10

V.     ALL CAUSES OF ACTION FAIL FOR LACK OF DAMAGES...............11

VI.    *RES JUDICATA* BARS RICHMOND'S DERIVATIVE CLAIMS.............12

VII.   RICHMOND FAILS TO PLEAD DEMAND FUTILITY...........................13

VIII.  JURISDICTIONAL DISCOVERY IS PROPER AND
       WARRANTED. ................................................................................14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                    Case No.3:20-cv-01925

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Arduini v. Hart*,
  774 F.3d 622 (9th Cir. 2014)..................................................................14

4

*Arturet-Velez v. R.J. Reynolds Tobacco Co.*,
  429 F.3d 10 (1st Cir. 2005) ...................................................................11

5

*Bader v. Anderson*,
  179 Cal. App. 4th 775 (Ct. App. 2009) .................................................14

6

7

*Berg & Berg Enterprises, LLC v. Boyle*,
  178 Cal. App. 4th 1020 (2009)...............................................................11

8

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008)...............................................................14

9

10

*Brownmark Films, LLC v. Comedy Partners*,
  (7th Cir. 2012) 682 F3d 687....................................................................8

11

*Jones v. H.F. Ahmanson & Co.*,
  1 Cal.3d 93 (1969)............................................................................10, 11

12

13

*Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*,
  (6th Cir. 2012) 672 F3d 396.....................................................................7

14

*Palm Springs Villas II Homeowners Assn, Inc. v. Parth*,
  248 Cal. Appl. 4th 268 (2016).................................................................11

15

16

*Pareto v. Federal Deposit Insurance Corp.*,
  139 F.3d 696 (9th Cir. 1998)..................................................................10

17

*Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*,
  (3rd Cir. 1993) 998 F2d 1192...................................................................8

18

19

*United States ex rel. Lee v. Corinthian Colleges*,
  655 F.3d 984 (9th Cir. 2011)................................................................6, 7

20

**Statutes**

21

Business & Professions Code
  Section 17200.........................................................................................8, 9

22

23

Corporations Code
  Section 317............................................................................................6, 7

24

**Rules**

25

Federal Rules of Civil Procedure
  Rule 23 ....................................................................................................13

26

27

Federal Rules of Civil Procedure
  Section 11 ...............................................................................................14

28

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                    Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Federal Rules of Evidence
   Rule 201 .................................................................................................. 6

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                        Case No.3:20-cv-01925

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I.

## <u>MIKKELSON AND WESTBROOK DID NOT DEFRAUD THEMSELVES</u>

Richmond argues that "if Snopes' reliance was unreasonable, Snopes would have no security for the advancements." (Opp. 17:3-5.) He misses the point.

The FAC states that "Mikkelson and Westbrook, as the only two (2) members of the Snopes' Board and <u>in reliance on</u> the [allegedly false] statements in the Undertakings," approved the advancements. (FAC ¶ 37 (emphasis added).) The FAC also states that Mikkelson "<u>knew and understood</u> that (1) the claims for which the Advances were provided were brought solely in and against individual capacities []; and that (2) neither himself, nor Green, nor Miller, would likely be able to repay Snopes pursuant to the Undertakings...." (*Id.*, at ¶ 38 (emphasis added).) The FAC further states that "invoices reflecting legal fees and costs for which Mikkelson, Green, and Miller sought advancement… were to be submitted to Westbrook… <u>[and a r]reasonable review of these invoices would have disclosed to Westbrook the false and misleading nature of the statements made in the Undertakings</u>." (*Id.*, at ¶ 39 (emphasis added).) Mikkelson and Westbrook, in other words, allegedly defrauded themselves.

This is absurd on its face, because it is impossible for the SMG Board (comprised only of Mikkelson and Westbrook) to have *justifiably relied* on the allegedly false statements in the Undertakings, as alleged. (*See id.*, at ¶¶ 61, 68, 78.) Richmond's causes of action for fraud, negligent misrepresentation, and aiding and abetting fraud are self-defeating, and cannot be amended to state a claim.

## II.

## <u>SMG WAS NEVER UNAWARE OFTHE NATURE OF THE CLAIMS</u>

Richmond argues that the FAC "creates a strong inference that Mikkelson understood the false and misleading nature of his statements in the [] Undertaking…." (Opp. 16:10-17.) But Richmond points to no *factual* allegations

-5-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  suggesting that the claims are asserted against Mikkelson in his individual capacity

2  or that he intentionally or recklessly misled himself and Westbrook.

