1   RICHARD P. SYBERT (SBN: 080731)
2   rsybert@grsm.com
    HOLLY L.K. HEFFNER (SBN: 245384)
3   hheffner@grsm.com
    YAN REN (SBN: 323200)
4   yren@grsm.com
    GORDON REES SCULLY MANSUKHANI
5   101 W. Broadway Suite 2000
6   San Diego, CA 92101
    Telephone: (619) 230-7474
7   Facsimile: (619) 696-7124
8
9   Attorneys for Defendants
10  DAVID MIKKELSON and BRAD WESTBROOK

11              UNITED STATES DISTRICT COURT

12             SOUTHERN DISTRICT OF CALIFORNIA

13
    CHRISTOPHER RICHMOND, an            CASE NO. 3:20-cv-01925-W-KSC
14  individual,
                                        **DEFENDANTS DAVID**
15                                      **MIKKELSON AND BRAD**
                    Plaintiff,          **WESTBROOK'S RESPONSE TO**
16                                      **OBJECTION TO**
                                        **REQUEST FOR JUDICIAL**
17          vs.                         **NOTICE IN SUPPORT OF**
                                        **MOTION TO DISMISS**
18  DAVID MIKKELSON, an individual;
19  BRAD WESTBROOK, an individual; and  Hearing Date: January 25, 2021
    DOE DEFENDANTS 1-10, inclusive,     [NO ORAL ARGUMENT per
20                                      Civil Local Rule 7.1(d)(1)]
                    Defendants,
21                                      District Judge: Thomas J. Whelan
22  and                                 Magistrate Judge: Karen S. Crawford

23  SNOPES MEDIA GROUP, INC.,           Complaint filed: September 25, 2020
24                                      FAC filed: December 2, 2020
    Nominal Defendant.
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1      Defendants David Mikkelson and Brad Westbrook (collectively,

2  "Defendants") respectfully submit this response to Plaintiff's Objections to

3  Defendants' Request of Judicial Notice (ECF. 19).

4      On a motion to dismiss, a federal court may "[take] judicial notice of a state

5  court decision and the briefs filed in that court to determine if an issue was raised

6  and decided by the state court for res judicata purposes." *Manufactured Home*

7  *Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005); see

8  also *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of

9  a California Court of Appeal opinion "and the briefs filed in that proceeding and in

10  the trial court" for the purposes of ruling on issue preclusion).  Moreover, courts

11  have repeatedly held that a court may "look beyond the plaintiff's complaint" to

12  "consider material properly subject to judicial notice" without converting a motion

13  to dismiss into one for summary judgment.  *Shaw v. Hahn,* 56 F.3d 1128, 1129 n. 1

14  (9th Cir.), cert. denied, 516 U.S. 964 (1995); *Baker v. White*, No. 12-CV-1273

15  WWMC, 2013 WL 950730, at *2 (S.D. Cal. Mar. 12, 2013); *see also Van Buskirk*

16  *v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002), *Lee v. City of*

17  *L.A.,* 250 F.3d 668, 688–89 (9th Cir.2001); *Barron v. Reich,* 13 F.3d 1370, 1377

18  (9th Cir.1994).

19      Plaintiff also misconstrues the rule that a court may only take judicial notice

20  of the existence of another court's file but not the disputed contents contained

21  therein.  There is a distinction between proper judicial notice of the undisputed

22  findings and opinions in another court and improper judicial notice of factual

23  findings by another court or public record that are in dispute.

24      Plaintiff cites Wyatt *v. Terhune,* 315 F.3d 1108 (9th Cir. 2003) and *Aurora*

25  *Corp. of Am. V. Michelin Prosperity Co., Ltd.*, N. CV-13-03516 RSWL (JCx),

26  2015 WL 5768340 (C.D. Cal. Sept. 25, 2015), neither of which apply.  In *Wyatt*,

27  the Ninth Circuit held that the magistrate judge could not use factual findings in a

28

1  previous case that are disputed by the parties in the present case in ruling on a

2  motion for summary judgment.  315 F.3d. at 1114.  In *Aurora Corp. of Am. V.*

3  *Michelin Prosperity Co., Ltd.*, N. CV-13-03516 RSWL (JCx), 2015 WL 5768340

4  (C.D. Cal. Sept. 25, 2015), the court refused to take judicial notices of factual

5  findings in a previous case in determining whether the court has personal

6  jurisdiction over the defendant in the present case, because it was a separate and

7  new issue not raised in the previous case.  2015 WL 5768340 at *3.  Here,

8  Defendants do not request judicial notice of disputed factual findings in the State

9  Court Action.  Defendant's request judicial notice of the existence of relevant

10  allegations, motions, arguments, orders, and opinions that were undisputedly made

11  in the State Court, and thus not subject to dispute.

