Paul A. Tyrell (Bar No. 193798)
E-mail: paul.tyrell@procopio.com
Ryan C. Caplan (Bar No. 253037)
E-mail: ryan.caplan@procopio.com
Jacob Kozaczuk (Bar No. 294734)
E-mail: jacob.kozaczuk@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Nominal Defendant Snopes Media Group, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive,<br><br>Defendants,<br><br>and<br><br>SNOPES MEDIA GROUP, INC.<br><br>Nominal Defendant. | Case No. 3:20-CV-1925-W-KSC<br><br>REPLY IN SUPPORT OF SNOPES MEDIA GROUP, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date:   January 25, 2021<br>Dept:   3C Third Floor<br>Judge:  Hon. Thomas J. Whelan |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. RICHMOND DOES NOT ALLEGE DEMAND FUTILITY ................................ 2

    A.    Threadbare Allegations are Insufficient to Plead Demand Futility ......... 2

    B.    Demand Futility is Conducted on a Claim-by-Claim Basis .................... 3

III. THE DERIVATIVE CLAIMS ARE BARRED UNDER RES JUDICATA ......... 5

IV. RICHMOND IS NOT AN ADEQUATE REPRESENTATIVE .......................... 7

V. CONCLUSION ..................................................................................................... 8

# I. INTRODUCTION

Nominal Defendant Snopes Media Group (Snopes) seeks dismissal of the Plaintiff Christopher Richmond's derivative claims in the First Amended Complaint (FAC) on three independent grounds related to Richmond's lack of standing: Richmond's failure to plead demand futility; res judicata resulting from the state court's prior dismissal of the same derivative claims; and Richmond's inadequacy as a derivative plaintiff.

On the issue of demand futility, Richmond's opposition simply reiterates his allegation that it would be futile to demand that Mikkelson and Westbrook sue themselves. It is well-settled that merely naming all directors as defendants is insufficient to meet the demand futility requirement. "A plaintiff may not bootstrap allegations of futility by pleading merely that the directors participated in the challenged transaction or that they would be reluctant to sue themselves." *Apple Inc. v. Superior Court*, 18 Cal. App. 5th 222, 254 (2017) (internal citations and quotation marks omitted). Moreover, Richmond ignores that the demand futility analysis must be conducted on a claim-by-claim basis and his opposition makes no effort to explain how anyone other than Mikkelson lacks independence or is interested with respect to the first three derivative claims. And, the opposition effectively confirms that Westbrook does *not* face substantial liability as to the fourth count.

As for res judicata, the opposition tries to sidestep the clear application of that preclusive doctrine by obscuring the primary rights analysis. The "determining factor" under California's primary rights approach is whether the derivative claims in the FAC seek recovery for the same damages alleged in the state court derivative claims. Here, Richmond alleges Snopes was harmed by the supposed misappropriation of Snopes' funds "to further the personal litigation interests" of Mikkelson, Ryan Miller (Miller), and Vincent (Green). These are the same damages alleged in Richmond's derivative claims in the state action.

Finally, in an effort to portray him as a proper derivative plaintiff, the opposition

tries to mischaracterize his prior acts and litigation history. Richmond is not a champion of Snopes' best interests; rather, he is a woefully inadequate representative under Federal Rules of Civil Procedure 23.1 because, among other things, his economic interests are antagonistic to the interests of Snopes and its directors as demonstrated by his theft of Snopes' funds, his efforts to wrest control of the company, and his attempts to use purported derivative claims to choke his adversaries off from their litigation funding. Dismissal of Claims 1 through 4 in the FAC is warranted for any one of these three compelling reasons.

## II. RICHMOND DOES NOT ALLEGE DEMAND FUTILITY

Richmond contends that demand is futile as to all four derivative claims because Mikkelson and Westbrook are both "personally interested in this Action" and "any demand that they initiate litigation against themselves on Snopes' behalf would be futile." Opposition at p. 14:15-18; *see also* FAC, ¶57 ("demand to Snopes' Board of Directors is futile under these circumstances . . . because one (1) Director is bringing claims of fraud and breach of fiduciary duty against the other two (2) Directors of Snopes"). This argument is flawed for two key reasons.

