RICHARD P. SYBERT (SBN: 080731)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768

HOLLY L.K. HEFFNER (SBN: 245384)
hheffner@grsm.com
YAN REN (SBN: 323200)
yren@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7474; Facsimile: (619) 696-7124

Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive,<br><br>Defendants,<br><br>and<br><br>SNOPES MEDIA GROUP, INC.,<br><br>Nominal Defendant. | CASE NO. 3:20-cv-01925-W-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKKELSON AND WESTBROOK MOTION FOR SANCTIONS**<br><br>(Concurrently filed with Notice of Motion, Attorney Declaration)<br><br>Hearing Date: March 1, 2021<br>[NO ORAL ARGUMENT per Civil Local Rule 7.1(d)(1)]<br><br>District Judge: Thomas J. Whelan<br>Magistrate Judge: Karen S. Crawford<br><br>Complaint filed: September 25, 2020<br>FAC filed: December 2, 2020 |

Defendants David Mikkelson and Brad Westbrook (collectively, "Defendants") respectfully submit the following memorandum of points and authorities in support of their motion for sanctions.

## I. **INTRODUCTION**

Plaintiff Christopher Richmond and his attorney Matthew Hrutkay filed the present frivolous lawsuit for the improper purpose of harassing Defendants and cutting off the funds they need to defend against Richmond's claims in a pending state court action.

This case purports to state derivative causes of action on behalf of Defendant Snopes Media Group, Inc. ("SMG") based on its advancement of legal fees for its officers and directors, including Defendant David Mikkelson, to defend against Richmond's state court lawsuit on grounds that the advancements were obtained by false pretenses. Richmond alleges that, contrary to Mikkelson's representations, he was not sued as an "agent" of SMG and has used the advancements to assert affirmative cross-claims in his individual capacity, rather than to strictly "defend" against Richmond's state court action. Putting aside Richmond's failure to state a claim under Rule 12(b)(6), as set forth in Defendants' motion to dismiss (ECF 11), the parties and their privies already litigated these same derivative claims *extensively* in the state court case wherein Richmond lost. His derivative claims are, thus, barred by res judicata and are entirely without merit.

Richmond also asserts a direct claim for breach of fiduciary duty that is likewise baseless because the alleged harm (the filing of incorrect tax returns) is equally applicable to all shareholders and, therefore, cannot be brought as a direct claim; nor can Richmond amend to state the claim derivatively because, as the state court held, Richmond is overtly hostile to SMG and cannot serve as its fiduciary, among other reasons.

To bring these legally unjustifiable claims before this Court is a grossly selfish and inconsiderate waste of the Court's and Defendants' time and resources

that Richmond and Mr. Hrutkay declined to remedy during the twenty-one day safe harbor period after service of the instant motion. As such, Defendants respectfully ask the Court to sanction Richmond and Mr. Hrutkay, pursuant to Rule11, in an amount calculated to deter future abuse, including Defendants' reasonable fees and costs incurred in defending this baseless lawsuit and filing the instant motion.

## II.   BACKGROUND[1]

Richmond and his associates filed a third amended complaint ("TAC") in the San Diego Superior Court challenging *inter alia* SMG's advancement of legal fees to its directors and officers for the costs of their defense in that case. (ECF 11, Exhibits 1 (Register of Actions) and 2 (TAC).)

In response, Mikkelson and SMG each filed an anti-SLAPP motion and a demurrer. (ECF 11, Exhibits 4-10.) The state court granted both Mikkelson's and SMG's anti-SLAPP motions in their entirety and struck all allegations and derivative claims based on the advancement of legal fees. (ECF 11, Exhibits 11-12.) The state court found that the board's authorization of legal fees to Mikkelson and other SMG agents was "conduct that furthered the exercise of the constitutional right of petition – litigation funding" and that Richmond, et al. failed to show that their claims had "minimal merit." (*Id.*) The state court also sustained both SMG's and Mikkelson's demurrers and dismissed several claims including breach of fiduciary duty brought derivatively by Richmond on the ground that Richmond is not qualified to represent SMG. (ECF 11, Exhibits 13-20.)

Richmond initially appealed both orders granting Mikkelson's and SMG's anti-SLAPP motions. (ECF 11, Exhibits 21-22.) However, he subsequently dismissed his appeal of the order granting SMG's motion. (ECF 11, Exhibit 23.)

---

[1] A more detailed factual and procedural background is set forth in Defendants' and SMG's respective motions to dismiss, which Defendants incorporate herein by reference rather than repeating. (ECF 11-1 (Defendants' Motion to Dismiss); *see also* ECF 12-1 (SMG Motion to Dismiss).)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1 While Richmond's appeal of the order granting Mikkelson's anti-SLAPP motion
2 is pending, it does not challenge dismissal of the derivative claims raised again by
3 the instant lawsuit. (ECF 11, Exhibits 24-26.)

## III. THE RULE 11 STANDARD

"Rule 11 outlines procedural and substantive requirements to guide whether a court should sanction an attorney. '[T]he central purpose of Rule 11 is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts.'" *Lee v. POW! Entm't, Inc.*, 468 F. Supp. 3d 1220, 1230 (C.D. Cal. 2020), citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 11 (1990).

