RICHARD P. SYBERT (SBN: 80731)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768

HOLLY L.K. HEFFNER (SBN: 245384)
hheffner@grsm.com
YAN REN (SBN: 323200)
yren@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7474; Facsimile: (619) 696-7124

Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive,<br><br>Defendants,<br><br>and<br><br>SNOPES MEDIA GROUP, INC.,<br><br>Nominal Defendant. | CASE NO. 3:20-cv-01925-W-KSC<br><br>**DEFENDANTS MIKKELSON'S AND WESTBROOK'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Hearing Date: April 1, 2021<br>[NO ORAL ARGUMENT per Civil Local Rule 7.1(d)(1)]<br>District Judge: Thomas J. Whelan<br>Magistrate Judge: Karen S. Crawford<br><br>Complaint filed: September 25, 2020<br>FAC filed: December 2, 2020 |

-1-

## I. INTRODUCTION

Plaintiff's opposition simply "doubles down" on his frivolous lawsuit and the frivolous arguments made in opposition to Defendants' Motion to Dismiss. This action is unwarranted under existing law, and due to the clear procedural bar, among other issues, was filed without an objectively reasonable inquiry into the facts and law. Sanctions are warranted and necessary to deter future misconduct.[1]

## II. PLAINTIFF'S SUIT IS BASELESS AND WARRANTS SANCTIONS

Plaintiff's derivative claims are barred by *res judicata* and the direct claim clearly fails as a matter of law. In his Opposition, Plaintiff takes issue with Defendants' incorporation by reference of arguments from their and Snopes's pending Motions to Dismiss; contending – without authority or explanation – that such renders Defendants' arguments "conclusory", unsupported, and somehow shows "ignorance" of Plaintiff's "valid arguments" such that it is Defendants' motion that violates Rule 11. (ECF 31 [Opposition or "Opp.", 12:5-13:5].) Plaintiff's argument is unsupported, and does not defeat Defendants' Motion.

Defendants discuss in detail their burden under Rule 11 (ECF 26-1, 4:4-5:17), and "describe the specific conduct that allegedly violates Rule 11(b)", as required under Rule 11(c)(2) (*id.*, at 5:25-8:14, citing ECF 11-1, 11:10-14:2), which such reasons are also set forth in codefendant Snopes's sanctions motion. (ECF 12-1, 13:9-20:22.) Defendants also fully briefed their *res judicata* and other arguments in a 21-page memorandum (ECF 11-1) and a 10-page reply (ECF 23), the latter of which properly addresses the *res judicata* arguments Plaintiff raised in Opposition to Defendants' Motion to Dismiss and shows Plaintiff's arguments are *not* "valid", Defendants are well aware of and not "ignorant" of Plaintiff's

---

[1] Plaintiff's own defensive request for sanctions for Defendants' filing of their Rule 11 motion is procedurally improper and frankly absurd because Defendants' motion is properly granted.

-2-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**  Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

arguments, and that the instant motion remains properly granted.  (*Contra* Opp. 12:1-4.)  Plaintiff does not claim lack of notice for this Motion[2]; nor did he request clarification or additional information from Defendants, or make any attempt to discuss the issues, during the 21-day safe harbor period or during the 51 days he had to oppose the Motion after it was filed, for a total of 72 days that he had to withdraw his complaint.

Unbelievably, after basing his opposition in large part on the non-issue of Defendants' judicious incorporation by reference, Plaintiff does the same thing, arguing that his suit is not barred by *res judicata* "as Plaintiff identified in his opposition to the Motions to Dismiss." (Opp., 12:16; *see also* 11:28-12:1; 23:18-24:1.)  Plaintiff also fails to substantively rebut Defendants' Sanctions Motion.

