RICHARD P. SYBERT (SBN: 080731)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768

HOLLY L.K. HEFFNER (SBN: 245384)
hheffner@grsm.com
YAN REN (SBN: 323200)
yren@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7474; Facsimile: (619) 696-7124

Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive,<br><br>Defendants,<br><br>and<br><br>SNOPES MEDIA GROUP, INC.,<br><br>Nominal Defendant. | CASE NO. 3:20-cv-01925-W-KSC<br><br>**DEFENDANTS MIKKELSON'S AND WESTBROOK'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF OPPOSITION**<br><br>Hearing Date: April 1, 2021<br>[NO ORAL ARGUMENT per Civil Local Rule 7.1(d)(1)]<br>District Judge: Thomas J. Whelan<br>Magistrate Judge: Karen S. Crawford<br><br>Complaint filed: September 25, 2020<br>FAC filed: December 2, 2020 |

Defendants Mikkelson and Westbrook submit the following objections to evidence submitted by Plaintiff in support of his Opposition to Defendants' Motion for Sanctions.

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 1 - Exhibit F (ECF 31-6): Complaint in the matter of *Garcia v. Snopes Media Group, Inc.*, Case No. 37-2020-00043961 | **Irrelevant [FRE 401, 402]**. Third party employment complaint has no tendency to make a fact more or less probable than it would be without the evidence; and is of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The complaint is an out-of-court statement offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403]**. The complaint has no probative value and risks unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

| | Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|---|
| | No. 2 - Richmond Decl. ¶ 14 (ECF 31-1) | **Irrelevant [FRE 401, 402]**. Third party employment complaint and Plaintiff's statements regarding same have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The complaint is an out-of-court statement offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403 ]**. Third party employment complaint and Plaintiff's statements regarding same have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-3-
**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE**   Case No.3:20-cv-01925

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 3 - Richmond Decl. ¶ 15 (ECF 31-1) | **Irrelevant [FRE 401, 402]**. Third party employment complaint and purported communications regarding same have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The purported communications are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403 ]**. The complaint and purported communications regarding same have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 4 - Richmond Decl. Exhibit M (ECF 31-1): e-mail string | **Irrelevant [FRE 401, 402]**. Third party employment complaint and purported communications regarding same have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The purported communications are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403 ]**. The complaint and purported communications regarding same have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-5-
**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE**    Case No.3:20-cv-01925

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 5 - Richmond Decl. ¶ 16 (ECF 31-1) | **Irrelevant [FRE 401, 402].** Document requests and purported communications regarding same have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802].** The purported communications are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403].** Document requests and purported communications regarding same have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-6-
**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE**   Case No.3:20-cv-01925

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 6 - Richmond Decl. Exhibit N (ECF 31-1): e-mail chain | **Irrelevant [FRE 401, 402].** Document requests and purported communications regarding same have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802].** The purported e-mails are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403 ].** Document requests and purported communications regarding same have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE**   Case No.3:20-cv-01925

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 7 – Richmond Decl. ¶ 17 (ECF 31-1) | **Irrelevant [FRE 401, 402]**. The purported e-mails and opinions stated therein have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The purported e-mails are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403 ]**. The purported e-mails and opinions stated therein have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

| Evidence Objected To | Basis for Objection | Ruling |
|---|---|---|
| No. 8 - Richmond Decl. Exhibit O (ECF 31-1): e-mail chain | **Irrelevant [FRE 401, 402]**. The purported e-mails and opinions stated therein have no tendency to make a fact more or less probable than it would be without the evidence; and are of no consequence in determining the action.<br><br>**Hearsay [FRE 801-802]**. The purported e-mails are out-of-court statements offered to prove the truth of the matter asserted.<br><br>**Probative value substantially outweighed [FRE 403]**. The purported e-mails and opinions stated therein have no probative value and risk unfair prejudice and confusing of the issues. | ☐ Sustained<br><br>☐ Overruled |

Respectfully submitted,

Dated: March 25, 2021

GORDON REES SCULLY MANSUKHANI

By: */s/ Holly L.K. Heffner*
    Richard P. Sybert
    Holly L.K. Heffner
    Yan Ren
    Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK