1  RICHARD P. SYBERT (SBN: 080731)
   rsybert@grsm.com
2  GORDON REES SCULLY MANSUKHANI
3  5901 Priestly Drive, Suite 308
   Carlsbad, CA 92008
4  Telephone: (619) 230-7768
5  HOLLY L.K. HEFFNER (SBN: 245384)
   hheffner@grsm.com
6  YAN REN (SBN: 323200)
7  yren@grsm.com
   GORDON REES SCULLY MANSUKHANI
8  101 W. Broadway Suite 2000
9  San Diego, CA 92101
   Telephone: (619) 230-7474; Facsimile: (619) 696-7124
10
11 Attorneys for Defendants DAVID MIKKELSON and BRAD WESTBROOK

12              UNITED STATES DISTRICT COURT

13             SOUTHERN DISTRICT OF CALIFORNIA

14

15 CHRISTOPHER RICHMOND, an          CASE NO. 3:20-cv-01925-W-KSC
   individual,
16                                    **DEFENDANTS DAVID**
                                      **MIKKELSON AND BRAD**
17              Plaintiff,            **WESTBROOK'S BRIEF IN**
                                      **SUPPORT OF REQUEST FOR**
18    vs.                            **ATTORNEYS' FEES,**
                                      **PERSUANT TO ECF 38 (ORDER**
19 DAVID MIKKELSON, an individual;   **GRANTING RULE 11 MOTION)**
20 BRAD WESTBROOK, an individual;
   and DOE DEFENDANTS 1-10,          (Concurrently filed with Heffner
21 inclusive,                        Declaration)

22                                    Hearing Date: November 22, 2021
                Defendants,          [NO ORAL ARGUMENT per
23 and                               Civil Local Rule 7.1(d)(1)]

24                                    District Judge: Thomas J. Whelan
25 SNOPES MEDIA GROUP, INC.,          Magistrate Judge: Karen S. Crawford

26 Nominal Defendant.                Complaint filed: September 25, 2020
                                      FAC filed: December 2, 2020
27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

---

**BRIEF IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES    Case No.3:20-cv-01925**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   SUMMARY OF THE LITIGATION ....................................................... 2

III.  DEFENDANTS' FEES ARE REASONABLE AND PROPERLY
      AWARDED IN FULL ............................................................................. 5

      A.   The Attorney Time Spent Is Reasonable. ...................................... 6

      B.   The Attorney Hourly Rates Are Reasonable. ................................ 8

      C.   The Resultant Lodestar is Objectively Reasonable. .................... 10

IV.   CONCLUSION ..................................................................................... 11

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

**MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barjon v. Dalton*,
  132 F.3d 496 (9th Cir. 1997)...............................................................................7

*Cabrales v. Cty. of Los Angeles*,
  864 F.2d 1454 (9th Cir. 1988),
  *judgment vacated on other grounds by* 490 U.S. 1087 (1989)...........................5

*City of Burlington v. Dague*,
  505 US 557 (1992)...............................................................................................5

*Davis v. City and Cty. of San Francisco*,
  976 F.2d 1536 (9th Cir. 1992),
  *opinion vacated on other grounds by* 984 F.2d 345 (9th Cir. 1993) ...................7

*Hensley v. Eckerhart*,
  461 US 424 (1983)...............................................................................................5

*Ingram v. Oroudjian*,
  647 F.3d 925 (9th Cir. 2011)...............................................................................7

*Mandel v. Lackner*,
  (1979) 92 Cal.App.3d 747...................................................................................7

*Perdue v. Kenny A. ex rel. Winn*,
  130 S.Ct. 1662 (2010) .........................................................................................5

*Refac Int'l, Ltd. v. Hitachi Ltd.*,
  (C.D. Cal. 1991) 141 F.R.D. 281 ...................................................................5, 10

*Russell v. Foglio*,
  (2008) 160 Cal.App.4th 653 ...............................................................................7

