Matthew Hrutkay (SBN 297485)
HRUTKAY LAW PC
600 W. Broadway, Suite 700
San Diego, CA. 92101
matt.hrutkay@hrutkaylaw.com; 858.868.0018

Philip C. Tencer (SBN 173818)
TENCER SHERMAN LLP
12520 High Bluff Drive, Suite 230
San Diego, CA  92130
Phil@TencerSherman.com; 858.408.6900

Attorneys for Plaintiff
CHRISTOPHER RICHMOND

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND, an individual,<br>         Plaintiff,<br>v.<br>DAVID MIKKELSON, an individual; BRAD WESTBROOK, an individual; and DOE DEFENDANTS 1-10, inclusive,<br>         Defendants,<br>and<br>SNOPES MEDIA GROUP, INC.<br>         Nominal Defendant. | Case No:   3:20-cv-01925-W-KSC<br><br>DECLARATION OF PHILIP TENCER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUESTS FOR ATTORNEYS' FEES PURSUANT TO ECF 38<br><br>Judge:         Hon. Thomas J. Whelan<br>Dept.:         3C<br>Mag. Judge:   Hon. Karen S. Crawford<br>Action filed:  September 25, 2020 |

I, Philip Tencer, declare as follows:

1. I am an attorney with, and senior partner of, TencerSherma LLP, co-counsel for Plaintiff Christopher Richmond in the above-captioned matter. I am admitted to the bar of the State of California. I submit this declaration in support of the opposition to the free requests by defendant Snopes Media Group, Inc. (Snopes) (ECF 42) defendants David Mikkelson and Brad Westbrook ( the Individual Defendants) (ECF 42). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration. If called to testify, I could and would competently testify to these facts.

2. I graduated from UC San Diego in 1990, with a double major in economics and philosophy. Thereafter, I attended U.C. Berkeley School of Law, graduating in May 1994. I was an articles editor on the California Law Review and graduated in the top 10% of my class. During my first summer of law school, I externed in the Eastern District of California for Judge Edward Garcia. I took the California bar exam in July 1994, and began working as an associate at Howrey & Simon (a D.C. based firm) in that firm's Los Angeles office. After three years, I returned to San Diego and was an associate at Cooley, where I made partner and was a partner for nearly ten years.

3. Thereafter, I formed a small boutique law firm here in San Diego, which is today known as TencerSherman LLP.

4. I have been practicing in the Southern District of California for more than twenty years.

5. In or about July 2020, I was asked by Mr. Hrutkay to associate into the state court action that involves certain of the same parties to the present action. The state court parties include Mr. Richmond, his business partner (Drew Schoentrup), his company (Proper Media), Snopes, Mr. Mikkelson and two of Mr. Richmond's former business associates. Mr. Hrutkay was the only counsel for Messrs. Richmond and Schoentrup, as well as Proper Media. Before Mr. Hrutkay's

association as counsel of record, Messrs. Richmond, Schoentrup and Proper Media were represented by Sheppard Mullin.

6. Ever since I associated in as counsel of record, Mr. Hrutkay and our clients have turned to me as a sounding board and to provide perspective to issues arising in the litigation, including strategic concerns and issues involving potential claims. Mr. Hrutkay and I discussed the claims filed in this action, and the fact that the wrongdoing was first discovered following Richmond's receipt in May 2020 of the Company's 2017, 2018 and 2019 income tax returns, which revealed evidence of damage to Snopes and its shareholders. In fact, the Company's 2019 tax returns were filed in 2020 and could not have been filed any earlier than December 31, 2019.  These key facts, along with legal research conducted by my office and by Mr. Hrutkay, lead me to conclude that *res judicata* did not apply here.

7. The key facts that formed the basis for this conclusion were as follows: (1) the anti-SLAPP decision was issued on August 19, 2019; and (2) the underlying facts did not exist at the time that the state court action was filed and certainly did not exist when the state court issued its anti-SLAPP decision in August 2019 because the 2019 tax returns, and at least 40% of the financial information contained therein, took place thereafter. As such, at a minimum, res judicata could not act as a bar to the claims arising from actions occurring in 2019, as reflected in Snopes' 2019 tax returns, filed in 2020.

8. Throughout my association in this matter and the state court action, I have observed Mr. Hrutkay approach to litigation and have found him to be thoughtful and cautious. I believe Mr. Hrutkay acted in good faith with respect to litigating the claims and defenses before this Court and the California Superior Court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my

knowledge and that this declaration was executed on this 16th day of November, 2021, at San Diego, California.

By: _____
PHILIP TENCER