UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RICHMOND,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID MIKKELSON and BRAD WESTBROOK,<br><br>　　　　　　　　　　Defendants<br><br>and<br><br>SNOPES MEDIA GROUP, INC.,<br><br>　　　　　　　　　　Nominal Defendant. | Case No.:  20-cv-1925 W (KSC)<br><br>**ORDER GRANTING JOINT MOTION [DOC. 71] TO:**<br><br>**(1) VACATE IN PART ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR RULE 11 SANCTIONS [DOC. 38]; AND**<br><br>**(2) VACATE IN FULL ORDER AWARDING SANCTIONS UNDER RULE 11 [DOC. 62]** |

Pending before the Court is the parties' joint motion to (1) vacate in part the September 29, 2021 order granting Defendants' motions to dismiss and motions for rule 11 sanctions and (2) vacate in full the January 25, 2025 order awarding sanctions against Plaintiff and his attorney.  The Court decides the matter on the papers submitted and without oral argument.  See Civ.L.R. 7.1d1.  For the reasons that follow, the Court will **GRANT** the joint motion [Doc. 71].

1

**I.     DISCUSSION**

On September 29, 2021, this Court granted Defendants' motions to dismiss and motions for Rule 11 sanctions against Plaintiff Christopher Richmond and his attorney, Matthew Hrutkay (the "Dismissal/Rule 11 Order" [Doc. 38]). On January 25, 2022, this Court sanctioned Richmond in the amount of $30,000 and Hrutkay in the amount of $10,000, payable towards Defendants' attorneys' fees (the "Sanction Order" [Doc. 62]). Richmond and Hrutkay appealed the orders.

While the appeal was pending, the parties reached a global settlement of "this and several other disputes between them, including those pending in state court." (*P&A* [Doc. 71-1] 3:8–11.) The parties now move jointly under Federal Rule of Civil Procedure 60(b) to vacate (1) in part the Dismissal/Rule 11 Order and (2) in full the Sanction Order. (*Id.* 3:14–16.)

Rule 60(b) provides, in relevant part,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Although the rule "provides the basis for a district court's vacation of judgments when the equities so demand, … it does not establish what substantive standards should be employed." Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1168 (9th Cir.1998); see Fed.R.Civ.P. 60(b).

In Dilley v. Gunn, 64 F.3d 1368 (9th Cir. 1995), the Ninth Circuit explained that two equitable considerations govern a district court's decision on whether to vacate: "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" Id. at 1371 (quoting Ringsby Truck Lines Inc. v. Western Conference of

Teamsters, 686 F.2d 720, 722 (9th Cir. 1982)).  Ultimately, "granting or denial of [60(b)] motions is left largely to the discretion of the district court."  Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975).  "Although it may vacate a judgment upon settlement, 'a district court is not required to vacate a judgment pursuant to settlement, otherwise, 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'"  Click Entertainment v. JYP Entertainment Co. Ltd, 2009 WL 3030212, *2 (D. Hawaii 2009) (citing Bates v. Union Oil Co. of California, 944 F.2d 647, 650 (9th Cir.1991)).

  Here, although the settlement is not contingent on granting the parties' joint motion, it is a term of the settlement and represents part of the consideration for the parties' global resolution of the numerous disputes between them. (*P&A* 3:14–16.)  To the extent courts "should, where appropriate, support the negotiations and terms of settlement," the Court agrees that the policy of encouraging settlement weighs in favor of granting the motion.  See Click Entertainment, 2009 WL 3030212, *2 (citing Ahern v. Central Pacific Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988)).  Additionally, because the global resolution of the parties' disputes was not contingent on the success of this joint motion, it does not appear that the primary motive for entering the settlement was vacating the Sanction Order and vacating, in part, the Dismissal/Rule 11 Order.  This also weights in favor of granting the motion.  Id. at *3 (citing Am. Games, 142 F.3d at 1170 (affirming decision vacating judgement based, in part, on finding that the possibility of vacating the judgment was not the primary motive of conduct rendering action moot)).  Finally, because the motion was jointly filed by the parties, the Court finds there will be no hardships in granting the motion.  Id.

  As regard to the second consideration, the parties are not seeking to vacate the part of the Dismissal/Rule 11 Order that dismissed Plaintiff's action with prejudice. (*P&A* 4:19–20.)  Additionally, according to the joint motion, the parties' global settlement was conditioned on the "waiver of all known or unknown claims arising from or related to the

facts in the underlying action." (*Id.* 4:19–24.) Thus, the Court finds there is no concern with regard to the competing considerations of finality of judgment and relitigation of unreviewed disputes.

## II.     CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** the joint motion [Doc. 71] and **ORDERS** as follows:

- the September 29, 2021 order granting Defendants' motions to dismiss and motions for Rule 11 sanctions [Doc. 38] is **VACATED** to the extent it awarded sanctions against Plaintiff and his attorney, and

- the January 25, 2022 order awarding sanctions under Rule 11 [Doc. 62] is **VACATED** in full.

**IT IS SO ORDERED.**

Dated:  November 21, 2022

_____
Hon. Thomas J. Whelan
United States District Judge