3        The claims are publicly available through the State Court's registrar of

4  actions, to which the "save Snopes" website provides a link and the case number to

5  help people "keep up with the case" and additionally lists the causes of action on

6  the website and links to PDFs of the complaint, Mikkelson's cross-complaint, and

7  Green and Miller's cross-complaint.[1] That is, Mikkelson, Green, and Miller are

8  transparent about the litigation.

9        It is not plausible that Mikkelson, Green, and Miller published the claims on

10  SMG's behalf, while also hiding their true nature or the fact that they filed cross-

11  claims. Indeed, SMG is a defendant in the State Court action where it has

12  vigorously (and successfully) opposed Richmond's lawsuit since 2017 – it well

13  knows the nature of the causes of action asserted against Mikkelson, Green, and

14  Miller, and the nature of their cross-complaints. So, again, the FAC collapses

15  under the weight of its own illogic, and cannot be amended.

16                                   **III.**

17  **THE ADVANCEMENTS ARE PROPER UNDER THE CORPORATIONS**

18        As alleged at FAC ¶ 37, the Advances were approved pursuant to Cal. Corp.

19  Code § 317(f), which provides in relevant part: "Expenses incurred in defending

20  *any proceeding* may be advanced by the corporation prior to the final disposition

21  of the proceeding upon receipt of an undertaking by or on behalf of the agent to

22

23  [1] *See* https://www.gofundme.com/f/fightforfacts-with-snopescom, click "Read

24  more" and scroll down to "**Keep Up with the Case**." (Emphasis in original.)
    Mikkelson respectfully asks the Court to take judicial notice of this publication,

25  pursuant to Fed. R. Evid. 201, because the nature of the claims and whether SMG

26  was misled as to their nature is central to Richmond's causes of action and
    referenced throughout the FAC and, thus, also properly incorporated by reference

27  into the FAC for purposes of deciding this motion.  *See United States ex rel. Lee v.*

28  *Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011).

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                          Case No.3:20-cv-01925

repay that amount if it shall be determined ultimately that the agent is not entitled to be indemnified as authorized in this section." Cal. Corp. Code § 317(f) (emphasis added). Subsection (f) does <u>not</u> require that the individual be sued "by reason of the fact" that he was an "agent" for the company; rather, it requires only an undertaking, which Richmond admits Mikkelson, Green, and Miller each executed. (FAC ¶ 34.) Richmond's arguments suggesting otherwise pertain to the *indemnification* provisions of § 317, and not *advancement* under subsection (f). (*See* Opp. 9:26-28, FN 2; 17:14-18:2.) The propriety of the advancements under the Corporations Code undermines the first through fourth causes of action, as a matter of law.[2] Thus, the nature of the claims is immaterial; however, as next discussed, the claims are asserted against Defendants as agents of SMG.

In the Opposition, Richmond quotes his own conclusory allegations stating that the subject claims and cross-claims are unrelated to Mikkelson, Green, and Miller's "roles as employees, officers, and/or agents of Snopes" and argues that, "[p]resuming these allegations and reasonable inferences true, falsity has been pled." (Opp. 15:23-16:6; 18:9-14; 19:1-3.) But these allegations are verifiably not true. Review of the claims immediately reveals on their face that they *do* relate to the role of employees, officers, and/or agents of SMG and Richmond's first through fourth causes of action fail for this independent reason.[3] For instance,

[2] The propriety of the advancements is underscored by Mikkelson's success in the State Court action. There, the court has awarded Mikkelson judgment on all claims asserted by Proper Media and another judgment against Schoentrup and Richmond in the interpleader component regarding ownership of SMG shares, for which indemnity is required under § 317(d). (ECF 11-5 and 11-38.)

[3] Here too, the Court should consider the subject claims (RFJN, 11-4 Ex. 2 [State Court TAC]) on this motion because they are central to the FAC and no one disputes the authenticity or relevance of the State Court complaint. *United States v. Corinthian Colleges* (9th Cir. 2011) 655 F3d 984, 999; *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.* (6th Cir. 2012) 672 F3d 396, 400. Consideration of underlying claims serves to prevent "a plaintiff with a legally

-7-

Richmond's State Court complaint asserts the following direct (non-derivative) claims against Mikkelson:

- Removal of Director (RFJN, Ex. 2 [TAC ¶¶ 253, 255]), obviously brought against Mikkelson in his role as an SMG Director;

- Breach of Fiduciary Duty (*id.*, at ¶¶ 215, 218), on grounds that Mikkelson owed duties "an Officer and Director of [SMG]";