12       The other two cases cited by Plaintiff, *Lundstrom v. Young*, 419 F. Supp. 3d

13  1241 (S.D. Cal. 2019) and *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir.

14  2001), support Defendant's request for judicial notice.  In *Lundstrom,* the plaintiff

15  claimed that qualified domestic relations orders issued by a family court were

16  based upon an erroneous application of law and sought relief from the state court

17  orders.  419 F. Supp. 3d at 1256.  The defendant filed a motion to dismiss and a

18  request for judicial notice.  *Id.*  The court held that it would take judicial notice of

19  the existence of state court documents, including orders, opinions, filings, and

20  docket sheet, and did examine the contents of the state court documents to

21  determine whether tye federal court claim were "inextricably intertwined" with the

22  state court's judgment, granting motion to dismiss based in part of the Rooker-

23  Feldman doctrine.  *Id.* at 1253, 57.  In other words, a federal court could not treat

24  the disputed facts presented in the state court files as undisputed and truthful

25  evidence to support a newly pleaded claim in the federal court.  However, the court

26  can still examine the contents of the state court files to determine the issues

27  presented in the files and the nature of the files.

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

1        In *Lee v. City of Los Angeles*, in reversing a motion to dismiss based on an

2   improperly judicially noticed waiver, the Ninth Circuit held the district court "did

3   more than take judicial notice of undisputed matters of public record" but "took

4   judicial notice of disputed facts stated in public records." 250 F.3d at 690.

5   Particularly, the Ninth Circuit pointed out that the district court relied on the

6   validity of the waiver in dismissing plaintiffs' claims at the pleading stage, which

7   is disputed by the plaintiff by alleging he is "mentally incapacitated and mentally

8   disabled" in the complaint. *Id.* The Ninth Circuit explained that the court may still

9   take judicial notice of the fact that a waiver was signed by the plaintiff, which is an

10   undisputed fact. *Id.* at 689-90. The court simply cannot take a step forward and

11   take judicial notice of the validity of the waiver, when its validity is in dispute. *Id.*

12   at 690.

13        Under *Lundstrom* and *Lee,* this Court may properly take judicial notice of

14   the state court files that are not subject to dispute. The Court may also examine the

15   contents of those files to determine whether the issues were previously raised and

16   decided in the State Court.

17        Defendants' request for judicial is proper because their Motion to Dismiss is

18   not based on disputed issues of fact. *See Baker v. White*, No. 12-CV-1273 W

19   WMC, 2013 WL 950730, at *4 (S.D. Cal. Mar. 12, 2013) (judicial notice is

20   appropriate with regard to the Complaint and public records from the

21   administrative proceedings when Defendants' motion to dismiss is not based on

22   disputed issues of fact but instead on the allegations in the Complaint and the

23   public records).

24   **I.    Judicial Notice Is Proper as to Each Exhibit**

25        Based on the foregoing, Defendants respectfully request that this Court grant

26   judicial notice of Defendants' Exhibits 1 through 36 in consideration of their

27   motion to dismiss the FAC.

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-4-
REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 1: Register of Actions in the State Action.**

Defendants properly request judicial notice of Exhibit 1 for the undisputed facts presented in the ROA.

| Citations to Individuals Exhibit 1 | Objection | Reply |
|---|---|---|
| 1309 ROA entries are evidence that Plaintiff have extensively against Snopes, Defendant Mikkelson, Green, and Miller. (ECF Nol.11-1 "Individuals' Motion") at 8:10-20.) | This exhibit is subject to judicial notice for the limited purpose of establishing that there are 1309 entries in the State Action ROA.  *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice to support the Individual Defendants' characterization of the litigation, particularly that one party to the State Action is responsible for the numerous filings therein. | Judicial notice is proper. The authenticity and content of the ROA is not disputed. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals Exhibit 1 | Objection | Reply |
|---|---|---|
| State Court Plaintiffs filed the original complaint in the State Court Action on May 4, 2017.  (Individuals' Motion at 8:21-22.) | There is no dispute that the State Action plaintiffs filed the initial complaint in the State Action on May 4, 2017. | Judicial notice is proper. The authenticity and content of the ROA is not disputed. |
| San Diego Superior Court streamlined Plaintiffs' overreaching complaint via demurrers filed by Snopes and Defendant Mikkelson. (Individuals' Motion at 8:22-24.) | This exhibit is subject to judicial notice for the limited purpose of establishing that there are 1309 entries in the State Action ROA.  *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").  This exhibit is not subject to judicial notice for the purposes of supporting the Individual Defendants' characterization of the | Judicial notice is proper. The authenticity and content of the ROA is not disputed. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals Exhibit 1 | Objection | Reply |
|---|---|---|
| | complaint as "overreaching". | |
| Court in State Action entered judgment against Proper Media (Individuals' Motion at 8:25-26.) | There is no dispute that the court in the State Action dismissed all of Proper Media's claims against Defendant Mikkelson in the State Action. | Judicial notice is proper. The authenticity and content of the ROA is not disputed. |