### A.     Threadbare Allegations are Insufficient to Plead Demand Futility

First, "a plaintiff may not bootstrap allegations of futility by pleading merely that the directors participated in the challenged transaction or that they would be reluctant to sue themselves." *Apple Inc. v. Superior Court*, 18 Cal. App. 5th 222, 254 (2017) (internal citations and quotation marks omitted). "To hold otherwise would eviscerate the demand requirement entirely." *Bader v. Anderson*, 179 Cal. App. 4th 775, 793 (2009) (citing *Aronson v. Lewis* 473 A.2d 805, 814 (Del. 1984)). Thus, Richmond's demand futility allegations are insufficient as a matter of law. Snopes addressed this fatal defect in its moving papers (see Motion at pp. 6:16-7:1), yet Richmond's opposition simply reiterates his erroneous contention that a demand on Mikkelson and Westbrook would be futile because they are personally interested in the Action. Opposition at p. 14:15-18.

Moreover, Richmond must "plead with *particularity* the reasons why such demand would have been futile." *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1046 (9th Cir. 2018) (emphasis added) (citation and internal quotation marks omitted); Rule 23.1. Richmond does not point to any "particularized facts" that support his threadbare allegation of demand futility, and instead requests "leave to amend, so that he can allege with greater particularity the specific personal interests that Mikkelson and Westbrook have in this litigation that render demand futile." Opposition at p. 24:20-23. Richmond does not even attempt to state what additional facts could cure this threshold pleading defect, and as addressed in detail in the moving papers, Richmond simply cannot plead demand futility as to any of the four derivative claims.

**B.     Demand Futility is Conducted on a Claim-by-Claim Basis**

Second, "[d]emand futility analysis is conducted on a claim-by-claim basis." *See In re Countrywide Financial Corp.*, 554 F. Supp. 2d 1044, 1080; *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 833 A.2d 961, 977 n.48 (Del. Ch. 2003) (same). "The fact that demand is futile as to one claim does not mean it is futile as to the others." *Taylor v. Kissner*, 893 F. Supp. 2d 659, 666 (D. Del. 2012) (citing *MCG Capital Corp. v. Maginn*, 2010 WL 1782271, at *18 (Del. Ch. May 5, 2010)). It is therefore insufficient that Richmond broadly contends that his lawsuit subjects Westbrook to a substantial likelihood of personal liability:

> Richmond does not allege that Westbrook derived any benefit from the fraudulent Undertakings or advancement of personal legal fees. Regardless, as discussed below in response to the Rule 12(b)(6) arguments, Richmond states valid claims against Westbrook that subject him to a substantial likelihood of personal liability. This makes Westbrook an interested director, making any demand that Westbrook approve the filing of this Action futile.

Opposition at p. 15:10-15. Rather, "[t]he analysis of whether a majority of the board faces a substantial likelihood of personal liability 'is conducted on a claim-by-claim basis.'" *Teamsters Union 25 Health Servs. & Ins. Plan v. Baiera*, 119 A.3d 44, 58 n.71 (Del. Ch. 2015). However, Richmond does not plead particularized facts showing

3

Westbrook faces a substantial likelihood of personal liability for *any* of the four derivative claims.

In fact, Richmond's first three derivative claims against Mikkelson do not allege any personal liability as to Westbrook, let alone mention him.  As a result, Richmond utterly fails to allege that a demand would have been futile as to a majority of the Board for his first three claims.  *See Behrmann v. Brandt*, No. CV 19-772-RGA, 2020 WL 4432536, at *5 (D. Del. July 31, 2020), *report and recommendation adopted*, No. CV 19-772-RGA, 2020 WL 5752389 (D. Del. Sept. 25, 2020) ("Demand futility must be pled with particularity not only as to each claim, but also as to each defendant.")

As to the fourth derivative claim, Richmond also fails to provide specific, detailed, and credible allegations necessary to show a significant risk of personal liability by either Mikkelson or Westbrook.  Richmond concedes that Westbrook did not derive any benefit from the challenged transactions. Opposition at p.15:10-22.  He also does not allege that Westbrook lacks independence (i.e., that he is "dominated or controlled" by Mikkelson).  Instead, although not properly pleaded in the FAC, Richmond now contends that Westbrook is an interested director because this is the "'rare case' where the circumstances are so egregious that there is a substantial likelihood of liability" against Westbrook.  *Towers v. Iger*, 2017 WL 6044035, at *6 (N.D. Cal. Mar. 10, 2017) (citation and internal quotation marks omitted).