Under Rule 11, the party moving for sanctions must serve the motion on the opposing party pursuant to Rule 5 no less than twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). This safe harbor period allows the opposing party to withdraw or appropriately correct the challenged pleading without penalty. *Id.*, at 11(c)(2); *Lee*, 468 F. Supp. 3d at 1230. If the opposing party fails to remediate the concern, the moving party may then file its motion with the court "describ[ing] the specific conduct that allegedly violates Rule 11(b)." *Id*.

Provided these procedural requirements are met, the court may sanction any person who signs and presents to the Court a pleading that is either "frivolous" or filed for an "improper purpose." *Lee*, 468 F. Supp. 3d at 1230, citing Rule 11(b) and *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Rule 11 states, in relevant part:

> **(b) Representations to Court**. By presenting to the court (whether by signing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery
>
> **(c) Sanctions**. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation….

Whether certification is violated is tested objectively, i.e. whether the paper filed is frivolous, legally unreasonable, or without factual foundation, even though not filed in subjective bad faith. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986).

When Rule 11 is violated, appropriate sanctions may include "an order to pay a penalty into the court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4).

## IV. ANALYSIS

### A. Rule 11's Procedural Requirements are Satisfied

Defendants served the present memorandum of points and authorities, along with the notice of motion, and attorney declaration on Plaintiff's counsel by email on January 4, 2021. (Heffner Decl. ¶ 2.) Plaintiff did not withdraw his complaint in response. (*Id.*, at ¶ 3.) Defendants filed this motion twenty-two days later, on January 26, 2021.

### B. This Lawsuit is Frivolous

The Court may sanction an attorney or party under Rule 11 for filing a pleading that is "frivolous." *Estate of Blue*, 120 F.3d at 985. "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry."

-5-
MEMORANDUM OF POINTS AND AUTHORITIES        Case No.3:20-cv-01925

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). As
2  next discussed, Richmond's FAC is baseless and was filed without proper inquiry.
3        *i.     Richmond's five causes of action are baseless.*
4      As detailed in Defendants' motion to dismiss (ECF 11-1, 11:10-14:2),
5  incorporated herein by reference, Plaintiffs first through fourth causes of action
6  are barred by res judicata. Each derivative claim Richmond purports to raise in
7  the FAC was previously raised by him and adjudicated in the state court action,
8  and which resulted in dismissal upon Mikkelson and SMG's anti-SLAPP motions.
9  (ECF 11-1 at 11:10-14:2; *see also* ECF 12-1 at 13:9-20:22.) Claims barred by res
10 judicata are baseless. *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)
11 (affirming district court's holding that case barred by res judicata is frivolous);
12 *Lee*, 468 F. Supp. 3d at 1232 (granting motion to dismiss and Rule 11 motion
13 sanctioning plaintiff in the amount of one million dollars and holding her
14 attorneys jointly and severally liable for 25% of that amount, in addition to
15 movants attorneys' fees expended in bringing the motion).
16     Richmond's one non-derivative claim is likewise baseless. As explained in
17 Defendants' motion to dismiss, the fifth cause of action is a direct claim for
18 breach of fiduciary duty that fails as a matter of law because the harm alleged
19 affects all shareholders equally and is not distinct to Richmond, as required to
20 state the claim. (*See* ECF 11-1 at 24:11-25:18.) The claim is unquestionably
21 meritless and properly dismissed with prejudice, because it cannot be amended to
22 allege a proper injury nor can it be asserted derivatively. (*Id.*)
23     As discussed in Defendants' and SMG's motions to dismiss, again
24 incorporated by reference, Richmond is not a proper derivative plaintiff for at
25 least two reasons: (1) he admittedly did not make demand on the SMG board and
26 he cannot plead demand futility; and, (2) he is not a "fair and adequate"
27 representative of SMG because, as the state court repeatedly found, Richmond is
28 overtly hostile to SMG. (*See* ECF 11-1 at 15:3-18:9; *see also* ECF 12-1 at 5:16-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

13:8.)

      *iv.*  *There was no reasonable, competent inquiry.*

  Here, the Court considers the reasonableness of the conduct, not the subjective intent of the attorney or his client. The "'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar*, 780 F.2d at 830.

  It is patently unreasonable to file a complaint in federal court based on claims you previously raised and lost in state court. The doctrine of res judicata "seeks to prevent expenditure of judicial resources on repeat litigation and fosters conclusive resolution of disputes." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). When a party ignores the doctrine and files suit knowing the issues have already been litigated, this is a selfish and blatant disregard of the Court's and the other party's time and resources. Yet this is exactly what Richmond and his counsel have done here.