Plaintiff's derivative claims are barred by *res judicata*, and Plaintiff's arguments to the contrary are frivolous and unwarranted under existing law.  *See* Fed. R. Civ. Proc. 11(b)(2).  Both this case and the State Action involve the same injury (advancements allegedly used to defend and prosecute Mikkelson, Green, and Miller's personal claims) and the same wrong (directing SMG to advance the fees)." (*See* ECF 23 [Motion to Dismiss Reply, 12:14-13:19].)  In Opposition, Plaintiff argues that the State Court claims "were not predicated on any fraudulent statement in the undertakings, as are the present claims[; i]nstead, they were premised on Snopes' right to be free from self-interested decisions by the board of directors."  (Opp. 5:14-17.)  But this is just another way of describing the State

---

[2] Defendants' Notice of Motion, initially served on Plaintiff on January 4, 2021, filed and again served on January 25, 2021, specifically states that it is based on *inter alia* Defendants' motions to dismiss (ECF 11 and 12)" (*see* ECF 26, 2:16-20); and Plaintiff admits that "the Individual Defendants" Motion for Sanctions is based on grounds "identical" to Snopes's Sanctions Motion and notes that Defendants' frivolity arguments are reiterated from their Motion to Dismiss.  (Opp. 8:24-26; 12:10.)

-3-

**DEFENDANTS' REPLY**
**IN SUPPORT OF SANCTIONS MOTION**　　　　　　　　　　Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Court claims and constitutes an admission that *res judicata* does apply.  (*Compare* FAC ¶¶ 59, 60, 65, 66, 76, 77 *with e.g.,* TAC ¶¶ 14, 119-134, 340-348.)

The fact that Plaintiff repackaged his claim as one sounding in fraud and selected a different remedy does not avoid *res judicata*, because Richmond *could* have asserted the same fraud cause of action and sought the same remedy in the State Action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were <u>or could have been raised in that action</u>." (emphasis added)); *see also Shack v. NBC Universal Media, LLC*, 467 F. Supp. 3d 885, citing *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010) ("The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." [parenthesis in original]).

Because *res judicata* bars Plaintiff's derivative causes of action, these claims are frivolous.[3]  *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997); *see also Lee v. POW! Entm't, Inc.*, 468 F. Supp. 3d 1220, 1232 (C.D. Cal. 2020).  And, for the same reasons discussed in Defendants' Motion to Dismiss, Plaintiff cannot establish standing for his derivative claims (ECF 11-1, 15:3-18:9 and ECF 23, 13:21-14:6) or satisfy Rule12(b)(6) (ECF 11-1, 18:10-24:10 and ECF 23, 5:2-), thus further establishing the frivolity of these claims.

Plaintiff's one direct claim is also frivolous because, in short, "it cannot be amended to allege a proper injury nor can it be asserted derivatively."  (ECF 26-1, 6:16-7:1, citing ECF 11-1, 24:11-25:18, 15:3-18:9, and ECF 12-1, 5:16-13:8.)  In his Opposition, Plaintiff does not dispute the latter point but contends that this is a

---

[3] Defendants do not address Plaintiff's attacks on Snopes' Motion in this brief (*see* Opp., 13:6-15); but do dispute Plaintiff's unsupported contention that Defendants are using Snopes to "fight personal battles" (*id.*).

-4-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**                          Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  proper direct claim because inaccurate tax returns "caused in [*sic*] improper
2  calculation of the taxes to be paid by each individual shareholder…" But that
3  alleged "injury is [merely] incidental to or an indirect result of a direct injury to the
4  corporation or to the whole body of its stock or property". (*See* ECF 24:24-25:9,
5  citing *Mieuli v. Debartolo*, 2001 U.D. Dist. Lexis 22519 (N.D. Cal. 2001).) As
6  alleged and in fact, Defendants did nothing to Plaintiff; rather, they allegedly
7  caused the *corporation* to file incorrect tax return that may *potentially* – if the
8  allegations are correct (which has not been shown or even factually alleged) –
9  cause Plaintiff's returns to need revision. However, such revision would not be the
10 same as the alleged injury of "criminal, regulatory, and/or civil liability, among
11 other individual damages." (FAC ¶¶ 89, 90.)