*San Diego Comic Convention v. Dan Farr Prods.*,
  No. 14-CV-1865-AJB-JMA, 2018 WL 3217741 (S.D. Cal. July 2, 2018) ..........5

Serrano v. Unruh,
  32 Cal. 3d 621 (1982)..........................................................................................7

*Zaldivar v. City of Los Angeles*,
  780 F.2d 823 (9th Cir. 1986)...............................................................................9

**Statutes**

Business & Professions Code
  Section 17200.......................................................................................................8

California Corporations Code
  Section 317...........................................................................................................9

-ii-

California Corporations Code
  Section 709 ................................................................................................................8

**Rules**

Federal Rules of Civil Procedure
  Rule 11 ...........................................................................................3, 4, 5, 6, 9, 10

Federal Rules of Civil Procedure
  Rule 9 ...........................................................................................................2

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES          Case No.3:20-cv-01925**

1    Defendants David Mikkelson and Brad Westbrook (collectively,

2  "Defendants") respectfully submit the following brief in support of their request

3  for attorneys' fees, pursuant to ECF[1] 38 (Order granting Rule 11 motion).

4  **I.    INTRODUCTION**

5    This Court granted Defendants' Rule 11 sanctions motion on September 29,

6  finding this lawsuit, filed by Plaintiff Christopher Richmond, both frivolous and

7  improperly filed to harass Defendants.  While legally baseless, the allegations were

8  serious, including *inter alia* causes of action for fraud, aiding and abetting fraud,

9  and breach of fiduciary duties to Snopes.com – one of the oldest, most respected,

10  and publicized fact-checking websites in the United States.

11    By this lawsuit, Richmond sought to:  (i) circumvent an unfavorable

12  judgment in a pending state court action that he appealed and lost; (ii) cutoff

13  litigation funding for the defense Mr. Mikkelson, Snopes.com's founder and CEO,

14  in the state court action, (iii) continue his unwarranted assault on Defendants'

15  character in an effort turn public opinion in his favor; and, (iv) ultimately obtain

16  Mr. Mikkelson's 50% ownership interest in Snopes through an unfavorable

17  settlement of the state court action, after successfully starving Mr. Mikkelson of

18  the fund he needs to defend against Richmond's (likewise baseless) claims in that

19  lawsuit.  This Court did not take the bait, and granted Defendants' motion to

20  dismiss and motion for Rule 11 sanctions.

21    But Richmond still wins, and successfully inflicts needless injury on

22  Defendants, if the resultant fee award is less than the fees Defendants incurred in

23  defense of this lawsuit.  For these and additional reasons discussed below,

24  Defendants respectfully ask the Court to sanction Richmond, jointly and severally

25  with his counsel, Matthew Hrutkay, in the amount of **$119,340.00**, which

26

27

---

28  [1] "ECF" refers to this Court's Electronic Case File for the above-captioned matter.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES**        **Case No.3:20-cv-01925**

1  represents the lodestar figure of $109,990.00 (reasonable hours spent x reasonable

2  hourly rate) plus $9,350.00 for briefing on the issue of reasonable attorneys' fees.

3  **II.      SUMMARY OF THE LITIGATION**

4  On September 25, 2020, Richmond, a shareholder and director of Defendant

5  Snopes Media Group ("SMG"), filed a Complaint in this Court alleging:  fraud,

6  negligent misrepresentation, and unjust enrichment against director and

7  shareholder Mr. Mikkelson derivatively (i.e., on behalf of SMG); aiding and

8  abetting fraud derivatively against Messrs. Mikkelson and Westbrook (also a

9  director); and breach of fiduciary duty directly (not derivatively) against Messrs.

10  Mikkelson and Westbrook.  (ECF 1.)  Richmond filed a verified First Amended

11  Complaint ("FAC") on December 2, 2020, alleging the same causes of action.

12  (ECF 9.)