- Breach of Contract (*id.*, at ¶ 278), which Mikkelson allegedly entered into "on behalf of himself and [SMG]", dismissed on demurrer and the Order holds that it was SMG's and not Mikkelson's payment obligation (RFJN Ex. 20, PDF p. 7 [Order p. 3]);

- Promissory Estoppel / Specific Performance (RFJN, Ex. 2 [TAC ¶ 287]), also alleged that Mikkelson entered into an agreement "on behalf of himself and [SMG]" (*id.*, at ¶ 278), and likewise dismissed on demurrer and the Order holds that it was SMG's and not Mikkelson's payment obligation (RFJN Ex. 20, PDF p. 7 [Order p. 3]);

- Defamation (RFJN, Ex. 2 [TAC ¶ 297]), for statements Mikkelson made at www.gofundme.com/savesnopes "on behalf of Snopes Media" to raise money for the cost of Richmond, et al.'s continued litigation, dismissed on Mikkelson and SMG's anti-SLAPP motions (RFJN, Exs. 11 [PDF p. 4-6] and 12 [PDF p. 3-4]);

- Violation of Bus. & Prof. Code 17200 (RFJN, Ex. 2 [TAC ¶ 328]), for the same conduct alleged in the Defamation claim, "purportedly on behalf of Snopes Media Group";

- Intentional Interference (RFJN, Ex. 2 [TAC ¶¶ 185-192]), for allegedly interfering with Proper Media's operating agreement, which such actions Mikkelson took as President and CEO of SMG when he lawfully cancelled the SMG - Proper Media services agreement according to its terms;

deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.* (3rd Cir. 1993) 998 F2d 1192, 1196; *Brownmark Films, LLC v. Comedy Partners* (7th Cir. 2012) 682 F3d 687, 690. Richmond also directs the Court to the claims alleged in the State Court action in his Opposition, *see e.g.*, 16:26-28 (FN 20, citing ECF 11-30 [Mikkelson's cross-complaint]), and thus cannot dispute the claims are properly considered on this motion.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

The TAC also asserts the following derivative claims against Mikkelson, each of which the State Court dismissed on Mikkelson's and SMG's anti-SLAPP motions and demurrers (ECF 11-13, 14, 22, 23):

- Corporate Waste (RFJN, Ex. 2 [TAC ¶ 205]), for alleged violation of duties Mikkelson owed "[b]y virtue of his position and financial holding in [SMG]" to "exercise good faith and diligence in the administration of the affairs of [SMG]" relative to the legal fee advancements *again* raised in this case;

- Breach of Fiduciary Duty (*id*., at ¶ 232), based on duties owed as the SMG "CEO, Director, and 50% shareholder" *again* relative to *inter alia* the legal fee advancements at issue in this case (*see* TAC 42:14-16);

- Rescission (*id.*, at ¶ 340), *again* regarding Mikkelson's authorization, as an SMG Director, of the legal fee advancements at issue in this case;

- Violation of Bus. & Prof. Code 17200 (*id.*, at ¶ 306), for the same conduct alleged in the Defamation claim, "purportedly on behalf of Snopes Media Group."

The Undertakings, thus, were not false or misleading. Moreover, it is not plausible that Mikkelson "knew and understood" that the above claims were stated against him in an individual capacity (they are not) such that he intentionally or recklessly misled the company into paying his, Green's, or Miller's legal fees.

With respect to the cross-complaints filed in the State Court action, Richmond does not dispute that they were compulsory and he offers no authority supporting his position that legal fee advancements applied to compulsory cross-claims are improper or can otherwise support any theory of liability. Instead, Richmond mischaracterizes Mikkelson's cross-complaint as seeking "a finding that Green and Miller have individual voting interests in the Share, and thus could vote in alignment with him to affirm his controlling actions." (*Id.*, citing ECF 11-30.) It is not.

///

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                    Case No.3:20-cv-01925

Mikkelson's cross-complaint makes no such allegation, nor is such an imagined purpose reasonably inferred from the cross-complaint. (ECF 11-30.) There are no *facts* alleged in the FAC (or in Mikkelson's cross-complaint) that suggest Mikkelson knew or should have known that his or Green's and Miller's cross-claims are an improper use of the fee advancements under the Corporations Code (they are not), or that Mikkelson, Green, and Miller will be unable to repay the advancements if indemnity is denied.