**Exhibit 2: State Action plaintiffs' Third Amended Complaint ("TAC").**

Defendants properly request for judicial notice of Exhibit 2 for the undisputed facts that certain allegations are asserted or shown in the TAC.

| Citations to Individuals' Exhibit 2 | Objection | Reply |
|---|---|---|
| The TAC alleges that Mikkelson conspired with Green and Miller to take control of Snopes. (Individuals' Motion at 9:6-7.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

| Citations to Individuals' Exhibit 2 | Objection | Reply |
|---|---|---|
| | contradict those alleged in the complaint"). | |
| In the TAC, Richmond alleged that Mikkelson knowingly caused Snopes to improperly advance attorneys' fees for himself, Green, and Miller, and that they were not entitled to these advancements because each was sued in his individual capacity, resulting in "siphoning away Snopes' already dwindling profits, placing it in imminent danger of insolvency. (Individuals' Motion at 12:15-20.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. See Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson asserted a cross-complaint in the State Action as a shareholder "to ensure the accuracy of the | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. See Brightwell, | Judicial notice is proper. There is no dispute as to the authenticity and |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-8-

| Citations to Individuals' Exhibit 2 | Objection | Reply |
|---|---|---|
| corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' Characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." | content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

## Exhibit 3: Judgement Against Proper Media

| Citation to Individuals' Exhibit 3 | Objection | Reply |
|---|---|---|
| Mikkelson won judgment dismissing claims brought by Proper Media against him. (Individuals' Motion at 20, n.4.) | There is no dispute that the court in the State Action dismissed all of Proper Media's claims against Defendant Mikkelson in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." Wyatt, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

## Exhibit 4: Snopes' Anti-SLAPP Motion

Defendants properly request for judicial notice of Exhibit 4 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 4 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 4 | Objection | Reply |
|---|---|---|
| the TAC. (Individuals' Motion at 9:13-16. | | |
| Defendant Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. See Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files, and no dispute as to "which causes of action constituted the 'fee advancement causes of action.'" |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of | Judicial notice is proper. There is no dispute as to the authenticity and |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 4 | Objection | Reply |
| --- | --- | --- |
| that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | content of the court files, including what was filed, the issues and arguments set forth therein, and the extensiveness of the briefing. |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by | This exhibit is subject to judicial notice only for the contents thereof, and not | Judicial notice is proper. There is no dispute as to the |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 4 | Objection | Reply |
|---|---|---|
| the State Action Plaintiffs included an opposition brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | authenticity and content of the court files. |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

| Citations to Individuals' Exhibit 4 | Objection | Reply |
|---|---|---|
| | alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 5: Mikkelson's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 5 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 5 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* | Judicial notice is proper. There is no dispute as to the authenticity and content of the court |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 5 | Objection | Reply |
|---|---|---|
| the TAC. (Individuals' Motion at 12:24-26.) | 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | files, including which causes of action constitute the "fee advancement causes of action." |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

| Citations to Individuals' Exhibit 5 | Objection | Reply |
|---|---|---|
| | alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 5 | Objection | Reply |
|---|---|---|
| (Individuals' Motion at 12:27-13:3.) | alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Defendant Mikkelson and Snopes then filed a reply | This exhibit is subject to judicial notice only for the | Judicial notice is proper. There is no |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 5 | Objection | Reply |
|---|---|---|
| brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 6: Proper Media's Brief in Opposition to Snopes's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 6 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 6 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti—SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24-26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See* Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files, including which causes of action constitute the fee advancement cause of action. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 6 | Objection | Reply |
|---|---|---|
| | exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files.<br><br>Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 6 | Objection | Reply |
|---|---|---|
| | Defendant Mikkelson's Anti--SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