Richmond provides no explanation as to how Westbrook alleged conduct was "so egregious that a substantial likelihood of director liability exists." *Seminaris v. Landa*, 662 A.2d 1350, 1354 (Del. Ch. 1995).  To the contrary, Snopes' moving papers explain that: the underlying advancement of litigation expenses is expressly authorized by the Corporations Code and condoned by courts, the courts have routinely rejected the notion that director review and/or approval of a challenged transaction shows substantial likelihood of liability, and directors are entitled to rely on information provided by management in performing their duties. *See, e.g., In re Yahoo!*, 153 F. Supp. 3d at 1120 (conclusory allegations that directors "'signed' or were involved in

'reviewing' the disclosures at issue" did not excuse demand); *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 130 n.88, 134 (Del. Ch. 2009) (conclusory allegations that the board "reviewed" statements did not show they were "directly responsible for the misstatements or omissions" as required); *In re Maxwell Techs., Inc. Derivative Litig.*, No. 13-CV-966-BEN-RBB, 2014 WL 2212155, at *35 (S.D. Cal. May 27, 2014) (allegations that directors "reviewed the [false] statements pursuant to their responsibilities are insufficient" to show substantial likelihood of liability).  Richmond's opposition simply ignores these dispositive cases and arguments, further confirming that the FAC fails to allege particular facts showing a substantial likelihood of director liability as to either Mikkelson or Westbrook.

### III. THE DERIVATIVE CLAIMS ARE BARRED UNDER RES JUDICATA

Under California law, res judicata applies where "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Cochoit v. Schiff Nutrition Int'l, Inc.*, 227 F. Supp. 3d 1119, 1122 (C.D. Cal. 2017) (citation and internal quotation marks omitted).  Richmond does not dispute the second and third prongs of this doctrine.

Richmond apparently agrees that the primary rights theory applies to determine whether the claims are identical for purposes of claim preclusion. Opposition at pp. 22:3-23:16.  However, he fails to grasp that "the determining factor under California's primary rights approach to defining a single cause of action" is whether the claims "seek recovery for the same damage." *Roche v. Hyde*, 51 Cal. App. 5th 757, 823 (2020).  All four derivative claims in the FAC allege the same damages to Snopes; namely, the misappropriation of Snopes' funds to further the personal litigation interests of Snopes' agents (Mikkelson, Green, and Miller).  FAC, ¶¶63, 69, 71, 80.  The same damages are alleged in Richmond derivative state law claims.  As Richmond admits in his appellate briefing, his Third Amended

5
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 20-CV-1925-W-KSC

Complaint in the State Action "added allegations concerning Snopes' Advancements of personal legal expenses and [Mikkelson]'s self-interested approval of those Advancements, at significant cost to the Company . . . ." RJN, Exh. 35 at p. 31. Richmond even sought disgorgement for alleged "unjust enrichment" resulting from these legal fee advancements, just like Richmond's derivative claim for unjust enrichment in the FAC. *Compare* FAC, ¶71 *with* TAC, ¶324 ("Richmond, on behalf of Snopes [], [is] entitled to disgorgement of all gains, profits, advantages, and unjust enrichment derived by Mikkelson . . . .").

As discussed in the moving papers, both actions involve the same injury (advancements allegedly used to defend and prosecute Mikkelson, Green, and Miller's personal claims) and the same wrong (directing Snopes to advance legal fees). *Compare* ECF 11-4, TAC ¶¶ 14, 119, 131, 316, 319, 320, 348, 349 *with* FAC ¶¶ 59, 60, 65, 66, 71, 76, 77. Richmond does not avoid res judicata by adding new facts or parties, or pleading different theories of recovery.

Snopes seeks judicial notice of records that show the claim preclusive effect of the State Action. However, Richmond criticizes Snopes' request, citing *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 1653427, at *2 (S.D. Cal. May 2, 2017) for the proposition that "as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Opposition at p. 3:25-27. Richmond's quote incorrigibly excludes the very next sentence of the district court's order: "Matters of public record subject to judicial notice are an exception to this rule." *Id.*

It is well-settled that a federal court may "[take] judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes." *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir.2005). Such materials are "'helpful for examining the claims litigated in state court,' *Manufactured Home Cmtys. Inc.*, 420 F.3d at 1037, and are *essential* for the court to make a reasoned judgment about

the claim-preclusive effects of [a] plaintiff's state case." *Adams v. Trimble*, No. 11-cv-01360-KJM, 2012 WL 260160, at *3 (E.D. Cal. Jan. 27, 2012) (emphasis added).