  Mr. Hrutkay is counsel of record in the state court matter. (ECF 11, Exhibit 1, p. 1.) And Mr. Hrutkay filed the notices of appeal of the state court's orders granting Mikkelson's and SMG's anti-SLAPP motions, which struck Richmond's derivative claims challenging SMG's legal fees advancements. (*See* ECF 11, Exhibits 21-24, 26.) Subsequently, Mr. Hrutkay filed a request to dismiss the appeal of the order granting SMG's anti-SLAPP motion (*Id.*, at Exhibit 23); and, his appeal of the order granting Mikkelson's anti-SLAPP motion does not challenge the portion of the order dismissing the derivative claims raised yet again by the instant lawsuit. (*Id.*, at Exhibit 24, p. 14 (challenging the advancement allegations only in the context of the general allegations and within Appellants' Sixth and Ninth Causes of Action for breach of fiduciary duty and removal of director—both of which are direct, non-derivative claims).)

  Despite this, Mr. Hrutkay improperly attempts to recycle the same claims rejected by the State Court. Such conduct is "legally unreasonable" and "without

-7-

1 factual foundation." *See Zaldivar*, 780 F.2d at 831.

2 To the extent Mr. Hrutkay argues that the FAC raises a new claim (i.e., the fifth cause of action), it too was filed without reasonable inquiry. A reasonable, competent investigation would reveal that Richmond has no separate and distinct injury that would allow him to bring a direct claim. (*See* ECF 11-1 at 24:11-25:18.) And certainly after receipt of the instant motion and having twenty-one days to consider the issue, a reasonable and competent attorney would dismiss the FAC in its entirety. Mr. Hrutkay, however, chose not to do so and cannot now claim ignorance of the law or subjective good faith. *Zaldivar*, 780 F.2d at 830 ("The force of the rule is to eliminate the defense of personal ignorance of defects in a paper challenged as unmeritorious.").

Thus, not only are these claims baseless, Mr. Hrutkay knew they were baseless when he filed and/or maintained the instant action, which could not be done with a reasonable and competent inquiry.

### C. This Lawsuit Was Filed for an Improper Purpose

The signer of any pleading certifies that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The signer's "purpose" is to be tested by objective standards. *Townsend*, 929 F.2d at 1365 ("Either the improper purpose or frivolousness ground is sufficient to sustain a sanction.").

When an experienced attorney, such as Mr. Hrutkay (https://www.hrutkaylaw.com), files a meritless case, "a strong inference arises that their bringing of an action . . . was for an improper purpose." *Huettig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*, 790 F.2d 1421, 1427 (9th Cir. 1986) (citation omitted). Mr. Hrutkay is counsel of record in the state court case and intimately familiar with that court's orders. Still, he filed this lawsuit. Objectively, Mr. Hrutkay knows that the causes of action he asserts are

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

baseless and should not have been filed. *Zaldivar*, 780 F.2d at 832 ("Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11."); *Buster*, 104 F.3d at 1190 (holding "effort to relitigate the prior case" supports a finding of harassment).

But this frivolous lawsuit goes far beyond harassment—it is a blatant attempt to deprive SMG's agents of the funding necessary to defend against Richmond's personal claims in the state court action. *See e.g., Kunimoto*, 26 F. App'x at 633 (finding "the district court had ample justification for finding that the complaints were filed for the improper purpose 'of harassing and pressuring the Defendants to settle other pending litigation'"). An "attempt to gain tactical advantage in another case" is an improper purpose warranting sanctions. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001), citing *In re Itel Securities Litigation*, 791 F.2d at 675 (9th Cir. 1986).

### D.   Sanctions Are Appropriate and Necessary

"The court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). And the "court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Id.*, at subsection (c)(2).

"Ordinarily, the person who signed or otherwise 'presented' the pleading or paper will be sanctioned for the violation—the lawyer, not the client. [] However, the party may be held liable if the Rule 11 violation is one other than or in addition to frivolous contentions of law. *Lee*, 468 F. Supp. 3d at 1233–34, citing Fed. R. Civ. Proc. 11(c)(4), and (c)(5)(A). Here, both Richmond and Mr. Hrutkay signed the verified FAC. And, in addition to being frivolous, the FAC was filed for the improper purpose of harassing Defendants and attempting to gain a tactical advantage in the state court matter by cutting off Defendants' litigation funding.

///

1  For these reasons, Defendants respectfully ask the Court to sanction Mr. Hrutkay *and* Richmond and include an award for Defendants' reasonable attorneys' fees and costs incurred in defending against the FAC and filing the instant motion. Such sanctions serve the dual purposes of making Defendants "whole for expenses caused by [their] opponent's [misbehavior]" (*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002)) and deterring subsequent abuses (*In re Yagman*, 803 F.2d 1085 (9th Cir. 1986)).

### V.  CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to enter an order sanctioning Richmond and his counsel, Matthew Hrutkay and Hrutkay Law PC, jointly and severally for the legal fees and costs incurred in defending the FAC and the filing of this motion, the exact amount to be determined by separate memorandum.

Dated: January 26, 2021

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

By: */s/ Holly L.K. Heffner*
   Richard P. Sybert
   Holly L.K. Heffner
   Yan Ren
   Attorneys for Defendants
   DAVID MIKKELSON and
   BRAD WESTBROOK