12  Plaintiff does not dispute that, as set forth in Defendants' Motion to Dismiss
13 Reply, such alleged potential "harm" has not yet happened; or that, in fact, *all* of
14 his causes of action (direct and derivative) fail as a matter of law for lack of
15 damages. (ECF 23, 11:18-12:12.)

16  Plaintiff's allegations are expressly and impermissibly based on imagined
17 scenarios that have not yet come to pass, and may never come to pass. Plaintiff's
18 FAC is devoid of <u>*factual*</u> allegations, and he makes <u>*no*</u> showing in opposition to
19 Defendants' Sanctions Motion, that:

20  (i) Mikkelson, Green, and Miller are not entitled to corporate
21 indemnification or, alternatively, if they are not so entitled, that they are unable to
22 repay the legal fee advancements – to the contrary, Plaintiff <u>admits</u> that defendants
23 Mikkelson, Green, and Miller's repayment "remains a real possibility" (*see* ECF
24 23, 11:19-12:5); or that,

25  (ii) Snopes's tax returns were in fact inaccurate and, as a result, Richmond is
26 <u>*actually*</u> – rather than "*potentially*", as alleged – subject to "criminal, regulatory,
27 and/or civil liability, among other individual damages." (FAC ¶¶ 89, 90.)

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-5-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**   Case No.3:20-cv-01925

### III. COUNSELS' DECLARATIONS DO NOT SHOW AN OBJECTIVELY COMPETENT INQUIRY

In response to Defendants' argument that Plaintiff's lawsuit was filed without reasonable, competent inquiry, Plaintiff's counsel submit two nearly verbatim declarations stating that they assessed and analyzed the bases of the claims and concluded that the claims are not barred by *res judicata*. (*Compare* ECF 31-3, ¶ 10 *with* 31-2, ¶ 2.) The point of these self-serving declarations is unclear because the court makes this determination, not counsel. "The subjective intent of the filing attorney is irrelevant; the standard is objective 'reasonableness,' viewed from the perspective of a competent attorney admitted to practice before the district court." *ENTTech Media Grp. LLC v. Okularity, Inc.*, No. 2:20-CV-06298-JWH-EX, 2021 WL 916307, at *7 (C.D. Cal. Mar. 10, 2021) (citing *G.C. & K.B. Investments*, 326 F.3d 1096, 1109 (9th Cir. 2003) (emphasis added)).

Contrary to these declarations, with respect to the derivative claims, no "new facts… have developed since dismissal of the claims in the State Action" that were "unavailable to the State Action Plaintiffs when filing the TAC." (*See* ECF 31-3, ¶ 10; and 31-2, ¶ 2.) The advancements, and the Undertakings upon which the advancements were based, are the same as those complained of in the State Action. Plaintiff's alleged receipt of financial documents showing that "Snopes paid out millions in legal fee advances pursuant to the [allegedly] materially false and misleading Undertakings" (Opp. 6:19-21), is immaterial because, at most, such constitutes evidence supporting claims previously adjudicated in the State Action—not grounds for a new lawsuit. For instance, in his declaration in opposition to Mikkelson's anti-SLAPP Motion, Plaintiff states:

> "[A]s a result of these unlawful transfers of Snopes Media Group's funds to Mikkelson, Green, and Miller for their personal use, Snopes Media Group has been unable to pay any distributions to its shareholders, including Plaintiffs Schoentrup and Richmond… [and] Snopes Media Group is in critical financial condition and is in

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

imminent danger of insolvency and shutting its doors.  Snopes Media Group's impending demise threatens to cause immediate harm not only [to] Snopes Media Group and its shareholders, including Schoentrup and Richmond…." (ECF 11-8 [Richmond's Declaration in Opposition to Mikkelson's anti-SLAPP Motion, ¶¶ 134; *see also* ¶¶ 119-133].)

Here, the alleged "new" financial statements merely support allegations Plaintiff *repeatedly* asserted in the State Action in support of claims the State Court dismissed on the merits.  (*See* ECF 11-1, 13:11-14:3.)