13  In short, the FAC is based on the SMG directors'[2] approval of legal fee

14  advances to Mr. Mikkelson, which, Richmond alleges, wrongfully deprived SMG

15  of funds that could have been used for operations, distributions, or reinvestment.

16  (ECF 9.)

17  By these claims, Richmond sought to relitigate in federal court matters

18  already decided in Mr. Mikkelson's favor in a pending state court action, *Proper*

19  *Media, LLC v. Snopes Media Group, Inc.*, San Diego Superior, Case No. 37-2017-

20  00016311 (the State Court Action).  More specifically, in response to Richmond's

21  Third Amended Complaint in the State Court Action (the "State Court TAC"), Mr.

22  Mikkelson filed an anti-SLAPP motion on grounds that litigation funding is

23  Constitutionally protected and that Richmond's State Court TAC lacked even

24  minimal merit.  (ECF 11-7.)  The state court granted in Mr. Mikkelson's anti-

25

26

27

28  [2] At the time in question, the SMG's Board was comprised of Defendants David
Mikkelson and Brad Westbrook.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-2-

1   SLAPP motion in its entirety.  (ECF 11-14.)  Mr. Richmond appealed the ruling.

2   (ECF 11-26.)  The Court of Appeals affirmed.  (Heffner Decl.[3] ¶ 3, Ex. A.).

3         Thus, in response to the FAC in this case, Defendants filed a motion to

4   dismiss on grounds that:  (1) the FAC is an improper effort to avoid an

5   unfavorable, final judgment in the State Court Action and is, thus, barred by *res*

6   *judicata*; (2) Richmond lacks standing to bring derivative claims because, as the

7   state court repeatedly found, Richmond is overtly hostile to SMG and, separately,

8   Richmond failed to make the requisite pre-litigation demand on SMG before filing

9   the suit; (3) Richmond's fraud and aiding and abetting fraud causes of action are

10  insufficiently plead and lack the particularity required under Rule 9(b); (4)

11  Richmond's unjust enrichment claim fails to articulate a benefit incurred at SMG's

12  expense; and, (5) Richmond has suffered no injury, however, to the extent an

13  injury is suffered, it would be shared by all shareholders, including Mr. Mikkelson,

14  and incidental to the corporation's injury such that Richmond cannot state a direct

15  (non-derivative) claim against Defendants (hereinafter, the "Motion to Dismiss").

16  (ECF 11, 11-1.)

17        Defendants supported their Motion to Dismiss with 36 records on file in the

18  State Court Action, including pleadings, the anti-SLAPP motion, demurrer

19  briefing, and various court orders, and records from Richmond's appeal of the anti-

20  SLAPP order, demonstrating the prior, extensive litigation of Richmond's

21  derivative claims, wherein Richmond lost.  (ECF 11-2 through 11-39.)

22        On January 4, 2021, Defendants served Richmond's counsel with a draft

23  Rule 11 motion advising that, if Richmond did not withdraw his FAC within the

24  21-day safe harbor period, Defendants would file the motion and seek sanctions

25  against Richmond and his counsel, Matthew Hrutkay, for filing a frivolous lawsuit

26

27

28  [3] "Heffner Decl." refers to the concurrently filed Declaration of Holly L.K.
    Heffner.

*Gordon Rees Scully Mansukhani, LLP*
101 W. Broadway, Suite 2000
San Diego, CA  92101

-3-

**MEMORANDUM OF POINTS AND AUTHORITIES**          **Case No.3:20-cv-01925**

1    in order to harass Defendants and deprive Mr. Mikkelson of the funds needed to

2    defend against Richmond's State Court Action.  (ECF 26-2, ¶ 2.)