**IV.**

## RICHMOND CANNOT STATE A DIRECT CLAIM FOR ALLEGED INJURIES SUSTAINED BY ALL SHAREHOLDERS

Richmond ignores Defendants' authority outlined in the Motion. As discussed in the MPA, a claim is derivative if "the injury is incidental to or an indirect result of a direct injury to the corporation or to the whole body of its stock or property." (MPA 25:1-3, citing *Pareto v. Federal Deposit Insurance Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).) Incorrect corporate tax returns are an injury to the corporation shared by every shareholder that could hypothetically harm Richmond indirectly, if at all. Richmond cannot state a claim against Mikkelson and Westbrook for an injury shared by all shareholders, including Mikkelson.

The case upon which Richmond relies, *Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93 (1969), is inapposite. The *Jones* case provides a narrow exception to the general rule that shareholders do not owe each other a fiduciary duty where a majority shareholder usurps a corporate opportunity from or otherwise harms the minority shareholder. Here, Mikkelson is not a majority shareholder[4] and

---

[4] Curiously, Richmond contends that Mikkelson, Green, and Miller have formed a "majority voting block to perform abusive acts and have done as they wished with Snopes to personally benefit themselves," citing FAC ¶¶ 22, 24, 30-40. (Opp. 8:16-18.) Yet the only alleged action taken was by the Board, not shareholders, to approve the legal fee advancements.

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                          Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Westbrook is not a shareholder at all. *Jones* has no application. Richmond's quote from *Jones* is unhelpful: "The individual wrong necessary to support a suit by a shareholder need not be unique to that Plaintiff. The same injury may affect a substantial number of shareholders." (Opp. 21:9-15.) Affecting a "substantial number" is not the same as affecting all, including the shareholder-defendant.

Richmond is also incorrect that "[t]he business judgment rule provides no basis for dismissal under FRCP 12(b)(6) at this stage of the pleadings." (Opp. 20:22-27, citing *Palm Springs Villas II Homeowners Assn, Inc. v. Parth*, 248 Cal. Appl. 4th 268, 281 (2016).) *Palm Springs* considered a motion for summary judgment, not a motion to dismiss. Contrary to the Opposition, "the failure to sufficiently plead facts to rebut the business judgment rule or establish its exceptions may be raised on demurrer, as whether sufficient facts have been so pleaded is a question of law." *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1045 (2009) (demurrer sustained on business judgment rule). Richmond does not argue that the FAC overcomes the rule, and the FAC remains properly dismissed on this basis as well.

## V.

## ALL CAUSES OF ACTION FAIL FOR LACK OF DAMAGES

This action is premature, at best. Richmond admits that repayment is not required unless indemnification is improper (Opp. 1:22-23), that "a final decision on indemnification has not been made" (*id.*, at 2:1), and that "repayment from Mikkelson, and the other defendants in the State Action, Vincent Green ("Green") and Ryan Miller ("Miller") remains a real possibility" (*id.*, at 2:3-4 (emphasis added)). *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13, FN 2 (1st Cir. 2005) (concessions in complainant's response to motion to dismiss properly considered). The FAC contains no *facts* supporting Richmond's unfounded conclusions that Mikkelson, Green, or Miller would be unable to repay the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-11-

1  advancements should indemnity ultimately be denied or that SMG has been

2  harmed by the advancements—and, again, Richmond's Opposition concedes

3  otherwise stating that repayment "remains a real possibility."[5] (Opp. 2:3-4.)

4  Richmond's first through fourth causes of action, thus, fail for lack of damages and

5  should be dismissed without leave to amend.

6       Similarly, the fifth cause of action for breach of fiduciary duty fails for lack

7  of damages. Richmond alleges that he is subjected to "*potential* criminal,

8  regulatory, and/or civil liability, among other individual damages" for alleged

9  incorrect tax return filings. (FAC ¶¶ 89, 90 (emphasis added).) This is entirely

10  speculative. There has been no determination that the tax returns were in fact

11  inaccurate, much less any harm suffered by Richmond personally or otherwise.

12  This claim is properly dismissed without leave to amend.

13  **VI.**

14  **_RES JUDICATA_ BARS RICHMOND'S DERIVATIVE CLAIMS**

15       Richmond does not dispute that the prior proceeding resulted in a final

16  judgment on the merits or that the party against whom the doctrine is being

17  asserted was a party or in privity with a party to the prior proceeding. (MPA 11:19-

18  25; Opp. 21:16-23:16.) He opposes the motion on grounds that "this Action seeks

19  redress for a separate and distinct primary right of Snopes from those at issue in the

20  State Action" (Opp. 22:7-8) and that "[n]ew information unavailable to Richmond

21  prior to 2020 makes clear that these claims could not have been previously brought

22  in the State Action." (Opp. 23:8-10.) Neither argument has merit.