| Citations to Individuals' Exhibit 6 | Objection | Reply |
|---|---|---|
| | may be drawn from these facts. | |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell,* 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See* | Judicial notice is proper. There is no dispute as to the authenticity and |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 6 | Objection | Reply |
|---|---|---|
| (Individuals' Motion at 13:5-6.) | Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 7: Richmond and Schoentrup's Brief in Opposition to Snopes's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 7 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 7 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:2426.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files, including which causes of action constitute the "fee advancement causes of action." |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 7 | Objection | Reply |
|---|---|---|
| | exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files.

Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

| Citations to Individuals' Exhibit 7 | Objection | Reply |
|---|---|---|
| | Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See* Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").)This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 7 | Objection | Reply |
|---|---|---|
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 7 | Objection | Reply |
|---|---|---|
| | the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |

**Exhibit 8: Snopes's Reply in Support of Snopes's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 8 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 8 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 8 | Objection | Reply |
|---|---|---|
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:24- 26.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 8 | Objection | Reply |
|---|---|---|
| fully briefed. (Individuals' Motion at 12:26-27.) | (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

-31-

| Citations to Individuals' Exhibit 8 | Objection | Reply |
|---|---|---|
| exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition 6 brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 8 | Objection | Reply |
|---|---|---|
| | disputed inferences that may be drawn from these facts. | |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 9: Opposition to of Mikkelson's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 9 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 9 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all related allegations from the TAC. (Individuals' Motion at 12:2426.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 9 | Objection | Reply |
|---|---|---|
| | noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files.<br><br>Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 9 | Objection | Reply |
|---|---|---|
| | the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| The response to Snopes' Anti-SLAPP Motion to | This exhibit is subject to judicial notice only for the | Judicial notice is proper. There is no |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 9 | Objection | Reply |
|---|---|---|
| Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | dispute as to the authenticity and content of the court files. |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 9 | Objection | Reply |
|---|---|---|
| | that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |

**Exhibit 10: Reply Brief in Support of Mikkelson's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 10 for the undisputed facts related to the Anti-SLAPP motion.

| Citations to Individuals' Exhibit 10 | Objection | Reply |
|---|---|---|
| In response to State Action plaintiffs' filing of the TAC, Snopes and Mikkelson each filed an Anti-SLAPP Motion to Strike, and Demurrers to the TAC. (Individuals' Motion at 9:13-16.) | There is no dispute that Snopes and Defendant Mikkelson filed anti-SLAPP motions against the State Action plaintiffs' TAC. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Mikkelson and Snopes moved to dismiss the "fee advancement causes of action" and striking all | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of | Judicial notice is proper. There is no dispute as to the authenticity and |

-38-

| Citations to Individuals' Exhibit 10 | Objection | Reply |
|---|---|---|
| related allegations from the TAC. (Individuals' Motion at 12:24- 26.) | those contents. *See* Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable for the purpose of identifying which causes of action constituted the "fee advancement causes of action." | content of the court files. |
| Mikkelson and Snopes' Anti-SLAPP Motions to Strike, and the matter it addressed, identical to that here, were comprehensively and fully briefed. (Individuals' Motion at 12:26-27.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. Plaintiff appears to confuse argument of counsel based on |

| Citations to Individuals' Exhibit 10 | Objection | Reply |
|---|---|---|
| | consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not judicially noticeable to provide support for its claims that the matter addressed in Snopes' and Defendant Mikkelson's Anti-SLAPP Motions, or the matter they addressed, were identical to those at issue here, or the characterization that they were "comprehensively and fully briefed." | undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |
| The response to Defendant Mikkelson's Anti-SLAPP Motion by the State Action Plaintiffs included a brief, Richmond's 127-page declaration (including exhibits), and Schoentrup's declaration and excerpts | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 10 | Objection | Reply |
|---|---|---|
| from three deposition transcripts. (Individuals' Motion at 12:27-13:3.) | the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | |
| The response to Snopes' Anti-SLAPP Motion to Strike included Proper Media's opposition brief, Schoentrup and Richmond's separate opposition brief, and multiple declarations. (Individuals' Motion at 13:3-5.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