Richmond has been litigating against Snopes and its shareholders for over three years in the State Action. There, Richmond asserted derivative claims based on the same primary rights as the derivative claims in the FAC, which were already adjudicated on the merits in a final, non-appealable order. By repackaging those same claims into this federal action, it seems clear that Richmond is forum shopping in an effort to circumvent the state court's ruling. As the courts have explained, judicial notice of these records are *essential* to show the claim-preclusive effects of the State Action and prevent Richmond from relitigating the same claims.[1]

## IV. RICHMOND IS NOT AN ADEQUATE REPRESENTATIVE

"First and foremost, '[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class.'" *Kenneth v. Yeung Chi Shing Holding (Delaware), Inc.*, No. 18-CV-07644-YGR, 2020 WL 409010, at *6 (N.D. Cal. Jan. 24, 2020). As explained in the moving papers, Richmond is using the derivative claims to create leverage for his personal litigation against Snopes' employees. *See Larson v. Dumke*, 900 F. 2d 1363, 1367 (9th Cir.1990) (affirming dismissal of a derivative action where the plaintiff attempted to use the derivative suit as leverage in his individual suit against the same defendants). The derivative claims relate to legal fees advanced to Snopes' employees in the State Action, all of whom are currently being sued by Richmond. By challenging the legitimacy of Snopes' legal fee advancements, Richmond is threatening the ability of Snopes' employees and directors to obtain the legal funds needed to combat Richmond's

---

[1] The omnibus opposition also mentions allegations of new information unavailable to Richmond prior to 2020. Opposition at p. 19:11-16. According to the FAC, in 2020, Richmond learned some legal fee advancements were "not properly characterized" on Snopes' financial statements. FAC, ¶¶51-54. Even if this allegation is relevant to Richmond's direct claim against Mikkelson and Westbrook, it has no bearing on the causes of action brought derivatively on Snopes' behalf.

onslaught of claims pending against them. See *Bass v. First Pacific Networks, Inc.*, No. C 92-20763 JW, 1993 WL 484715 (N.D. Cal. Sept. 30, 1993) (dismissing a derivative action brought by a shareholder who sought relief that was "clearly designed to favorably impact his own suit"). Richmond's derivative claims are clearly designed to gain an advantage in the State Action and disqualifies him from bringing these claims on Snopes' behalf.

Although briefed at length in Snopes' moving papers, Richmond deliberately ignores this key issue in his Opposition. Yet, Richmond's antagonistic interests are "the most important element to be considered." *Puri v. Khalsa*, 674 Fed.Appx. 679, 682 (9th Cir. 2017). Rather than address this element, Richmond attempts to downplay the threshold representation requirements by suggesting that representative challenges are "difficult [] to sustain on a motion to dismiss." *Richter v. CC-Palo Alto, Inc.*, No. 5:14-cv-00750-EJD, 2017 WL 4236992, at *8 (N.D. Cal. Sept. 25, 2017). Richmond once again misstates the court's holding. In *Richter*, the court found that the defendants disqualification analysis "focused primarily on just two of the eight factors, a difficult one to sustain on a motion to dismiss." *Id.* By contrast, here, four Larson factors militate decidedly against Richmond serving as a representative under Rule 23.1. Moreover, in the same paragraph, the *Richter* court acknowledged that the district court dismissed the derivative action in *Bass* at the pleading stage because the derivative action was "clearly designed to favorably impact [the representative's] own suit" against the corporation. *Id.* For all the reasons stated in Snopes' moving papers, Richmond is clearly unqualified under Rule 23.1 to serve as Snopes' representative.

## V. CONCLUSION

For each of these reasons, Richmond's derivative claims should be dismissed. And because Richmond cannot overcome such failures by amendment, the motion should be granted without leave to amend.

| | | |
|---|---|---|
| 1 | DATED: January 19, 2021 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/Jacob Kozaczuk* |
| 5 | | Paul A. Tyrell<br>Ryan C. Caplan<br>Jacob Kozaczuk |
| 6 | | Attorneys for Nominal Defendant<br>Snopes Media Group, Inc. |