Plaintiff's further argument that Defendants provide "no evidence" that Plaintiff's claims are "objectively unreasonable" is nonsensical and not supported with authority, or sound reasoning. (*See* Opp. 12:7-.)  The "evidence" is Plaintiff's claims themselves and Defendants' legal analysis, as detailed in their and Snopes's pending Motions to Dismiss.  The court must analyze whether it was *objectively* reasonable for Plaintiff to file the claims that he filed, in light of the reasons for dismissal set forth in Defendants' Motions.  No additional "evidence" is necessary.

## IV.  PLAINTIFF DID NOT FILE THIS LAWSUIT FOR SNOPES'S BENEFIT

Plaintiff disingenuously claims that he brings this lawsuit for Snopes's benefit, and not to gain a tactical advantage in the State Action.  One is reminded of Orwell's *1984*, or the famous saying from the Vietnam War that "we must destroy this village to save it."  Richmond's hostility towards Snopes is well documented and repeatedly recognized by the State Court. (*See e.g.*, ECF 11-1, 17:14-18:9; ECF 12-1, 2:13-3:6, 4:16-20, 20:24-21:25.)

It cannot be understated—much less ignored, as Plaintiff would have this Court do—that, by this action, Plaintiff stands to personally benefit by depriving his adversaries in the State Action of the funding they need to defend against his lawsuit; while also making funds available for *inter alia* distributions to Plaintiff as

-7-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**               Case No.3:20-cv-01925

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

a Snopes shareholder, as alleged in the FAC ¶¶ 63, 69, 80, 81 ("… <u>funds which otherwise would and should have</u> gone to Snopes' operations and/or <u>been available to Snopes' shareholders, including, but not limited to Richmond, as distributions</u>.") (emphasis added).

While Plaintiff argues that he brought this action merely to "recoup Snopes' losses, not prohibit any future advances" (Opp. 21:10-25), <u>Snopes has yet to suffer losses</u>. Just as the State Court held:

> Again, Richmond does not cite any facts to support actual injury has already occurred. Mikkelson, Miller, and Green have executed undertakings, such that Snopes will not "lose" any money unless Mikkelson, Miller, and Green are indemnified or Mikkelson, Miller, and Green's undertakings fail. Plaintiffs do not assert Mikkelson, Miller, and Green have been indemnified nor that their undertakings have failed. While the loss of funds towards advancements could potentially put Snopes closer to insolvency, Plaintiffs do not cite any actual "lost money or property." Plaintiffs do not cite any facts to support an assertion that Snopes has been unable to operate normally as a result of the danger of insolvency or that it has lost any revenue or reputation as the result of the purported danger of insolvency. Richmond's declaration is insufficient to show any suffered injury in fact and "lost money or property."

(ECF 11-14, p. 3-4 [parentheses in original; emphasis added].)[4]

The frivolousness of Plaintiff's claims, discussed *supra*, further confirms that the instant action was improperly brought to harass and needlessly increase the cost of litigation and to deprive Defendants of the funds they need to defend against Plaintiff's claims. *See* Fed. R. Civ. P. 11(b)(1).

///

///

---

[4] Moreover, it is simply disingenuous to argue, as Plaintiff does, that a favorable judgment in this lawsuit would "not prohibit any future advances" to fund Mikkelson, Green, and Miller's defense in the State Action. (Opp. 21:13-25.) It is well established that collateral estoppel operates as a sword, and not just a shield.

-8-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**              Case No.3:20-cv-01925

1  Plaintiff attempts to support his Opposition by citing a multitude of
2  <u>irrelevant</u> "evidence," to which Defendants object in the concurrently filed
3  Objections to Evidence, and contends that it is *Defendants* who seek "to gain a
4  tactical advantage" and "to fuel their litigation." (Opp. at 21–22.) *Yet it is Plaintiff*
5  *who filed this meritless lawsuit* – not Defendants. Defendants' motive is clear: to
6  have this suit dismissed, because it should not have been filed in the first instance,
7  and to be reimbursed for their needless expenditure of attorneys' fees and costs to
8  defend claims barred by *res judicata* and that are otherwise baseless.