3           In opposition to Defendants' Motion to Dismiss, on January 12, Richmond

4    filed a 20-page brief (ECF 17) supported by an attorney declaration (ECF 18), a

5    68-page objection to Defendants' request for judicial notice challenging

6    Defendants' use of the public records from the State Court Action and the Court of

7    Appeals (ECF 19), and a request for judicial notice (ECF 20).

8           On January 19, Defendants filed a reply brief (ECF 23) and an 80-page

9    response to each objection set forth in Richmond's 68-page opposition to

10   Defendants' request for judicial notice (ECF 23-1).

11          The Rule 11 safe harbor period expired on January 25, during which time

12   Richmond and Attorney Hrutkay did not withdraw the FAC; as such, on January

13   26, Defendants filed their 9-page Rule 11 Motion.  (ECF 26-2, ¶ 2.)

14          At Attorney Hrutkay's request, on February 8, the parties filed a joint

15   motion to continue the hearing on Defendants' Rule 11 Motion to extend time to

16   prepare the opposition (ECF 27), which the Court granted (ECF 28).

17          On March 18, Richmond filed a 24-page opposition to Defendants' Rule 11

18   Motion (ECF 31), supported by Richmond's 224-page declaration including

19   exhibits (ECF 31-1), two attorney declarations (ECF 31-2, 3), request for judicial

20   notice (ECF 31-7), and motion to seal (ECF 32).

21          Defendants filed their Rule 11 reply (ECF 36) and objections to Richmond's

22   evidence on March 25 (ECF 36-1).

23          On September 29, this Court granted *inter alia* Defendants' Motion to

24   Dismiss without leave to amend and granted Defendants' Rule 11 Motion (the

25   "Rule 11 Order").   (ECF 38).  In so doing, the Court made the following findings:

26
     •   "The Court agrees with Defendants' contentions that given these facts,
27       Attorney Hrutkay should have known this lawsuit was barred by res judicata
         and that the claims asserted were, therefore, legally baseless."
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-4-

- "Evidence also supports a finding that this lawsuit was filed for an improper purpose, specifically to harass Defendants."

- "Here, there is no dispute that Richmond, Snopes and Mikkelson were also parties in the State-Court Action.  Additionally, the state-court's rulings on the anti-SLAPP motions clearly struck claims based on Richmond's contention the litigation advances were unlawful, which is the same issue raised in the derivative counts in this case."

- "Thus, sanctions are appropriate against Richmond and Attorney Hrutkay on this basis."

- "For all these reasons, the Court finds Defendants have established this lawsuit is both frivolous and was filed to harass Defendants."

(ECF 38, p. 19-20.)  In accord, the Court ordered Defendants to submit the instant brief, along with supporting evidence, supporting their request for attorneys' fees incurred in this case.  (*Id.*)

## III.   DEFENDANTS' FEES ARE REASONABLE AND PROPERLY AWARDED IN FULL

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] sanction imposed under this rule may include … an order directing payment to the movant of part <u>or all</u> of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. Proc. 11(c)(4), emphasis added; *see also* Rule 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

This Court ruled that the instant lawsuit is both legally baseless and filed for the improper purpose of harassing Defendants.  (ECF 38, p. 19-20.)  Thus, this Court held, sanctions are appropriate against Attorney Hrutkay, under Rule 11(b)(2), and against both Attorney Hrutkay and Richmond, under Rule 11(b)(1).  (*Id.*); *see also* Fed. R. Civ. Proc. 11(b)(1) and (2).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

-5-

1    Because Plaintiff and Attorney Hrutkay violated Rule 11 by the very filing

2 of this lawsuit, all fees and costs incurred in its defense are a result of the

3 violations and are properly recovered.  *See e.g.*, *Refac Int'l, Ltd. v. Hitachi Ltd.*

4 (C.D. Cal. 1991) 141 F.R.D. 281, 287–88 ("The 'appropriate sanction' which

5 [plaintiff] should pay for its violation of Rule 11 is <u>all</u> of the expenses including

6 <u>attorney's fees, incurred by each and every defendant herein</u>… <u>from the time of the</u>

7 <u>filing of the complaint through claims for sanctions hereunder including attorney's</u>

8 <u>fees for moving for or joining in the Rule 11 motion</u>…" [emphasis added]).