23

24  [5] Richmond mischaracterizes SMG's motion to dismiss as "implicitly
     acknowledge[ing] that Mikkelson, Green, and Miller would be unable to repay the
25   advancement fees." (Opp. 17:25-16, FN 21.) SMG states that Richmond's lawsuit
     "threaten[s] the ability of Snopes' employees and directors to obtain the legal
26   funds needed to combat Richmond's onslaught of claims pending against them."
     (ECF 12-1, 23:4-16.) Needing a loan now does not mean you will be unable to
27   repay it later. If that were true, no loans would ever be made to anyone.

28

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS              Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  Richmond gives a tortured description of the primary right at issue to

2  manufacture a distinction between the two lawsuits. He broadly describes the issue

3  in the State Court action as the "right to be free of self-interested decisions made

4  by conflicted directors" then describes this case by the alleged wrongdoing, stating

5  "Defendant Mikkelson's submission of a fraudulent undertaking to secure his own

6  personal advancement from Snopes," et cetera. He misses the proper focus, which

7  is whether the two actions involve the same injury to the plaintiff and the same

8  wrong by the defendant. (MPA 12:4-9.) Here, they do. Both cases involve the same

9  injury (advancements allegedly used to defend and prosecute Mikkelson, Green,

10  and Miller's personal claims) and the same wrong (directing SMG to advance the

11  fees): *compare* ECF 11-4, TAC ¶¶ 14, 119, 131, 316, 319, 320, 348, 349 *with*

12  FAC ¶¶ 59, 60, 65, 66, 71, 76, 77. Richmond does not avoid *res judicata* by adding

13  new facts or parties, or pleading different theories of recovery. (MPA 12:4-9.) The

14  law is not so easily evaded.

15  Richmond's argument that he could not bring these claims prior to 2020,

16  because the damage to Snopes was not yet ascertainable (Opp. 23:8-10), is belied

17  by the State Court complaint, which did just that. (*See e.g.*, ECF 11-4, TAC ¶ 348

18  (alleging that the advancements are "siphoning away Snopes Media Group's

19  already dwindling profits, placing it in imminent danger of insolvency").)

20  **VII.**

21  **RICHMOND FAILS TO PLEAD DEMAND FUTILITY**

22  The derivative claims also fail for the independent reason that Richmond's

23  demand futility allegations are woefully deficient under Rule 23, and not saved by

24  the Opposition, which argues that demand would be akin to asking Westbrook and

25  Mikkelson to sue themselves. (Opp. 14:15-15:15.) Richmond and Westbrook

26  comprise two-thirds of the SMG Board, and Richmond's "demand" upon himself

27  will obviously be agreed and thus not futile. The fact that Westbrook is a named

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-13-

defendant in the lawsuit and allegedly participated in the subject transactions is insufficient to excuse the pre-lawsuit demand requirement. *Arduini v. Hart*, 774 F.3d 622, 632 (9th Cir. 2014); *Bader v. Anderson*, 179 Cal. App. 4th 775, 792 (Ct. App. 2009) ("A plaintiff may not bootstrap allegations of futility by pleading merely that the directors participated in the challenged transaction or that they would be reluctant to sue themselves.")

VIII.

**JURISDICTIONAL DISCOVERY IS PROPER AND WARRANTED**

For the reasons stated in the Motion and this Reply, the FAC should be dismissed without leave to amend. However, to the extent Richmond has stated a claim, it is a state law claim and it belongs in state court consolidated with his earlier-filed lawsuit. Contrary to the Opposition, Defendants' statement that "Richmond does not own any properties in Puerto Rico and has no registered vehicle in Puerto Rico" is supported because counsel signed the motion under Fed. R. Civ. Proc. 11. This case is not like *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008), cited in the Opposition (Opp. 24:5-6), because the request is based on much more than a mere "hunch." Richmond's state of citizenship is central to jurisdiction, and discovery is likely to reveal that he remains a San Diego citizen – where his primary business, Proper Media, is located – and that "PubLife" in San Juan is a mere tax shelter that Richmond may visit but he is not domiciled there.

Respectfully submitted,

Dated:  January 19, 2021

GORDON REES SCULLY MANSUKHANI

By:  */s/ Holly L.K. Heffner*

Richard P. Sybert
Holly L.K. Heffner
Yan Ren
Attorneys for Defendants
MIKKELSON and WESTBROOK

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1223480/55949635v.1

DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS                                    Case No.3:20-cv-01925