-41-

| Citations to Individuals' Exhibit 10 | Objection | Reply |
|---|---|---|
| | disputed inferences that may be drawn from these facts | |
| Defendant Mikkelson and Snopes then filed a reply brief in support of their respective Anti-SLAPP Motions to Strike. (Individuals' Motion at 13:5-6.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for any disputed inferences that may be drawn from these facts. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 11: Order Granting Snopes's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 11 for the undisputed facts related to the order granting Snopes's Anti-SLAPP motion.

| Citations to Individuals' Exhibit 11 | Objection | Reply |
|---|---|---|
| The court in the State Action granted Snopes and Defendant Mikkelson's Anti-SLAPP Motions and struck all allegations concerning litigation funding and causes of action based on those claims. (Individuals' Motion at 9:16-18.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 11 | Objection | Reply |
|---|---|---|
| | 201." *Wyatt*, 315 F.3d at 1114. | |
| The court in the State Action found that the board's *authorization* of the Mikkelson, Green, and Miller legal fee advances was "in furtherance of the exercise of free speech in connection with a public issue or an issue of public interest under CCP § 425.16(e). (Individuals' Motion at 18-22.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See* Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 11 | Objection | Reply |
|---|---|---|
| On August 28, 2019 and August 22, 2019, respectively, the court in the State Action entered orders granting Defendant Mikkelson's and Snopes' Anti-SLAPP Motions, dismissing advancement causes of action and striking all related allegations. (Individuals' Motion at 13:7-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| The Snopes and Mikkelson Anti-SLAPP | This exhibit is subject to judicial notice for the | Judicial notice is proper. There is no |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-45-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 11 | Objection | Reply |
|---|---|---|
| Orders provided factual and legal basis with detailed reasoning, further indicating that they are final decisions on the merits. (Individuals' Motion at 13:24-26.) | limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | dispute as to the authenticity and content of the court files. |

-46-

**Exhibit 12: Order Granting Mikkelson's Anti-SLAPP Motion**

Defendants properly request for judicial notice of Exhibit 12 for the undisputed facts related to the order granting Mikkelson's Anti-SLAPP motion.

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| The court in the State Action granted Snopes and Defendant Mikkelson's Anti-SLAPP Motions and struck all allegations concerning litigation funding and causes of action based on those claims. (Individuals' Motion at 9:16-18.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| | limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | |
| The court in the State Action found that the board's *authorization* of the Mikkelson, Green, and Miller legal fee advances was "in furtherance of the exercise of free speech in connection with a public issue or an issue of public interest under CCP § 425.16(e). (Individuals' Motion at 18-22.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| On August 28, 2019 and August 22, 2019, respectively, the court in the State Action entered orders granting Defendant Mikkelson's and Snopes' Anti-SLAPP Motions, dismissing advancement causes of action and striking all related allegations. Individuals' Motion at 13:7-10.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| The Snopes and Mikkelson Anti-SLAPP Orders | This exhibit is subject to judicial notice for the | Judicial notice is proper. There is no |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| provided factual and legal basis with detailed reasoning, further indicating that they are final decisions on the merits. (Individuals' Motion at 13:24-26.) | limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | dispute as to the authenticity and content of the court files. |
| To-date, the State Court has considered the advancement issue at least twice and sided with | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of | Judicial notice is proper. There is no dispute as to the authenticity and |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| Defendant Mikkelson both times. (Individuals' Motion at 19:25-27.) | the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | content of the court files. |
| The court in the State Action held in granting Defendant Mikkelson's Anti-SLAPP Motion that Richmond failed to allege damages because | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See* | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

-51-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 12 | Objection | Reply |
|---|---|---|
| Mikkelson, Green, and Miller each executed undertakings. (Individuals' Motion at 21:7-10.) | *Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

1

**Exhibit 13: Snopes's Demurrer to the TAC**

2

Defendants properly request for judicial notice of Exhibit 13 for the

3

undisputed facts related to the Snopes's Demurrer to the TAC.

| Citations to Individuals' Exhibit 13 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 14: Opposition to Snopes's Demurrer to the TAC**

Defendants properly request for judicial notice of Exhibit 14 for the undisputed facts related to the Snopes's Demurrer to the TAC.

| Citations to Individuals' Exhibit 14 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 15: Reply In Support of Snopes's Demurrer to the TAC**

Defendants properly request for judicial notice of Exhibit 15 for the undisputed facts related to the Snopes's Demurrer to the TAC.

| Citations to Individuals' Exhibit 15 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 16: Notice of Ruling on Snopes's Demurrer to the TAC**

Defendants properly request for judicial notice of Exhibit 16 for the undisputed facts related to the Court's Ruling on Snopes's Demurrer to the TAC.