9  Defendants GoFundMe page on its face is simply a legitimate and needed
10 effort to raise money to fund the defense of Plaintiff's multiple lawsuits; and not,
11 as Plaintiff wildly suggests, "to fuel their litigation against Richmond here, and
12 against all Plaintiffs in the State Action." (Opp. 21:26-22:4.) Again, Plaintiff
13 brought this litigation and Plaintiff is the aggressor; Defendants are simply
14 defending themselves; they are responding to Plaintiff's litigation, not "fueling" it.
15 Further, the updates and solicitations on the fundraising website are accurate;
16 Plaintiff identifies not a single misrepresentation. (*Contra* Opp. 21:26-22:4.)

17 Ultimately, Plaintiff's resort to "evidence" that is so far afield from the
18 issues raised in the FAC underscores the frivolousness of the FAC.

## V. PLAINTIFF'S REQUEST FOR SANCTIONS IS PROCEDURALLY IMPROPER AND UNSUPPORTED

21 Plaintiff contends that Defendants should be sanctioned for filing their
22 Sanctions Motion. Plaintiff's sole argument behind this request is that Defendants'
23 Motion must have been filed in bad faith because it did not address the arguments
24 in Plaintiff's Motion to Dismiss Opposition, which was filed two weeks prior.
25 (Opp. 23:18-24:8.)
26 ///
27 ///
28

-9-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**  Case No.3:20-cv-01925

*Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101*

1  This strange contention is simply a case of "the best defense is a good offense." As Plaintiff well knows, in order to give Plaintiff the opportunity to cure his violation, Defendants were required to serve their Rule 11 motion on Plaintiff 21 days prior to filing. Fed. R. Civ. Proc. 11(c)(2); *Barber v. Miller* (9th Cir. 1998) 146 F.3d 707, 710 ("To stress the seriousness of a motion for sanctions and to define precisely the conduct claims to violate the rule, … the 'safe harbor' period begins to run only upon service of the motion" and warnings are not motions."). In compliance with the Rule, Defendants served their motion and, 21 days later, filed the *same* motion, as required. *Barber*, 146 F.3d at 710. Defendants properly addressed Plaintiff's Motion to Dismiss Opposition in their Motion to Dismiss Reply. Had the Opposition somehow validated Plaintiff's claims, Defendants would have withdrawn their Sanctions Motion, but it did not.

Moreover, Plaintiff's request for sanctions is procedurally improper. "A motion for sanctions must be made <u>separately</u> from any other motion . . .." Fed R. Civ. P. 11(c)(2) (emphasis added). As courts in this district have recognized, failure to comply with this requirement is in itself sufficient reason to deny the request. *See Quidel Corp. v. Siemens Med. Sols. USA, Inc*., No. 16-CV-3059-BAS-AGS, 2019 WL 5328740, at *2 (S.D. Cal. Oct. 21, 2019) (denying request for sanctions because "Plaintiff did not file a separate motion for sanctions, and only dedicated one paragraph of its opposition to its request."). Even more, Plaintiff did not comply with the safe harbor provision, as is required. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff's request must be denied.

## VI. CONCLUSION

For the foregoing reasons, and the reasons set forth in the moving papers, Defendants request that the Court grant their Motion and sanction Plaintiff and his counsel, Mr. Hrutkay and Hrutkay Law PC.

///

-10-

**DEFENDANTS' REPLY
IN SUPPORT OF SANCTIONS MOTION**          Case No.3:20-cv-01925

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 25, 2021 | GORDON REES SCULLY MANSUKHANI |
|  | By: */s/ Holly L.K. Heffner* |
|  |     Richard P. Sybert |
|  |     Holly L.K. Heffner |
|  |     Yan Ren |
|  |     Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1223480/57243553v.1

-11-

**DEFENDANTS' REPLY IN SUPPORT OF SANCTIONS MOTION**　　　　　Case No.3:20-cv-01925