9    To determine a reasonable attorney fee award, district courts calculate the

10 "lodestar" amount:  the product of multiplying the number of hours reasonably

11 expended on the litigation by a reasonable hourly fee. *Hensley v. Eckerhart*, 461

12 US 424, 433--437 (1983); *City of Burlington v. Dague*, 505 US 557, 561, (1992);

13 *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672-73 (2010) (noting method

14 "has achieved dominance in the federal courts" and "has become the guiding light

15 of our fee-shifting jurisprudence" (quotation and citations omitted)).

16    The number of hours Defendants' counsel expended, and their hourly rates,

17 are reasonable and their fees are properly awarded in full.

18    **A.    The Attorney Time Spent Is Reasonable.**

19    "When determining whether the number of hours expended is reasonable,

20 the following criterion may be taken into account, but each factor cannot be an

21 independent basis to reduce hours: "(1) the novelty and complexity of the issues,

22 (2) the special skill and experience of counsel, (3) the quality of representation, and

23 (4) the results obtained." *San Diego Comic Convention v. Dan Farr Prods.*, No.

24 14-CV-1865-AJB-JMA, 2018 WL 3217741, at *4 (S.D. Cal. July 2, 2018), *citing*

25 *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988) (citation

26 omitted), judgment vacated on other grounds by 490 U.S. 1087 (1989).

27    In total, Defendants Mikkelson and Westbrook incurred legal bills for

28 227.80 hours from four attorneys to defeat causes of action alleging *inter alia*

-6-

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

1    fraud, aiding and abetting fraud, and breach of their fiduciary duties as a director,

2    officer, and/or shareholder of SMG. (Heffner Decl. ¶ 16.) The allegations were

3    serious, attacked Defendants' character, threatened their reputations, and exposed

4    them to punitive damages. In other words, the stakes were high for these two

5    individuals.

6        As the California Court of Appeals confirmed, SMG is "an entity in the

7    public eye." (Heffner Decl. ¶ 3, Ex. A [Opinion Order upholding Mikkelson's

8    anti-SLAPP victory, p. 34, FN 14].) SMG's efforts to raise funds for its defense

9    and the defense of his officers and directors via a "GoFundMe" campaign

10   "presents direct evidence of the widespread public interest in the operation and

11   governance of Snopes." (*Id.*) Richmond's protracted litigation has garnered

12   significant media attention over the years. A finding against Mikkelson and/or

13   Westbrook on the asserted claims would have been publicized and harmful to

14   SMG and to Defendants individually.

15       Even more, by this action, Richmond *again* sought to cut off funding for Mr.

16   Mikkelson's defense in the pending State Court Action, and in this lawsuit, and

17   sought return of funds paid for his defense since <u>2017</u> in a case that, as of

18   September 2020, had 1,390 entries on the docket (*see* ECF 11-3 [State Court

19   Register of Actions] and is still in the pleading stage (Heffner Decl. ¶ 3).

20       Yet, as a result of the attorney hours expended: the case was dismissed on

21   the first motion without leave to amend; the Court agreed that Richmond and his

22   counsel violated Rule 11; and the Court ordered sanctions against Plaintiff and his

23   counsel. This result justifies the hours spent, especially considering the amount of

24   money at issue and the high stakes for SMG and Defendants. Even more, Attorney

25   Hrutkay, on Richmond's behalf, argued *in this case* that the subject issues were

26   both difficult and complex, stating:

27           Snopes and the Individual Defendants argue that dismissal
28           pursuant to re judicata constitutes a *de facto* Rule 11 violation.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

-7-

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

2

3

> This ignores the nuanced and differing application of principles of res judicata that many courts have repeatedly recognized as difficult to understand and complex.

4

5

6

7

(ECF 31, 2:15-19; *see also* ECF 31, 22:20-22 ("It has regularly been recognized that understanding the primary rights doctrine is difficult and confusing.").)  Thus, neither can deny that such difficulty and complexity warranted the hours spent to extract Defendants from this lawsuit.