| Citations to Individuals' Exhibit 16 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicialsnotice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allowfor the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 16 | Objection | Reply |
|---|---|---|
| | 201." *Wyatt*, 315 F.3d at 1114. | |
| In ruling on Snopes' demurrer to Richmond's derivative claims, the State Court held: "that Schoentrup have hostile interests that disqualify them as adequate representatives of Snopes . . . judicially noticeable information before the court demonstrates that Schoentrup and Richmond have conflicting interests with Snopes ... Schoentrup and Richmond are not qualified to represent Snopes." (Individuals' Motion at 17:18-25.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Exhibit 17:  Mikkelson's Demurrer to the TAC**

Defendants properly request for judicial notice of Exhibit 17 for the undisputed facts related to Mikkelson's Demurrer to the TAC.

| Citations to Individuals' Exhibit 17 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

**Exhibit 18:  Opposition to Mikkelson's Demurrer to the TAC**

2

Defendants properly request for judicial notice of Exhibit 18 for the

3

undisputed facts related to the Opposition to Mikkelson's Demurrer to the TAC.

| Citations to Individuals' Exhibit 18 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**Exhibit 19:  Mikkelson's Reply in Support of Demurrer to the TAC**

2

Defendants properly request for judicial notice of Exhibit 19 for the

3

undisputed facts related to the Reply in Support of Mikkelson's Demurrer to the

4

TAC.

| Citations to Individuals' Exhibit 19 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 20:  Notice of Ruling on Mikkelson's Demurrer to the TAC**

Defendants properly request for judicial notice of Exhibit 20 for the undisputed facts related to the Notice of Ruling on Mikkelson's Demurrer to the TAC.

| Citations to Individuals' Exhibit 20 | Objection | Reply |
|---|---|---|
| The court in the State Action also sustained Snopes' and Defendant Mikkelson's Demurrers and dismissed derivative breach of fiduciary duty claim on ground that Richmond was not qualified to represent Snopes. (Individuals' Motion at 9:22-25.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). It provides no evidence that such claims were in fact dismissed. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 21:  Notice of Appeal of Order Granting Snopes's Anti-SLAPP Motion**

| Citations to Individuals' Exhibit 21 | Objection | Reply |
|---|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Exhibit 22:  Notice of Appeal of Order Granting Mikkelson's anti-SLAPP Motion**

| Citations to Individuals' Exhibit 22 | Objection | Reply |
|---|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 23:  Request for Dismissal of Appeal from Order Granting Snopes's anti-SLAPP Motion**

| Citations to Individuals' Exhibit 23 | Objection | Reply |
|---|---|---|
| State Court plaintiffs appealed the orders granting Snopes and Defendant Mikkelson's Anti-SLAPP Motions to Strike. (Individuals' Motion at 9:26-27.) | There is no dispute that the State Action plaintiffs appealed the Snopes and Mikkelson Anti-SLAPP Orders. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

**Exhibit 24: Appellant's Opening Brief**

The Court may take judicial notice of Exhibit 24. Plaintiff objects that Exhibit 24 is not referenced in the Motion.  However, the Motion does refer to the appeal (ECF 11-1, 9:26-27.)  SMG's appellant's brief is a public court document subject to judicial notice that illustrates the undisputed fact that the plaintiffs in the State Court Action (including Richmond) appealed the orders granting SMG and Mikkelson's anti-SLAPP motions.

**Exhibit 25: Mikkelson's Respondent Brief**

The Court may take judicial notice of Exhibit 25.  Plaintiff objects that Exhibit 25 is not referenced in the Motion.  However, the Motion does refer to the appeal. (ECF 11-1, 9:26-27.)  Mikkelson's respondent's is a public court document subject to judicial notice that illustrates the undisputed fact that the plaintiffs in the State Court Action (including Richmond) appealed the orders granting SMG and Mikkelson's anti-SLAPP motions.

**Exhibit 26: Appellant's Reply Brief**

The Court may judicial notice of Exhibit 26.  Plaintiff objects that Exhibit 26 is not referenced in the Motion.  However, the Motion does refer to the appeal. (ECF 11-1, 9:26-27.)  Appellant's Reply Brief is a public court document subject to judicial notice that illustrates the undisputed fact that the plaintiffs in the State Court Action appealed the orders granting SMG and Mikkelson's anti-SLAPP motions.