### B.     The Attorney Hourly Rates Are Reasonable.

8

9

10

11

12

13

14

15

16

17

18

The reasonable hourly rate is determined by examining the prevailing market rates in the relevant community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992) (citation omitted), opinion vacated on other grounds by 984 F.2d 345 (9th Cir. 1993).  The relevant community is the district in which the lawsuit proceeds.  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).  The court may consider counsel's declaration together with awards in similar cases and its own knowledge and familiarity with the Southern District of California legal market in setting a reasonable hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

19

20

21

22

23

24

25

Standard billing rates carry a presumption of reasonableness.  *See, e.g., Russell v. Foglio* (2008) 160 Cal.App.4th 653, 658, 661-62 (attorney entitled to standard billing rate despite opposing party's proffered evidence that it was higher than typical); *Mandel v. Lackner* (1979) 92 Cal.App.3d 747, 761 ("The value of an attorney's time generally is reflected in his normal billing rate."), *disapproved on other grounds by Serrano,* 32 Cal. 3d 621.  Here, Defendants' counsel charged their standard billing rates.

26

27

28

GRSM's rates for this matter are within, if not lower than, the range charged by other attorneys at similar firms of comparable skill and expertise.  (Heffner Decl. ¶¶ 7-13, Ex. C).  Founded over 45 years ago, GRSM is a full-service firm

**MEMORANDUM OF POINTS AND AUTHORITIES**          Case No.3:20-cv-01925

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  focused on complex litigation and sophisticated business transactions.  It consists

2  of more than 1,000 attorneys across the U.S., and in a number of foreign

3  jurisdictions, and is the first and only law firm to have a physical office in each of

4  the 50 states.  GRSM now stands as the 24th largest firm in the United States.

5  GRSM's San Diego office consists of more than 125 attorneys.  The hourly rates

6  charged by GRSM are set to be highly competitive with other full-service peer law

7  firms.  For the Court's evaluation of the experience and quality of the team that

8  handled this litigation, attorney bios are attached to the Heffner Decl. as Exhibit C.

9  Notably, Richmond's former counsel in the State Court Action, Sheppard

10  Mullin, sought attorneys' fees at an hourly rate of $525 in 2018 for a seventh-year

11  associate's work on a discovery motion.  (*Id.*, at ¶ 14, Ex. D [Housch Decl., ¶ 46].)

12  That is, Sheppard Mullin's associate rate in 2018 for Plaintiff was nearly the same

13  as the GRSM's Partner rates ($550 and $575) for Defendants in 2021, and

14  significantly higher than Defendants' 2021 Associate rate of $350.

15  Moreover, this case cannot be considered in a vacuum.  GRSM has been

16  defending Mr. Mikkelson in this ongoing litigation saga since 2017 over multiple

17  matters, in different jurisdictions, and has skillfully obtained numerous hard-fought

18  victories therein, including without limitation:

19/20  • Won judgment against Plaintiff Proper Media, LLC (Richmond's Company) in the State Court Action (aka the "Lead Case") (ECF 11-5)

21/22  • Won judgment on Mr. Mikkelson's Cal. Corp. Code § 709 Hearing in the Lead Case (ECF 11-31)

23/24/25/26  • Won Mr. Mikkelson's anti-SLAPP Motion in the Lead Case, eliminating claims for defamation, two counts of Bus. & Prof. Code § 17200 violations, rescission, declaratory relief, and numerous standalone allegations (ECF 11-7, 11-14)

27/28  • Won Mr. Mikkelson's demurrer to Plaintiff's State Court TAC, eliminating claims of corporate waste, breach of fiduciary duty, breach of contract, and for promissory estoppel/specific performance (ECF 11-22)

-9-

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

1

2

- Won judgment on Mr. Mikkelson's sole claim for declaratory relief in the Interpleader matter, consolidated with the Lead Case (ECF 11-38)