**Exhibit 27: Stipulation to Stay Action Pending anti-SLAPP Appeal**

| Citations to Individuals' Exhibit 27 | Objection | Reply |
|---|---|---|
| The parties to the State Action stipulated that matters affected by the Anti-SLAPP rulings are automatically stayed by the appeal, except a demurrer filed by Dunn. (Individuals' Motion at 9:26-10:1.) | There is no dispute that *all* matters in the State Action are currently stayed pending the outcome of the Anti-SLAPP Appeal. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| Richmond maintains claims in the State Action, which are stayed pending appeal of the Mikkelson Anti-SLAPP Order. (Individuals' Motion at 18:6-9.) | There is no dispute that *all* matters in the State Action are currently stayed pending the outcome of the Anti-SLAPP Appeal. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 28: Mikkelson's Cross-Complaint for Declaratory Relief and Request for §709 Hearing**

The Court may take judicial notice of Exhibit 28.  Plaintiff objects that Exhibit 28 because it is not referenced in the Motion.  However, both the Motion (20:7-17, 22:4-8) and Richmond's Opposition (Opp. 3:12, 16:3, 16:14, and FN 20) refer to the cross-complaint and it is referenced throughout the reply brief concurrently herewith. Mikkelson's Cross-Complaint is a public court document subject to judicial notice.

**Exhibit 29: Judgment on Mikkelson's §709 Cross-Complaint**

The Court may take judicial notice of Exhibit 29.  Plaintiff objects that Exhibit 29 is not referenced in the Motion.  However, the Motion does refer to the judgment at ECF 11-1, 20:18-20. The State Court's judgment is a public court document subject to judicial notice that illustrates the undisputed fact that the Court entered the judgment in Mikkelson's favor.

**Exhibit 30: Order entered in the State Action on July 12, 2017 Regarding the Preliminary Injunction.**

| Citations to Individuals' Exhibit 30 | Objection | Reply |
| --- | --- | --- |
| The court in the State Action repeatedly Recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. (*See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 30 | Objection | Reply |
|---|---|---|
| and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint").) The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." (*Wyatt*, 315 F.3d at 1114.) This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. | |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 31: Order entered in the State Action on August 22, 2017 Granting Snopes's Motion for Preliminary Injunction and Denying Plaintiffs' Motion for Preliminary Injunction.**

Defendants properly request for judicial notice of Exhibit 31 for the undisputed facts related to the State Court's Order granting Snopes's Motion for Preliminary Injunction and denying Plaintiffs' Motion for Preliminary Injunction.

| Citations to Individuals' Exhibit 31 | Objection | Reply |
|---|---|---|
| In the State Action, Richmond moved for a preliminary injunction to enjoin Snopes from advancing further legal fees to Mikkelson, Green, and Miller, and requiring them to disgorge fees already advanced, which the court in the State Action denied. (Individuals' Motion at 12:21-23.) | This exhibit is subject to judicial notice for the limited purpose of showing the contents thereof. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

| Citations to Individuals' Exhibit 31 | Objection | Reply |
|---|---|---|
| Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. | |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Exhibit 32: Order entered in the State Action on September 7, 2017 Granting Snopes's motion for Preliminary Injunction.**

| Citations to Individuals' Exhibit 32 | Objection | Reply |
|---|---|---|
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

| Citations to Individuals' Exhibit 32 | Objection | Reply |
|---|---|---|
|  | support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. |  |

**Exhibit 33: Order entered in the State Action on June 5, 2018 Granting Snopes's OSC re Contempt**

| Citations to Individuals' Exhibit 33 | Objection | Reply |
|---|---|---|
| The court in the State Action repeatedly recognized the extensive harm Richmond, and/or his company Proper Media, inflicted on Snopes through its issuance of a preliminary injunction enjoining Proper Media and its agents from withholding Snopes revenues and property, among other things. (Individuals' Motion at 17:26-2.) | This exhibit is subject to judicial notice for the limited purpose of identifying the contents of the order entered in the State Action. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). The Court may not judicially notice findings of | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 33 | Objection | Reply |
|---|---|---|
| | facts made in the State Action. "[W]e have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt*, 315 F.3d at 1114. This exhibit provides no support for the fact that Richmond has caused "extensive harm" to Snopes by his claims in the State Action. | |

**Exhibit 34: Snopes's Interpleader Complaint**

Defendants properly request for judicial notice of Exhibit 34 for the undisputed facts related to Snopes's Interpleader Complaint.