3

4

- Won Plaintiff's consolidated appeal of the anti-SLAPP order and order granting judgement in the Interpleader (Heffner Decl., Ex. A [Order])

5

6

7

8

- Won judgment on the separate state court Complaint of Tyler Dunn (Richmond's friend and co-owner of Proper Media, LLC), filed shortly before the instant lawsuit (now on appeal), which *again* challenged the issues resolved in Mr. Mikkelson's favor via the § 709 Hearing (Heffner Decl. ¶¶ 18, 19, Ex. E and Ex. F.)[4]

9

10

- And, most recently, Defendants' won judgment in the instant matter on their motion to dismiss and were successful on their Rule 11 motion for sanctions.

11

12

13

The forgoing victories demonstrate Defense counsel's skill, experience, and effectiveness, and justify their eminently reasonable rates in this complex and hotly contested director/officer litigation.

14

### C.    The Resultant Lodestar is Objectively Reasonable.

15

16

Because the hours and the billing rates are reasonable, the resulting lodestar of $109,990.00 is likewise reasonable.

17

18

19

20

21

22

23

Beyond the lodestar calculation, however, Defendants' fees are reasonable, logical, and were necessary in the context of this litigation.  Had Richmond been successful, SMG officers, including Mr. Mikkelson, could have been liable for several millions, according to Richmond (ECF 31-1, ¶ 11), notwithstanding that, pursuant to the Corporations Code, Mr. Mikkelson is entitled to the legal fee advancements he received and, relative to his many successes, is also entitled to corporate indemnification.  *See* Corp. Code § 317(d).

24

25

26

27

28

---

[4] Recently, on August 30, 2021, and while his appeal of the state court's order sustaining Mr. Mikkelson's demurrer is pending, Mr. Dunn filed a cross-complaint in the Lead Case *yet again* challenging the state court's final judgement on the § 709 Hearing.  (Heffner Decl. ¶ 20, Ex. G.)  Mr. Mikkelson intends to demurrer again and is confident he will again succeed on *res judicata* and other grounds.

-10-

**MEMORANDUM OF POINTS AND AUTHORITIES**          **Case No.3:20-cv-01925**

1   Moreover, Richmond, and his attorneys and colleagues, clearly require a

2   significant deterrent to discourage their tireless harassment of SMG, its officers,

3   and directors, warranting payment of *all* fees incurred in this matter.  *Zaldivar v.*

4   *City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (intent of Rule 11 is to

5   address "the problem of frivolous filings" and "the problem of misusing judicial

6   procedures as a weapon for personal or economic harassment."); *Refac Int'l, Ltd.*,

7   141 F.R.D. at 287–88.

8   Defendants, in accord, hereby join in SMG's request (ECF 42, Section B, p.

9   5-7), on the grounds stated therein, that Richmond bear a significant portion of the

10   liability; such as, 75% against Richmond and the remaining $25% jointly and

11   severally with Attorney Hrutkay.

## IV.   CONCLUSION

13   As this Court held, Richmond's lawsuit was baseless and filed for the

14   improper purpose of harassing Defendants.  (ECF 38, p. 19-20.)  As a result, under

15   Rule 11, Defendants respectfully request sanctions in the amount of **$119,340.00**

16   (lodestar amount of $109,990.00 plus $9,350.00 for attorneys' fees briefing,

17   anticipated opposition, and reply) joint and severally against Plaintiff Richmond

18   and Attorney Hrutkay, to compensate Defendants for all fees incurred in this

19   matter.

20   Respectfully submitted,

21   Dated:  October 15, 2021      GORDON REES SCULLY
                                    MANSUKHANI

22

23   By:  */s/ Holly L.K. Heffner*
         Richard P. Sybert
         Holly L.K. Heffner
24       Yan Ren
         Attorneys for Defendants
25       DAVID MIKKELSON and
         BRAD WESTBROOK

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-11-