| Citations to Individuals' Exhibit 34 | Objection | Reply |
|---|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 34 | Objection | Reply |
|---|---|---|
| elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." | |
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of | Judicial notice is proper. There is no dispute as to the authenticity and |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Citations to Individuals' Exhibit 34 | Objection | Reply |
|---|---|---|
| personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the issues at stake in the Interpleader Action. | content of the court files.<br>Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. (Individuals' Motion at 21:4.) | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader cross-claim. However, such judgment is currently pending appeal. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

**Exhibit 35: Mikkelson's Interpleader Cross-Complaint**

Defendants properly request for judicial notice of Exhibit 35 for the undisputed facts related to Mikkelson's Interpleader Cross-Complaint.

| Citations to Individuals' Exhibit 35 | Objection | Reply |
|---|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a shareholder "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files.<br><br>Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 35 | Objection | Reply |
|---|---|---|
| | as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." | |
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 35 | Objection | Reply |
|---|---|---|
| | issues at stake in the Interpleader Action. | |
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. (Individuals' Motion at 21:4.) | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader cross-claim. However, such judgment is currently pending appeal. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. The pending appeal is immaterial. |

**Exhibit 36: Judgment Granting Mikkelson's Interpleader Cross-Complaint**

Defendants properly request for judicial notice of Exhibit 36 for the undisputed facts related to the Judgment granting Mikkelson's Interpleader Cross-Complaint.

| Citations to Individuals' Exhibit 36 | Objection | Reply |
|---|---|---|
| Mikkelson asserted a cross-complaint in the State Action as a *shareholder* "to ensure the accuracy of the corporation's shareholder ledger and secure confirmation of the duly | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925

| Citations to Individuals' Exhibit 36 | Objection | Reply |
|---|---|---|
| elected Board of Directors—an action made necessary by Proper Media and Richmond's continued false assertion (against overwhelmingly contradictory evidence) that Proper Media was an SMG shareholder. (Individuals' Motion at 20:11-17.) | notice "may not allow for the introduction or consideration of disputed facts,  or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' characterization of Defendant Mikkelson's own cross-complaint in the State Action, that his cross-complaint was brought in any capacity as an agent of Snopes, or that any assertions by Proper Media were "false" or "against overwhelmingly contradictory evidence." | Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

| Citations to Individuals' Exhibit 36 | Objection | Reply |
|---|---|---|
| The court in the State Action entered judgment in favor of Defendant Mikkelson on his § 709 cross-claim against Richmond, Schoentrup, and Proper Media for which he is unquestionably entitled to indemnity from Snopes under the Corporations Code. (Individuals' Motion at 20:1820.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See Brightwell*, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit provides no support for the Individual Defendants' Argument that Defendant is "unquestionable entitled to indemnity from Snopes under the Corporations Code." | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

| Citations to Individuals' Exhibit 36 | Objection | Reply |
|---|---|---|
| In the Interpleader component of the State Action, Defendant Mikkelson claimed no personal interest in the shares at issue, but instead sought to enforce a divorce settlement "and at the same time sought to assist [Snopes] in settling ownership of its shares." (Individuals' Motion at 20:21-21:4.) | This exhibit is subject to judicial notice only for the contents thereof, and not to prove the truth of those contents. *See* Brightwell, 2017 WL 1653427, at *3 (judicial notice "may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint"). This exhibit is not subject to judicial notice for the purpose of establishing that Defendant had no personal interest in the issues at stake in the Interpleader Action. | Judicial notice is proper. There is no dispute as to the authenticity and content of the court files. Plaintiff appears to confuse argument of counsel based on undisputed facts about documents in the court file with grounds to object to the request for judicial notice. |
| Defendant Mikkelson won judgment on his Interpleader Cross-Claim seeking enforcement of his divorce settlement. | There is no dispute that the court in the State Action granted judgment in favor of Defendant Mikkelson's Interpleader | Judicial notice is proper. There is no dispute as to the authenticity and |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Citations to Individuals' Exhibit 36 | Objection | Reply |
|---|---|---|
| (Individuals' Motion at 21:4.) | | content of the court files. |

Respectfully submitted,

Dated:  January 19, 2021

GORDON REES SCULLY MANSUKHANI

By:   */s/ Holly L.K. Heffner*
Richard P. Sybert
Holly L.K. Heffner
Yan Ren
Attorneys for Defendants
DAVID MIKKELSON and
BRAD WESTBROOK

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1223480/55850788v.1

-80-

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE   Case No.3:20-cv-01925